# PHILLIPS, McLAUGHLIN & HALL, P.A.

ATTORNEYS AT LAW

JOHN C. PHILLIPS, JR.
LISA C. McLAUGHLIN+
JAMES P. HALL
DAVID A. BILSON***
MEGAN C. HANEY
TODD L. GOODMAN
PAUL S. SEWARD***

PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DELAWARE 19806

(302) 655-4200
(302) 655-4210 (F)
pmhdelaw.com

ALSO MEMBER OF
*PENNSYLVANIA BAR
**NEW JERSEY BAR
+MARYLAND BAR

November 2, 2021

*Via CM/ECF*

The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26
Room 6124
Wilmington, DE 19801-3555

   RE: *Azurity Pharm., Inc. v. Bionpharma Inc.*, C.A. No. 21-1286-LPS (D. Del.)

Your Honor:

  We, along with our co-counsel, Taft Stettinius & Hollister, LLP, represent Defendant Bionpharma Inc. ("Bionpharma") in connection with the above-entitled action. We respectfully write to provide the Court with a citation of supplemental authority in connection with Bionpharma's pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (D.I. 8) ("Bionpharma's Motion to Dismiss").

  In opposing Bionpharma's Motion to Dismiss, Plaintiff Azurity has criticized Bionpharma's reliance on case law dealing with the judicially-created doctrine of obviousness-type double patenting to establish that the claims of the '023 patent are patentably indistinct from, and thus have essentially the same patentable scope as, the claims of the First and Second Wave Patents.[1] D.I. 48, Azurity's Br. in Opp'n to Bionpharma's Mot. to Dismiss at 13-16. Specifically, Azurity argues that "Bionpharma improperly argues that the claims of the '023 patent are anticipated or rendered obvious by certain claims of the [First and Second Wave Patents], and incorrectly equates that anticipation/obviousness analysis to a finding that the scopes of the claims are the same." *Id*. at 15 (internal emphasis omitted).

  A recent decision by a court in the District of Minnesota, *Corning Incorporated v. Wilson Wolf Manufacturing Corp.*, Civil No. 20-700 (DWF/TNL), 2021 WL 5013613 (D. Minn. Oct. 28,

---

[1] *See* D.I. 8-1, Bionpharma's Motion to Dismiss Br. at Table of Abbreviations for an identification of the First and Second Wave Patents, which can be found as Exhibits C-F and K-M of the July 13, 2021 Declaration of Roshan P. Shrestha, Ph.D. (D.I. 9).

The Honorable Leonard P. Stark
Page 2 of 2

2021) (attached hereto as Exhibit A), undermines Azurity's criticism and supports Bionpharma's argument that, because the '023 patent claims are anticipated or rendered obvious by, and are therefore patentably indistinct from, the claims of the First and Second Wave Patents, Azurity asserts in the instant action "essentially the same" patent rights that the parties litigated in connection with the First and Second Wave Suits,[2] and thus claim preclusion bars the instant suit. In *Corning*, the court denied a motion to dismiss the accused infringer's declaratory judgment claim of non-infringement based on claim preclusion, and expressly noted that:

> In *SimpleAir*, the Federal Circuit explained that 'claims that are patentably indistinct are essentially the same.' [*SimpleAir*,] 884 F.3d at 1167. **The Federal Circuit also recognized that the inquiry into whether claims are 'patentably indistinct' is rooted in the doctrine of obviousness-type double patenting**. *Id*. at 1167-68. **Thus, it is appropriate to look to the doctrine of obviousness when considering whether claims are patentably indistinct**.

Ex. A, *Corning*, 2021 WL 5013613, at *9 n.12 (emphasis added).

\*   \*   \*

We thank the Court for its continued consideration of this matter.

Respectfully submitted,

*/s/ John C. Phillips, Jr.*

John C. Phillips, Jr. (#110)

cc: All Counsel of Record (via CM/ECF)

---

[2] *Silvergate Pharm., Inc. v. Bionpharma Inc.*, C.A. Nos. 18-1962-LPS, 19-1067-LPS, and 20-1256-LPS (D. Del.).