# PHILLIPS, McLAUGHLIN & HALL, P.A.

ATTORNEYS AT LAW

JOHN C. PHILLIPS, JR.
LISA C. McLAUGHLIN+
JAMES P. HALL
DAVID A. BILSON***
MEGAN C. HANEY
TODD L. GOODMAN
PAUL S. SEWARD***

ALSO MEMBER OF
*PENNSYLVANIA BAR
**NEW JERSEY BAR
+MARYLAND BAR

PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DELAWARE 19806

(302) 655-4200
(302) 655-4210 (F)
pmhdelaw.com

December 13, 2021

*Via CM/ECF*

The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26
Room 6124
Wilmington, DE 19801-3555

   RE: *Azurity Pharm., Inc. v. Bionpharma Inc.*, C.A. No. 21-1286-LPS (D. Del.)
      *Azurity Pharm., Inc. v. Bionpharma Inc.*, C.A. No. 21-1455-LPS (D. Del.)

Your Honor:

  We, along with our co-counsel, Taft Stettinius & Hollister, LLP, represent Defendant Bionpharma Inc. ("Bionpharma") in connection with the above entitled actions ("Third Wave Suits"). We respectfully write to inform the Court of an attempt by Plaintiff Azurity Pharmaceuticals, Inc. ("Azurity") to circumvent this Court's authority, yet again,[1] and to deprive Bionpharma of the claim preclusion defense raised in Bionpharma's currently pending Motion to

---

[1] After losing the First Wave Suits (*Silvergate Pharm., Inc. v. Bionpharma Inc.*, C.A. Nos. 18-1962-LPS, 19-1067-LPS (D. Del.)) and the Second Wave Suit (*Silvergate Pharm., Inc. v. Bionpharma Inc.*, C.A. No. 20-1256-LPS (D. Del.)), Azurity filed the first of the Third Wave Suits—C.A. No. 21-1286—in New Jersey Federal court (21-1286 D.I. 1), and vigorously opposed a § 1404(a) transfer motion Bionpharma filed (21-1286 D.I. 7) to transfer that case back here, going so far as to argue to the New Jersey court that the 21-1286 action was not related to the First and Second Wave Suits, or to any of the other enalapril liquid patent litigations that are currently pending in this Court. *See* 21-1286 D.I. 31, Azurity's Opp'n to Def.'s Mot. to Transfer at 3-6. However, after the New Jersey court granted Bionpharma's transfer motion and sent the case here (21-1286 D.I. 57), Azurity filed a letter with Your Honor's Clerk's Office finally acknowledging that the 21-1286 action was in fact related to the First and Second Wave Suits and the other pending enalapril liquid patent litigations. 21-1286 D.I. 63, Sept. 14, 2021 Ltr. from M. Dellinger to J. Cerito, Clerk of the Court.

The Honorable Leonard P. Stark
December 13, 2021
Page **2** of **3**

Dismiss the First Amended Complaint in C.A. No. 21-1286 and the Complaint in C.A. No. 21-1455 (21-1286 D.I. 97; 21-1455 D.I. 12) ("Bionpharma's Motion to Dismiss").

      As explained in Bionpharma's Opening Brief in Support of its Motion to Dismiss, Azurity, sensing that it might not win its TRO/PI Motion,[2] which sought to remove Bionpharma's ANDA product from the market after it was lawfully launched, sued CoreRx, Inc., the company that Bionpharma contracted with to develop Bionpharma's ANDA product and that currently commercially manufactures Bionpharma's ANDA product, both here and in Florida.[3] On November 26, 2021, Azurity voluntarily dismissed both the Florida and Delaware CoreRx Suits by notices of dismissal.[4] By operation of law, the second of those two voluntary dismissals was a adjudication upon the merits and, thus, a with prejudice dismissal of Azurity's infringement claims against CoreRx and, in particular, Bionpharma's ANDA product. FED. R. CIV. P. 41(a)(1)(B). Because Bionpharma and CoreRx are in privity with respect to Bionpharma's ANDA product and Azurity's '023 and '405 patent infringement claims, Bionpharma filed its Motion to Dismiss the Third Wave Suits. 21-1286 D.I. 97; 21-1455 D.I. 12.

      Late last Friday, after the close of business, Azurity filed in the Florida CoreRx suit a Joint Motion to Reopen Case for Limited Purpose of Correcting Dismissal (attached hereto as Ex. A, "Joint Motion to Reopen"). Just a few hours later, Bionpharma moved to intervene in the Florida CoreRx suit as a defendant. Ex. B, Third-Party Bionpharma's Mot. to Intervene and Mem. Of Law in Support ("Bionpharma's Fla. Mot. to Intervene"). As explained in Bionpharma's Florida Motion to Intervene, Bionpharma does not seek to reopen the Florida CoreRx suit; Bionpharma only seeks to intervene in the Florida CoreRx suit to oppose Azurity's Joint Motion to Reopen, which seeks to deprive Bionpharma of the claim preclusion defense raised in Bionpharma's Motion to Dismiss. Ex. B, Bionpharma's Fla. Mot. to Intervene at 1-2.

      If Bionpharma is allowed to intervene in the Florida CoreRx suit to oppose the Joint Motion to Reopen that suit, Bionpharma intends to explain to the Florida court that Azurity's Joint Motion to Reopen should be denied because, *inter alia*, Azurity's Florida and Delaware CoreRx suits were never about enforcing legitimate patent rights—instead, having failed to keep Bionpharma's ANDA product off the market with its enalapril liquid patents, Azurity is now misusing the Federal courts in furtherance of an anticompetitive scheme to remove Bionpharma's ANDA product from

---

[2] 21-1286 D.I. 24, Pl. Azurity's Mot. for an Order to Show Cause for Temporary Restraints, Prelim. Inj., and other Emergent Relief ("Azurity's TRO/PI Mot.").

[3] 21-1286 D.I. 98, Bionpharma's Br. in Support of its Mot. to Dismiss ("Bionpharma's MTD Br.") at 4-5; 21-1286 D.I. 98-1, Bionpharma's MTD Br. Ex. A, *Azurity Pharm., Inc. v. CoreRx, Inc.*, No. 8:21-cv-2515 (M.D. Fla.) ("Florida CoreRx suit"), D.I. 1, Compl. (without attachments); *Azurity Pharm., Inc. v. CoreRx, Inc.*, C.A. No. 21-1522-LPS (D. Del.) ("Delaware CoreRx suit"), D.I. 1, Compl.

[4] 21-1286 D.I. 98-2, Bionpharma's MTD Br. Ex. B, Florida CoreRx suit, D.I. 16, Notice of Dismissal without Prejudice; Delaware CoreRx suit, D.I. 6, Notice of Dismissal without Prejudice.

The Honorable Leonard P. Stark
December 13, 2021
Page **3** of **3**

the market. Specifically, earlier this year, the private equity firm that owns Azurity—NovaQuest Capital Management ("NovaQuest")—acquired CoreRx. *See* Ex. B, Bionpharma's Fla. Mot to Intervene at Exs. B-D. Thus, as Azurity and CoreRx are sister companies under common ownership, there was never any justiciable case or controversy between adverse litigants sufficient to support subject matter jurisdiction over Azurity's patent infringement claims against CoreRx in either of the Delaware and Florida CoreRx suits. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). And Azurity was never going to hold its sister company, CoreRx, responsible for patent infringement damages. Instead, upon information and belief, Azurity filed these sham suits against CoreRx in Delaware and Florida with the intention of, *inter alia*: (1) securing a judgment against CoreRx, through an orchestrated default (or "settlement"), that CoreRx could use as an excuse to stop performing under the contract CoreRx has to commercially manufacture and supply Bionpharma's ANDA product; and (2) as a pretense for Azurity, through CoreRx, to renegotiate the MMSA and demand terms that Bionpharma could not accept. Under either scenario, the outcome is the same: Azurity would do through anticompetitive behavior involving misuse of the Federal courts what it could not do through assertion of its weak intellectual property—secure removal of Bionpharma's ANDA product from the market.

Likely realizing the implications of, and the liability it was incurring in connection with, its anticompetitive strategy of filing sham litigation in the Federal courts against a sister company, Azurity voluntarily dismissed the CoreRx suits, but now seeks to remove one of those voluntary dismissals because it did not appreciate the implications under Fed. R. Civ. P. 41(a)(1)(B) and the "two dismissal rule." Bionpharma will vigorously oppose Azurity's attempt to once again misuse the Federal courts by requesting that its sham Florida CoreRx suit be reopened so that it can alter the form of its dismissal and deprive Bionpharma of its new claim preclusion defense.

Azurity has not yet moved this Court for vacatur of the notice of dismissal it filed in the Delaware CoreRx suit (21-1522); should it do so, Bionpharma will move to intervene in that suit as well to oppose and would request that the Court not act on any such request from Azurity until the matter is fully briefed.

Respectfully submitted,

/s/ John C. Phillips, Jr.

John C. Phillips, Jr. (#110)

cc: All Counsel of Record (via CM/ECF)