IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AZURITY PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 21-1286-LPS |
| | ) | C.A. No. 21-1455-LPS |
| v. | ) | |
| | ) | REDACTED - PUBLIC VERSION |
| BIONPHARMA INC., | ) | |
| | ) | |
| Defendant. | ) | |

**AZURITY PHARMACEUTICALS, INC.'S OPPOSITION TO DEFENDANT
BIONPHARMA, INC.'S SECOND MOTION TO DISMISS**

*OF COUNSEL:*

Wendy L. Devine (wdevine@wsgr.com)
Kristina M. Hanson (thanson@wsgr.com)
Nicholas Halkowski (nhalkowski@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI, P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
T: (415) 947-2000

Natalie J. Morgan (nmorgan@wsgr.com)
Evan Sumner (esumner@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI, P.C.
12235 El Camino Real, Suite 200
San Diego, CA 92130
T: (858) 350-2300

Ty W. Callahan (tcallahan@wsgr.com)
Granville C. Kaufman (gkaufman@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
T: (323) 210-2900

Originally Filed:  December 20, 2021
Redacted Version Filed:  December 22, 2021

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
T: (302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiff Azurity
Pharmaceuticals, Inc.*

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     NATURE AND STAGE OF THE PROCEEDINGS ......................................... 1

III.    THE CORERX SUITS ....................................................................................... 2

IV.     SUMMARY OF THE ARGUMENT ................................................................ 4

V.      ARGUMENT ...................................................................................................... 4

        A.      Legal Standards.................................................................................... 4

        B.      Bionpharma's Motion to Dismiss Should Be Denied........................... 6

                1.      The "two-dismissal" rule does not apply .................................. 6

                2.      Bionpharma is not in privity nor interrelated with CoreRx ............................. 7

                        a.  Bionpharma's cited cases are not supportive ................... 9

                        b.  The proper test shows Bionpharma is not in privity with CoreRx ............. 11

VI.     CONCLUSION................................................................................................ 13

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## CASES

*CAC Mar., Ltd. v. Redbrick Ventures, Ltd.*, No. 21-202-RGA,
  2021 WL 3048405 (D. Del. July 20, 2021) ........................................................4, 6

*Catbridge Mach., LLC v. Cytec Engineered Materials Inc.*, No. 12-137 (SDW),
  2012 WL 2952434 (D.N.J. Apr. 19, 2012) ...................................................................6

*Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*,
  571 F.3d 299 (3d Cir. 2009) ......................................................................................10, 11

*Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*,
  534 F.2d 1012 (2d Cir. 1976) .........................................................................................4, 6

*S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*,
  567 F. App'x 945 (Fed. Cir. 2014) .................................................................................8

*Sai Ram Imports Inc. v. Meenakshi Overseas LLC*, No. 17-11872 (JLL),
  2018 WL 2045996 (D.N.J. May 1, 2018) ..............................................................8, 9, 10

*St. Clair Intellectual Prop. Consultants Inc. v. Samsung Elecs. Co.*, No. 12-69-
  LPS, 2020 WL 6799261 (D. Del. Nov. 19, 2020) ...............................................5, 11, 12

*St. Clair Intellectual Prop. Consultants v. Samsung Elecs. Co.*,
  291 F.R.D. 75 (D. Del. 2013) ...................................................................................4, 5, 11

*Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co.*,
  826 F.2d 637 (7th Cir. 1987) ......................................................................................4, 6

*Sysco Corp. v. Chi-Chi's, Inc.*,
  338 B.R. 618 (Bankr. D. Del. 2006) ......................................................................5, 6, 7

*Taylor v. Sturgell*,
  553 U.S. 880 (2008) ...............................................................................................5

*Trustees of Boston Univ. v. Kingbright Elec. Co.*,
  427 F. Supp. 3d 246 (D. Mass. 2019) .........................................................................8

*United States v. Ford Motor Co.*,
  463 F.3d 1267 (Fed. Cir. 2006) .....................................................................................11

*Watson v. Mylan Pharm., Inc.*, No. 18-04137-CM-JPO,
  2019 W.L. 3252745 (D. Kan. July 18, 2019) ..........................................................8, 9, 10

**STATUTES**

35 U.S.C. § 271(e)(2)(A) ...............................................................................................................10

**RULES**

Fed. R. Civ. P. 41(a)(1)(A)(i) ........................................................................................................3

Fed. R. Civ. P. 41(a)(1)(B) ........................................................................................................7, 8

## I.     INTRODUCTION

Plaintiff Azurity Pharmaceuticals, Inc. ("Azurity") respectfully opposes Defendant Bionpharma, Inc.'s ("Bionpharma") Motion to Dismiss for Failure to State a Claim.  D.I. 97 & 98.[1]  Bionpharma's arguments are without merit and contrary to the case law; its motion should therefore be denied.

Bionpharma makes two arguments, both of which are wrong.   Bionpharma first argues Azurity's dismissals of its claims against CoreRx, Inc. ("CoreRx") serve as an "adjudication upon the merits," but this contravenes both the nature of the dismissals and case law.  Both actions against CoreRx were dismissed pursuant to an agreement between the parties, not the unilateral action of Azurity, and therefore the "two-dismissal" rule is inapplicable.  Bionpharma's second argument builds on its first erroneous argument and asserts that these dismissals apply to Bionpharma, a nonparty.   But this argument also runs afoul of established law and privity principles.  Even if the two-dismissal rule applies, which it does not, the rule would not apply to Bionpharma as Bionpharma is a nonparty not in privity with CoreRx.  Thus, Bionpharma's second attempt to dismiss this case should be rejected and its motion denied.

## II.     NATURE AND STAGE OF THE PROCEEDINGS

Azurity filed suit on June 22, 2021 alleging infringement of U.S. Pat No. 11,040,023 (the "'023 Patent") in the District of New Jersey.  D.I. 1.[2]  The case was subsequently transferred to the District of Delaware.  D.I. 57.  Prior to transfer, Bionpharma filed its First Motion to Dismiss

---

[1] Citations to docket entries are to the docket for C.A. No. 21-1286-LPS unless otherwise noted.

[2] Azurity also filed suit on October 15, 2021 alleging infringement of U.S. Pat. No. 11,141,045 (the "'045 Patent") (21-1455 D.I. 1) (with the '023 Patent, the "Asserted Patents").  Notably, both actions were filed before the CoreRx suits.

on claim preclusion grounds.  D.I. 8.  After oral argument on November 10, 2021, this motion was denied.  D.I. 87.  Azurity's Amended Complaint was entered on November 10, 2021.  D.I 73; D.I. 87.

After oral argument on November 10, 2021, the Court ordered the parties to submit a litigation schedule on or before November 23, 2021.  On the Friday before the schedule was to be submitted, Bionpharma asked Azurity for a courtesy 2-week extension to both Bionpharma's answer and the submission of a schedule to December 7, 2021.  D.I. 94; D.I. 95.  On December 6, 2021, instead of filing its answer, Bionpharma filed the instant Second Motion to Dismiss, this time arguing Azurity's complaint fails to state a claim upon which relief can be granted.  D.I. 97.

## III.   THE CORERX SUITS

CoreRx manufactures and sells Bionpharma's ANDA Product to Bionpharma.  Ex. A (*Azurity Pharmaceuticals, Inc. v. CoreRx, Inc.*, No. 21-2515, D.I. 1 (M.D. Fla. Oct. 26, 2021)), ¶ 20.  On October 26, 2021, Azurity sued CoreRx in the Middle District of Florida for infringement of the '023 and '045 Patents.  *Id.*  CoreRx is incorporated and has its principal place of business in Florida.  *Id.*, ¶¶ 3, 6.  Summons for this suit were returned executed on November 2, 2021.  No. 21-2515 D.I. 11.  On October 27, 2021, Azurity sued CoreRx in the District of Delaware based on the same acts of infringement.  *Azurity Pharmaceuticals, Inc. v. CoreRx, Inc.*, No. 21-1522, D.I. 1 (D. Del. Oct. 27, 2021).  Azurity filed this second suit against CoreRx because CoreRx's alleged infringing product was the same product at issue in two other pending litigations Azurity had filed against Bionpharma in the District of Delaware.  *Id.*, ¶ 6.

Ultimately, no battle ensued over which jurisdiction was the appropriate forum for the CoreRx action because Azurity and CoreRx were able to reach a mutual agreement that resolved

the suits.[3]  As CoreRx had not appeared in either case, with consent from CoreRx, Azurity styled the agreed-upon dismissals as "notices" in accordance with Fed. R. Civ. P. 41(a)(1)(A)(i). Declaration of Amit M. Patel ("Patel Decl."), ¶ 7; Ex. B (M.D. Fla. No. 21-2515 D.I. 16, Notice of Dismissal); D. Del. No. 21-1522 D.I. 6.  After Bionpharma filed the instant Motion to Dismiss, Azurity and CoreRx jointly moved to reopen the case in the Middle District of Florida for the sole purpose of submitting a stipulated dismissal to reflect more accurately the joint nature of the dismissal.[4]  Ex. C (M.D. Fla. No. 21-2515 D.I. 18, Joint Motion to Reopen and Joint Stipulation of Dismissal).

Bionpharma, understanding and admitting that a stipulated dismissal between Azurity and CoreRx precludes its motion to dismiss against Azurity, moved to intervene.  Ex. D (M.D. Fla. No. 21-2515 D.I. 21, Bionpharma's Motion to Intervene).  Bionpharma did so because, as acknowledged in its filing, it cannot maintain this motion to dismiss in the face of the parties' joint dismissal.  However, Bionpharma's attempt to intervene does not have any effect on the intended nature of the joint dismissal, *i.e.*, to dismiss the action pursuant to the agreement between Azurity and CoreRx, as evidenced by the joint filing itself.  Azurity will oppose Bionpharma's motion to intervene and will file its opposition brief on or before December 27, 2021.

---

[3] Pursuant to the terms of the agreement, Azurity is prohibited from disclosing the agreement; however, if this Court requires production of the agreement, Azurity will provide a copy consistent with its obligations under the agreement.

[4] Bionpharma filed a letter to the Court on December 13, 2021 allegedly updating the Court regarding the status of the Florida action against CoreRx.  D.I. 103.  While Azurity agrees that changing the nature of the dismissal on the record in that action to a stipulated joint dismissal moots Bionpharma's instant motion, Azurity resoundingly disputes the rest of Bionpharma's incorrect and untrue allegations. Azurity looks forward to addressing those spurious allegations at the appropriate time or at the Court's request.

(continued...)

Further demonstrating its adverse position *vis-á-vis* CoreRx, Bionpharma recently filed an action against CoreRx in the District Court for the Southern District of New York for breach of contract. Ex. E. In that action, Bionpharma alleges CoreRx is in breach of the supply agreement between Bionpharma and CoreRx. *Id.*, ¶ 26. This agreement was for CoreRx to manufacture and sell product to Bionpharma. *Id.*, ¶ 19. CoreRx has notified Bionpharma that CoreRx will not be able to supply CoreRx with that product. *Id.*, ¶ 17.[5]

## IV.    SUMMARY OF THE ARGUMENT

Bionpharma's argument fails on all counts. As both dismissals of the CoreRx suit were pursuant to an agreement between the parties and not a unilateral decision by Azurity, the "two-dismissal" rule does not apply. Even assuming, *arguendo*, the "two-dismissal" does apply and the second dismissal against CoreRx acted as an adjudication on the merits, the result does not extend to Bionpharma as Bionpharma was a nonparty to Azurity's suits against CoreRx, nor is Bionpharma the same, substantially the same, or in privity with CoreRx.

## V.    ARGUMENT

### A.    Legal Standards

With respect to the "two-dismissal" rule, the party attempting to invoke the rule must prove its applicability by a preponderance of the evidence. *St. Clair Intellectual Prop. Consultants v. Samsung Elecs. Co.*, 291 F.R.D. 75, 78-79 (D. Del. 2013). As the penalty associated with the "two-dismissal" rule is severe, courts must be careful to strictly construe the rule to avoid extending "the scope of such a narrow exception when the purpose for the exception would not be served." *Id.* at 79 (quoting *Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co.*, 826 F.2d 637, 640 (7th Cir. 1987)); *see also CAC Mar., Ltd. v. Redbrick Ventures, Ltd.*, No. 21-202-RGA, 2021 WL

---

[5] CoreRx also notified Bionpharma that CoreRx will be unable to fulfill the entire order of Bionpharma's product to Bionpharma. *Id.*, ¶ 22.

3048405, at *1 (D. Del. July 20, 2021) ("Where the purpose behind the 'two dismissal' exception would not appear to be served by its literal application, and where that application's effect would be to close the courthouse doors to an otherwise proper litigant, a court should be most careful not to construe or apply the exception too broadly.") (quoting *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1017 (2d Cir. 1976)).

Where the parties mutually agree to dismiss, despite the dismissals being styled as a notice, the two-dismissal rule is inapplicable:

> A second dismissal as contemplated by this provision preceded by a dismissal by stipulation knowingly consented to by all the parties ***does not trigger the two dismissal rule***. The rationale for this exception stems from the underlying policy of the rule. The primary purpose of the "two dismissal" rule is to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of defendant's responsive pleading. However, the danger of abuse of this right lessens when the original dismissal stems from mutual agreement.

*Sysco Corp. v. Chi-Chi's, Inc.*, 338 B.R. 618, 624 (Bankr. D. Del. 2006) (emphasis added); *see id.* at 627 (holding movant had not shown the "two-dismissal" rule to be applicable and declining to apply the rule).

If a third party alleges the preclusive effects of the "two-dismissal" rule extend to the third party, a court applies the "two-dismissal" rule if the third party is "the same, substantially the same, or in privity" with the prior defendant or the two entities are "sufficiently interrelated so that they share the same legal rights." *St. Clair*, 291 F.R.D. at 78. This Court has looked to the *Taylor* factors to determine whether the "two-dismissal" rule should be extended to a third party:

> (1) where a non-party agreed to be bound to the prior judgment; (2) where there is a preexisting substantive legal relationship between the non-party and the party; (3) where the non-party was adequately represented by someone with the same interests as the non-party; (4) where the non-party assumed control of the litigation leading to the prior judgment; (5) where the non-party would otherwise be relitigating through a proxy; and (6) where a special statutory scheme applies.

*St. Clair Intellectual Prop. Consultants Inc. v. Samsung Elecs. Co.*, No. 12-69-LPS, 2020 WL 6799261, at *4 (D. Del. Nov. 19, 2020) (citing *Taylor v. Sturgell*, 553 U.S. 880, 893-95 (2008) (internal quotations omitted).

      **B.**      **Bionpharma's Motion to Dismiss Should Be Denied**

              **1.**      **The "two-dismissal" rule does not apply**

The dismissals against CoreRx cannot operate as an adjudication on the merits because both dismissals stemmed from an agreement between the parties, not a unilateral decision by Azurity to dismiss the action.  The "two-dismissal" rule protects defendants from a plaintiff filing numerous lawsuits, only to subsequently dismiss these lawsuits unilaterally, thereby harassing the defendant and burdening the judicial system.  *CAC Mar.*, 2021 WL 3048405 at *1; *Catbridge Mach., LLC v. Cytec Engineered Materials Inc.*, No. 12-137 (SDW), 2012 WL 2952434, at *5 (D.N.J. Apr. 19, 2012); *Sysco*, 338 B.R. at 625 ("The purpose of the 'two dismissal' rule, pointed out in numerous decisions, is to prevent unreasonable abuse and harassment, by plaintiff securing numerous dismissals without prejudice.") (quoting *Sutton Place*, 826 F.2d at 640).  That is clearly not what transpired here as the parties resolved the litigation by mutual agreement.  Patel Decl., ¶ 6.

When a plaintiff's actions, regardless of how the dismissal is styled, are the result of an agreement between the parties, the rationale underlying the "two-dismissal" rule is moot and its enforcement improper.  *See CAC Mar.*, 2021 WL 3048405 at *3 (declining to construe two previous dismissals as "strictly voluntary dismissals under Rule 41(a)(1)" when doing so "would do injustice . . . and run contrary to the 'basic purpose of the Federal Rules to administer justice through fair trials'") (quoting *Poloron Prods.*, 534 F.2d at 1017); *Sysco*, 338 B.R. at 624-25 (explaining that the "two-dismissal" rule does not apply if "the first dismissal was in essence, if not in form, by stipulation").

Here, although Azurity's dismissals of its suits against CoreRx in Florida and Delaware were styled as a notice of dismissal, both were pursuant to the mutual agreement between the parties, *not* the unilateral action by the plaintiff needed to invoke the "two-dismissal" rule. As a result, the reason for the rule—to restrict a plaintiff's ability to file numerous lawsuits only to voluntarily dismiss the complaints before the defendant has time to respond—is not implicated. Azurity filed two lawsuits against CoreRx to enforce Azurity's intellectual property rights under federal law. Because Azurity's litigation against Bionpharma in Delaware involved the same infringing product—the generic version of Epaned® manufactured by CoreRx—Azurity filed a complaint against CoreRx in Delaware. No. 21-1522 D.I. 1, ¶ 6. However, as CoreRx is a Florida corporation with its place of business in Florida, Azurity also filed suit in the Middle District of Florida. Ex. A, ¶ 6. Azurity and CoreRx subsequently resolved their dispute by mutual agreement. Patel Decl., ¶ 6. This is further evidenced by the fact that the parties filed a stipulation of a joint dismissal of the suits. Ex. C. Regardless of the timing of this stipulation, it evidences the parties' clear intent to dismiss the actions pursuant to a mutual agreement. *See Sysco*, 338 B.R. at 624-25. Therefore, although both originally-filed dismissals were characterized as a "notice," the two-dismissal rule does not apply, and the dismissals do not operate as an adjudication on the merits under Fed. R. Civ. P. 41(a)(1)(B).

## 2. Bionpharma is not in privity nor interrelated with CoreRx

Because Bionpharma's first argument fails, this Court need go no further and may deny Bionpharma's motion because Bionpharma's privity argument assumes the two-dismissal rule applies, which it does not. But even assuming *arguendo* it does, the rule's preclusive effect would not extend to Bionpharma. Bionpharma was not a party to either of the earlier suits Azurity filed against CoreRx, nor has Bionpharma shown it is in privity with CoreRx, nor are the parties so

substantially interrelated such that an adjudication on the merits with respect to CoreRx would extend to Bionpharma.

In its brief in support of its motion to dismiss, Bionpharma relied heavily on the contractual agreement between Bionpharma and CoreRx for CoreRx to manufacture Bionpharma's ANDA Product and sell the ANDA Product to Bionpharma.[6]  Op. Br. at 9-12.  However, a simple collaboration and a contract to manufacture do not demonstrate "privity" with another entity for purposes of Rule 41(a)(1)(B). [7]  *See S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 567 F. App'x 945, 960 (Fed. Cir. 2014) ("As we have held in *Transclean,* with regard to questions of intellectual property infringement and invalidity, the person who buys an allegedly infringing product is not considered to be in privity with the person who sells him the product.").  Far from supporting any

---

[6] Notably, Bionpharma failed to attach the Master Manufacturing Supply Agreement ("Manufacturing agreement") to support of its motion, despite having the burden to establish privity and despite having attached it to other court filings.  *See, e.g.* D.I. 105-1; Ex. E at Ex. A.

[7] Bionpharma also argues an indemnification clause in Bionpharma's Manufacturing Agreement with CoreRx indicates the two entities are in privity. However, Bionpharma does not allege in its opening brief that Bionpharma actually indemnified CoreRx as a result of Azurity's suit against CoreRx.   In fact, the terms of Bionpharma's agreement with CoreRx call Bionpharma's representation that it has supposedly agreed to indemnify CoreRx into serious question, because the actual terms of the agreement do not support that assertion.  D.I. 105-1, *compare* § 13.1 (indemnifying CoreRx from "a claim by a Third Party that the *use* of the Bion Intellectual Property [including Know-How] by CoreRx (as directed by Bion) to Manufacture Product for Bion hereunder infringes the intellectual property rights of such Third Party; or (b) the sale of a Product *by Bion* . . ., **except in each case to the extent CoreRx is obligated to indemnify Bion pursuant to Section 13.2**") (emphasis added) *with* § 13.2 (CoreRx indemnification of Bionpharma for, *inter alia*, "(d) a *Manufacturing Infringement Claim*") (emphasis added).  Thus, Bionpharma's claims of any indemnity obligations under this agreement are simply not supported.  Furthermore, it appears that Bionpharma had no right to participate in, control, or even be involved in any settlement of any suit brought against CoreRx.  *See id.* at § 10.6 (requiring Bionpharma and CoreRx to "consult in good faith regarding the best response" to any "notice of infringement . . . concerning the Manufacture, use, importation, offer for sale, or sale of a Product in the Territory"). For these reasons, Bionpharma's reliance on *Trustees of Boston Univ. v. Kingbright Elec. Co.*, 427 F. Supp. 3d 246, 252 (D. Mass. 2019) (*see* Op. Br. fn 8), to the extent relevant or supportive at all, is inapplicable.

aligned interests, the agreement supports the opposite—Bionpharma and CoreRx had separate interests that they would separately attend to without any interference or input from the other party.

### a.    Bionpharma's cited cases are not supportive

Bionpharma cites two cases regarding its alleged privity with CoreRx, neither which are supportive: *Sai Ram Imports Inc. v. Meenakshi Overseas LLC*, No. 17-11872 (JLL), 2018 WL 2045996 (D.N.J. May 1, 2018) and *Watson v. Mylan Pharm., Inc.*, No. 18-04137-CM-JPO, 2019 W.L. 3252745 (D. Kan. July 18, 2019).  In *Sai Ram*, an Indian manufacturer (VVV) filed an opposition in the United States Patent and Trademark Office ("USPTO") to defendant Meenakshi's trademark application, which was appealed to the Trademark Trial and Appeal Board ("TTAB").  2018 WL 2045996 at *1.  The manufacturer failed to respond to the TTAB and a default judgment was entered.  *Id.*  The manufacturer subsequently filed a petition with the TTAB to cancel defendant's trademarks as well as an action in the District Court for the Eastern District of California ("EDCA") to invalidate the trademarks.  *Id.* at *2.  Both the TTAB and the EDCA dismissed the manufacturer's claims based on res judicata pursuant to the default judgment from the TTAB.  *Id.*  The manufacturer then attempted to amend its Complaint in the EDCA to include a claim that the mark was procured through fraud.  *Id.*  The Court found the amendment would be "frivolous" as res judicata precluded all grounds for which recovery could have been asserted.  *Id.* Subsequently, the defendant Mennakshi sent cease and desist letters to the plaintiff, American importer Sai Ram, demanding it stop importing and selling VVV's oils with the infringing trademark.  Sai Ram brought a declaratory judgment action seeking a finding that it was not infringing defendant's trademark based on the same grounds the Indian manufacturer, VVV had indicated in its prior lawsuit and petition with TTAB.  *Id.*

The Court found that the American importer was raising the exact same claims manufacturer VVV had attempted to file but was denied in the previous case and therefore was

likewise estopped in the subsequent case. *Id.* at \*4-5.  Notably, manufacturer VVV had previously stated that if it was not permitted to amend its EDCA claim to add the claim of fraud in the procurement of the trademark, it "could have a third-party bring a suit alleging that claim ***in its place***." *Id.* at \*4 (emphasis added).  In finding that the parties were in privity, the Court remarked, "***[i]t appears that VVV has done exactly that***: the [EDCA] denied its motion to amend, … and Plaintiffs filed this suit a few months later." *Id.* (emphasis added).  No similar situation exists here.  Azurity asserted valid patent rights against Bionpharma's manufacturer, CoreRx, once able under the statute.[8]  Litigation against Bionpharma was ***previously pending*** on the same claims.  Azurity is not trying to end-run this, or any other, previous judgment.

*Watson* similarly does not support Bionpharma's attempt to stretch privity here.  The court in *Watson* expressly noted the relationship between the manufacturer and the seller "is outside of those relationships expressly recognized by the Tenth Circuit," but that "under these circumstances the relationship and similar litigation interests" were sufficiently close to establish privity.  2019 WL 3252745 at \*4.  "These circumstances" involved a suit against over ten defendants generally alleging tort damages from a *pro se* plaintiff alleging harm from taking defendants' drug. *Id.* at \*1.  Importantly, the plaintiff had previously sued a subset of the defendants (including the seller, but not the manufacturer) over essentially the same tort claims and that previous case had been dismissed for failure to state a claim and affirmed by the Tenth Circuit on appeal. *Id.*  Finding the prior dismissal extended to all subsequently-named defendants, the Court found claim preclusion barred all claims. *Id.*  at \*4.

Not only is the overall situation here demonstrably distinct, unlike in *Watson*, the litigation interests of the defendants, Bionpharma and CoreRx, clearly do not align.  Indeed, Bionpharma's

---

[8] Azurity could not previously file suit against CoreRx as 35 U.S.C. § 271(e)(2)(A) creates a claim of constructive infringement for those who "submit" an ANDA application, here, Bionpharma.

recent motion to intervene in Azurity's suit against CoreRx demonstrate that CoreRx and Bionpharma's positions are dissimilar.  Ex. D.  Furthermore, the action Bionpharma filed against CoreRx in the Southern District of New York further shows the inconsistent positions of Bionpharma and CoreRx.  *See e.g.*, Ex. E, ¶¶ 17-23; *see also Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 313 (3d Cir. 2009) ("Under the 'adequate representation' exception, the interests of the party and nonparty must be squarely aligned.").

### b.    The proper test shows Bionpharma is not in privity with CoreRx

Instead of utilizing the vague test Bionpharma propounds, this Court has held that privity in such cases should be analyzed under the *Taylor* framework.  *St. Clair*, 2020 WL 6799261 at *4; *see also Nationwide*, 571 F.3d at 312-13 (applying the *Taylor* factors to determine privity for purposes of the "two-dismissal" rule).  Looking to the *Taylor* factors, Bionpharma only alleges facts related to the second factor, where there is a preexisting substantive legal relationship. Bionpharma's application of the second *Taylor* factor falls short.[9]

In *St. Clair*, the Court determined that two groups of different Samsung entities (Samsung Electronics, Co. ("SEC"), Samsung Electronics America, Inc. ("SEA"), Samsung Telecommunications America, LLC ("STA") in one group (collectively, "Samsung"); and Samsung Electronics USA, Inc. ("SE USA") in the other) were ___***not***___ in privity for purposes of the "two-dismissal" rule.[10]  2020 WL 6799261 at *3.  The parties agreed that two prior dismissals of

---

[9] As Bionpharma has not raised any facts pertinent to the other factors, it is precluded from arguing those factors should apply in the reply as a party cannot raise new arguments in reply that it could have and should have raised in its opening motion.  *United States v. Ford Motor Co.*, 463 F.3d 1267, 1276-77 (Fed. Cir. 2006).  If Bionpharma does raise other factors, Azurity reserves the right to respond accordingly.

[10] The Court previously considered and found that there was no privity between these groups in a motion to dismiss from the defendant, but defendant brought the issue forward again after discovery in a summary judgment motion.  *See St. Clair*, 291 F.R.D. 75.

litigation alleging infringement of the same patents by the same products were sufficient under Rule 41(a)(1)(B) to operate as an adjudication on the merits. *Id.* The defendant noted many of the intertwined relationships between these two groups: SE USA was created by SEA to carry on SEA's business, SE USA's management was created to overlap SEA's management, SE USA's corporate files were maintained in SEA's files, SEA paid SE USA's corporate taxes for years, Samsung has paid SE USA's corporate taxes for years, Samsung has defended SE USA in infringement lawsuits, and SEC engaged legal counsel for SE USA after being sued by plaintiff St. Clair. *Id.* at *4. Despite this close relationship between the two groups, after analyzing the exceptions to the nonparty preclusion rule from *Taylor*, this Court concluded the two groups were not in privity for purposes of the "two-dismissal" rule. *Id.* at *4-6.

Here, Bionpharma and CoreRx are wholly separate companies lacking any corporate relationship. Bionpharma contracted with CoreRx to manufacturer Bionpharma's ANDA Product. In fulfilling that agreement, Bionpharma worked with CoreRx in developing a generic version of Azurity's Epaned® product. The development and manufacturing agreements between these two entities is the full extent of their relationship and the manufacturing agreement lacks any true indemnity obligations (nor does Bionpharma allege that CoreRx tendered any indemnity claim). Bionpharma does not allege either party had the right to control any suit brought by a third party against the other, nor does Bionpharma allege that it has any rights to control how CoreRx may resolve any action brought against it. Furthermore, the parties had separate counsel and Bionpharma has since sued CoreRx for breach of contract. Ex. E. Bionpharma has also moved to intervene in the Middle District of Florida action, making clear Bionpharma and CoreRx do not have a common interest in the resolution of that action. Ex. D. As a result, Bionpharma cannot be considered to be in privity with CoreRx and therefore, even if Azurity's dismissals of its suits

against CoreRx operated as an adjudication on the merits (which is not the case), Bionpharma could not claim such result extends to it, a nonparty not in privity with CoreRx.

**VI.     CONCLUSION**

As in Bionpharma's first motion to dismiss, it has again misapplied established case law in an attempt to stall this litigation.  Its efforts are unfounded in reason and fact and should be denied.  The "two-dismissal" rule simply does not apply.  Azurity's second dismissal against CoreRx was a pursuant to an agreement between the parties.  Because it arose from an agreement between the parties, the dismissal does not trigger the "two-dismissal" rule.  Additionally, Bionpharma was not a party to Azurity's actions against CoreRx, nor was it in privity with CoreRx such that any preclusive effects should apply to both CoreRx and Bionpharma.

For the foregoing reasons, Azurity respectfully requests that the Court deny Bionpharma's Motion to Dismiss.

<table>
<tr>
<td></td>
<td>MORRIS, NICHOLS, ARSHT & TUNNELL LLP</td>
</tr>
<tr>
<td>OF COUNSEL:</td>
<td>/s/ Megan E. Dellinger</td>
</tr>
<tr>
<td>Wendy L. Devine (wdevine@wsgr.com)<br>Kristina M. Hanson (thanson@wsgr.com)<br>Nicholas Halkowski (nhalkowski@wsgr.com)<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>One Market Plaza<br>Spear Tower, Suite 3300<br>San Francisco, CA 94105<br>T: (415) 947-2000</td>
<td>Jack B. Blumenfeld (#1014)<br>Megan E. Dellinger (#5739)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>T: (302) 658-9200<br>jblumenfeld@morrisnichols.com<br>mdellinger@morrisnichols.com</td>
</tr>
<tr>
<td>Natalie J. Morgan (nmorgan@wsgr.com)<br>Evan Sumner (esumner@wsgr.com)<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>12235 El Camino Real, Suite 200<br>San Diego, CA 92130<br>T: (858) 350-2300</td>
<td>*Attorneys for Plaintiff Azurity<br>Pharmaceuticals, Inc.*</td>
</tr>
<tr>
<td>Ty W. Callahan (tcallahan@wsgr.com)</td>
<td></td>
</tr>
</table>

13

Granville C. Kaufman (gkaufman@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
T: (323) 210-2900

December 20, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 22, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 22, 2021, upon the following in the manner indicated:

John C. Phillips, Jr., Esquire                         *VIA ELECTRONIC MAIL*
Megan C. Haney, Esquire
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE  19806-4204
*Attorneys for Defendant Bionpharma Inc.*

Andrew M. Alul, Esquire                                *VIA ELECTRONIC MAIL*
Roshan P. Shrestha, Esquire
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, IL  60601
*Attorneys for Defendant Bionpharma Inc.*


                                        */s/ Megan E. Dellinger*
                                        _____
                                        Megan E. Dellinger (#5739)