# Exhibit A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AZURITY PHARMACEUTICALS, INC.,

    Plaintiff,

v.                                                                                Case No. 8:21-cv-2515-T-VMC-SPF

CORERX, INC.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court are the parties' Joint Motion to Reopen Case for Limited Purpose of Correcting Dismissal (Doc. 18) and two motions filed by Proposed Intervenor-Defendant Biopharma, Inc., a Motion to Intervene (Doc. 21) and a Motion to Set Scheduling Conference (Doc. 23).[1] Upon consideration, it is recommended that the motions be denied.

I.     BACKGROUND

Plaintiff Azurity Pharmaceuticals, Inc. ("Azurity") filed this patent infringement action against Defendant CoreRX, Inc. ("CoreRX") on October 26, 2021 (Doc. 1). On November 26, 2021, before CoreRX responded to Azurity's Complaint or filed a motion for summary judgment, Azurity filed a notice of dismissal without prejudice of all claims against CoreRX pursuant to Fed.R.Civ.P. 41(a)(1)(A) (Doc. 16). As a result, on November 29, 2021, the district judge entered an endorsed Order dismissing the action without prejudice and directing the Clerk of Court to terminate any pending motions and deadlines and close the case (Doc. 17). The Clerk of Court closed the case on November 30, 2021. Ten days later,

---

[1] These motions are referred for issuance of a Report and Recommendation (Doc. 27).

on December 10, 2021, Azurity and CoreRX filed a joint motion seeking to reopen the case "for the sole purpose of filing a corrected stipulated dismissal" (Doc. 18). Following the filing of the motion to reopen, Proposed Intervenor-Defendant Biopharma, Inc. ("Biopharma"), asserting it has a compelling interest, filed a motion seeking to intervene (Doc. 21) and a motion requesting the Court to set a scheduling conference (Doc. 23).

II. DISCUSSION

Rule 41(a)(1)(A)(i) provides that a "plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Rule 41(a)(1)(A)(i). The Eleventh Circuit recently reiterated that Rule 41(a)(1)(i) "means precisely what it says." *Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258 (11th Cir. 2021) (quoting *Pilot Freight Carriers, Inc. v. Int'l Bhd. Of Teamsters*, 506 F.2d 914, 916 (5th Cir. 1975)). A voluntary dismissal under Rule 41(a)(1)(A)(i) "is effective immediately upon [ ] filing." *Id.* at 1265 (quoting *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990)). Thus, "upon a plaintiff's notice of a Rule 41(a)(1)(A)(i) voluntary dismissal, the 'action is no longer pending.'" *Id.* at 1265 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990)). In such instances, "'the district court is immediately deprived of jurisdiction over the merits of the case.'" *Id.* at 1265 (quoting *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1279 (11th Cir. 2012).

This circuit recognizes that district courts retain jurisdiction post-voluntary-dismissal to consider five different types of "collateral issues": costs, fees, contempt sanctions, Rule 11 sanctions, and motions to confirm arbitral awards. *Absolute Activist*, 998 F.3d at 1266. The "small set of 'collateral issues'" over which district courts retain jurisdiction following a plaintiff's voluntary dismissal are "narrowly tailored to prevent 'abuses of the judicial system'

2

that would otherwise 'burden[ ] courts and individuals alike with needless expense and delay.'" *Id.* at 1269 (quoting *Cooter & Gell*, 496 U.S. at 397-98).

In this case, the parties request that the Court reopen this action following Plaintiff's Rule 41(a)(1)(i) dismissal in order to file a corrected stipulated dismissal (Doc. 18). This request, however, does not fit in any of the categories of "collateral issues" over which the Court retained jurisdiction. *See Estate of West v. Smith*, 9 F.4th 1361, 1369 (11th Cir. 2021) (vacating district court's order reopening the case because the stipulated dismissal pursuant to Rule 41(a)(1)(A)(ii) divested the court of subject matter jurisdiction). The Court is similarly divested of subject matter jurisdiction to address the merits of the two motions filed by the proposed intervenor, Biopharma, Inc. (Docs. 21, 23).

Accordingly, it is hereby

**RECOMMENDED:**

1. The parties' Joint Motion to Reopen Case for Limited Purpose of Correcting Dismissal (Doc. 18) be DENIED;

2. The Motion to Intervene by Proposed Intervenor-Defendant Biopharma, Inc. (Doc. 21) be DENIED; and

3. The Motion to Set Scheduling Conference by Proposed Intervenor-Defendant Biopharma, Inc. (Doc. 23) be DENIED.

IT IS SO REPORTED in Tampa, Florida, on January 14, 2022.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

3

NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.