IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AZURITY PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1286 (MSG) |
| | ) | C.A. No. 21-1455 (MSG) |
| BIONPHARMA INC., | ) | |
| | ) | |
| Defendant. | ) | |

**AZURITY PHARMACEUTICALS, INC.'S OPENING BRIEF IN SUPPORT OF
MOTION TO STAY ANTITRUST DISCOVERY PENDING RESOLUTION OF ITS
<u>MOTION TO DISMISS THE ANTITRUST COUNTERCLAIMS</u>**

OF COUNSEL:

Wendy L. Devine
Kristina M. Hanson
Nicholas Halkowski
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2000

Natalie J. Morgan
Evan Sumner
WILSON SONSINI GOODRICH & ROSATI
12235 El Camino Real, Suite 200
San Diego, CA 92130-3002
(858) 350-2300

April 21, 2022

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiff
Azurity Pharmaceuticals, Inc.*

Ty W. Callahan
Granville C. Kaufman
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
(323) 210-2900

Jeffrey C. Bank
Alexander Poonai
WILSON SONSINI GOODRICH & ROSATI
1700 K Street NW, Fifth Floor
Washington, DC 20006
(202) 973-8800

TABLE OF CONTENTS

Page

I. NATURE & STAGE OF THE PROCEEDINGS ................................................................... 1

II. SUMMARY OF THE ARGUMENT ................................................................................... 1

III. STATEMENT OF FACTS .................................................................................................... 2

IV. ARGUMENT ......................................................................................................................... 3

    A. Legal Standard ........................................................................................................... 4

    B. A Stay Would Simplify the Issues and Expedite Resolution of Azurity's Patent Infringement Claims ........................................................................................ 5

    C. A Stay at This Stage of the Litigation Would Be Timely ......................................... 8

    D. A Stay Would Not Prejudice Bion, but Bion's Strategy to Slow Down the Adjudication of the Patent Infringement Claims Will Prejudice Azurity ............... 9

V. CONCLUSION .................................................................................................................... 12

TABLE OF AUTHORITIES

Page(s)

**CASES**

*Amkor Tech. Inc. v. Synaptics, Inc.*,
  No. 15-cv-91-GMS, 2016 WL 9331100 (D. Del. Oct. 25, 2016) .............................................. 9

*Asahi Glass Co. v. Pentech Pharm., Inc.*,
  289 F. Supp. 2d. 986 (N.D. Ill. 2003) ....................................................................................... 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................... 8, 10, 12

*Bush v. Dep't of Human Servs.*,
  642 F. App'x 84 (3d Cir. 2016) .............................................................................................. 10

*Cost Bros., Inc. v. Travelers Indem. Co.*,
  760 F.2d 58 (3d Cir.1985) ........................................................................................................ 4

*Eagle Pharm. Inc. v. Eli Lilly & Co.*,
  No. 18-1121-MSG, 2018 WL 6201704 (D. Del. Nov. 27, 2018) .................................... 4, 5, 8

*Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*,
  No. 09-571-JJF, 2021 WL 2573925 (D. Del. Jun. 25, 2010) .................................................. 11

*Eurand Inc. v. Mylan Pharm. Inc.*,
  No. 08-889-SLR, 2009 WL 3172197 (D. Del. Oct. 1, 2009) ................................................ 4, 5

*In re Orthopedic Bone Screw Prod. Liab. Litig.*,
  264 F.3d 344 (3d Cir. 2001) ..................................................................................................... 4

*In re Radnor Holdings Corp.*,
  564 B.R. 467 (D. Del. 2017) .................................................................................................... 9

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
  No. 18-452-WCB, 2020 WL 6270776 (D. Del. Oct. 26, 2020) .............................................. 12

*Kaavo Inc. v. Cognizant Tech. Sols. Corp.*,
  No. 14-1192-LPS-CJB, 2015 WL 1737476 (D. Del. Apr. 9, 2015) ................................ *passim*

*Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC*,
  No. 1:cv-09-1685, 2011 WL 13243743 (M.D. Pa. Sept. 21, 2011) .......................................... 5

*Levey v. Brownstone Inv. Grp.*,
  590 F. App'x. 132 (3d Cir. 2014) ...................................................................................... 8, 12

*Mann v. Brenner*,
    375 F. App'x 232 (3d. Cir. 2010) ..................................................................................1, 4, 8

*Masimo Corp. v. Philips Elecs. N. Am. Corp.*,
    No. 09-80-JJF-MPT, 2010 WL 925864 (D. Del. Mar. 11, 2010) ..............................................4

*Mitchell Int'l Inc. v. HealthLift Pharmacy Servs., LLC*,
    No. 19-cv-000637, 2022 WL 111126 (D. Utah., Jan. 12, 2022) .............................................9

*N. Am. Commc'ns Inc. v. InfoPrint Sols Co., LLC*,
    No. 3:08-288, 2011 WL 4571727 (W.D. Pa. Jul. 13, 2011) ...................................................11

*Neitzke v. Williams*,
    490 U.S. 319 (1989)................................................................................................................10

*Orthophoenix, LLC v. Dfine, Inc.*,
    No. 13-1003-LPS, 2015 WL 1938702 (D. Del. Apr. 28, 2015) ...............................................5

*Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*,
    200 F. 3d 795 (Fed. Cir. 1999).................................................................................................4

**RULES**

F.R.C.P. § 12(b)(6) ............................................................................................................10

**I.     NATURE & STAGE OF THE PROCEEDINGS**

Azurity Pharmaceuticals, Inc. ("Azurity") filed two complaints against Bionpharma, Inc. ("Bion") for patent infringement. D.I. 1[1]; 21-1455 D.I. 1. Bion filed substantively identical counterclaims in each case. D.I. 135; 21-1455 D.I. 46. Counts III and IV allege antitrust violations (the "Antitrust Counterclaims"). *Id.* Azurity filed a motion to dismiss the Antitrust Counterclaims or, in the alternative, to stay and bifurcate them ("Motion to Dismiss"). D.I. 149. Bion served discovery, at least some of which relates only to the Antitrust Counterclaims. Ex. A; Ex. B.

Azurity now moves to stay discovery as to the Antitrust Counterclaims pending resolution of the Motion to Dismiss.[2]

**II.    SUMMARY OF THE ARGUMENT**

Discovery should be stayed before resolution of Azurity's Motion to Dismiss because "if the motion is granted, discovery would be futile." *Mann v. Brenner*, 375 F. App'x 232, 239 (3d. Cir. 2010). For the reasons stated in Azurity's Motion to Dismiss, Bion's Antitrust Counterclaims should be dismissed because they are untimely and implausible. D.I. 149. Engaging in antitrust-related discovery—which Bion claims will be extensive—prior to a decision on the motion would be inefficient, costly, and contrary to precedent.

Moreover, the Antitrust Counterclaims are primarily based on allegations concerning wholly different litigations than this current action (and involve facts that are not at issue here), meaning that discovery on those antitrust claims will not aid in the resolution of this current patent infringement action. Staying the antitrust-related discovery would help the parties and the Court

---

[1]     All docket citations are to C.A. No. 21-1286 unless otherwise indicated.

[2]     If the Court grants Azurity's motion to stay and bifurcate the Antitrust Counterclaims, any discovery on those claims should be subject to the same stay.

1

focus on the patents at issue in this litigation by simplifying the issues and ensuring that the current case can be resolved efficiently and in a timely manner.

Finally, Bion would not be prejudiced from a stay. Its monopolization claim (Count III), which forms the bulk of the Antitrust Counterclaims, is based solely on alleged historical conduct in a different litigation, and Bion cannot claim that it is currently suffering harm because it is currently selling the product at issue. Deferring discovery on Count III until it is necessary, if it ever is, will not prejudice Bion. Separately, Bion alleges that this current action is part of the basis for an attempted monopolization claim (Count IV), but that means it is important to streamline discovery and reach resolution of Azurity's infringement claim first.

Accordingly, and for the reasons described below, Azurity respectfully requests that this Court grant its motion to stay discovery related to Bion's Antitrust Counterclaims.

## III. STATEMENT OF FACTS

On June 22, 2021, Azurity initiated this patent infringement action against Bion based on Bion's infringement of Azurity's patents, U.S. Patent No. 11,040,023 (the "'023 Patent") and U.S. Patent No. 11,141,405 (the "'405 Patent"). D.I. 1; 21-1455 D.I. 1. On July 14, 2021, Bion filed a motion to dismiss. D.I. 8. On November 10, 2021, the Court denied Bion's motion to dismiss. D.I. 87. The next day, Azurity amended its complaint to include new infringement counts. D.I. 89.

Bion then began seeking extensions. First, on November 19, 2021, Bion asked for a one-week extension of time to answer Azurity's complaint. D.I. 94. Second, on November 23, 2021, Bion asked for a two-week extension to submit a proposed scheduling order. D.I. 95. Third, on December 8, 2021, after its two-week extension had run, Bion again asked the Court to delay submission of a proposed scheduling order pending consideration of its second motion to dismiss. D.I. 101. Fourth, on December 21, 2021, Bion asked for a three-day extension to file a reply brief

2

in support of its second motion to dismiss. D.I. 108. Fifth, on February 7, 2022, Bion asked for a one-week extension to file an answer to Azurity's First Amended Complaint. D.I. 130.

On February 17, 2022, almost three months after Azurity filed its First Amended Complaint, Bion filed its answer, defenses, and counterclaims, including the Antitrust Counterclaims. D.I. 135. Pursuant to the parties' agreed-upon briefing schedule, Azurity filed its motion to dismiss the Antitrust Counterclaims on March 24, 2022. D.I. 148.

Before filing its Antitrust Counterclaims, Bion proposed, and the Court granted, a fact discovery deadline of December 12, 2022. D.I. 126. However, Bion has represented that, "particularly with respect to discovery related to Bionpharma's antitrust claims—Bionpharma may be seeking an extension of the current schedule." Ex. C at 1.

Bion served its First Set of Requests for Production of Documents and Things and its First Set of Interrogatories on March 21. D.I. 144. Of the 68 Requests for Production, at least 31 are related to the Antitrust Counterclaims. Ex. A at Request Nos. 11-15, 19-30, 40-41, 44-49, 53, 57, 62-64. Of the four interrogatories, at least one is related to the Antitrust Counterclaims. Ex. B at Interrogatory No. 4.[3]

## IV. ARGUMENT

In its Motion to Dismiss, Azurity asked this Court to dismiss both of the Antitrust Counterclaims. In the alternative, Azurity asked the Court to stay and bifurcate the claims pending resolution of the patent claims in this litigation.

While those motions are being decided, Azurity respectfully requests that the Court exercise its discretion to stay discovery as to the Antitrust Counterclaims in the interim.

---

[3] Exhibit D reflects the discovery requests that should be stayed because they explicitly call for materials related to the Antitrust Counterclaims. To the extent Bion is seeking materials related to the Antitrust Counterclaims in other Requests for Production or Interrogatories, Azurity seeks a stay as to that discovery as well. Azurity does not move to stay any discovery relating to the merits of the patents at issue in this litigation.

3

### A.     Legal Standard

Courts have discretionary authority to grant a motion to stay (*Cost Bros., Inc. v. Travelers Indem. Co.,* 760 F.2d 58, 60–61 (3d Cir.1985)), and may do so "while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile." *Mann*, 375 F. App'x at 239; *see also In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001) (holding that a district court did not abuse its discretion by staying discovery while considering a motion to dismiss); *accord Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F. 3d 795, 804 (Fed. Cir. 1999).

In evaluating a motion for a stay of discovery, courts consider three factors: "(1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, No. 14-1192-LPS-CJB, 2015 WL 1737476, at *1 (D. Del. Apr. 9, 2015) (granting motion to stay pending resolution of motion to dismiss).

When a defendant in a patent infringement suit asserts antitrust counterclaims, as Bion has done here, courts frequently find that the factors weigh in favor of staying discovery. *Eagle Pharm. Inc. v. Eli Lilly & Co.*, No. 18-1121-MSG, 2018 WL 6201704, at *2 n.3 (D. Del. Nov. 27, 2018) (Goldberg, J.) (collecting cases). Moreover, often the stay defers antitrust-related discovery until after the patent claims are resolved, well beyond resolution of a motion to dismiss. *See, e.g.*, *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, No. 09-80-JJF-MPT, 2010 WL 925864, at *3 (D. Del. Mar. 11, 2010) (staying discovery on antitrust counterclaims pending trial on patent issues); *Eurand Inc. v. Mylan Pharm. Inc.*, No. 08-889-SLR, 2009 WL 3172197, at *2 (D. Del. Oct. 1, 2009) (staying discovery on antitrust counterclaims because those claims "may be rendered moot by resolution of the patent infringement issues"); *Kimberly-Clark Worldwide, Inc. v. First*

4

*Quality Baby Prods., LLC*, No. 1:cv-09-1685, 2011 WL 13243743 (M.D. Pa. Sept. 21, 2011) (denying a request to lift a stay on antitrust discovery even after denial of motion to dismiss). This is because delaying antitrust-specific discovery, "which courts have recognized can be 'voluminous, time-consuming, and expensive,'" avoids waste where the antitrust claims could be "narrowed or mooted." *Eagle Pharm.*, 2018 WL 6201704 at *3 (citation omitted).

### B. A Stay Would Simplify the Issues and Expedite Resolution of Azurity's Patent Infringement Claims

The first factor is whether staying the antitrust-related discovery pending resolution of the Motion to Dismiss will simplify the issues to be litigated and tried. *Kaavo*, 2015 WL 1737476 at *1. Antitrust counterclaims, such as Bion's Antitrust Counterclaims, can raise "complex issues potentially requiring discovery well beyond what is relevant to patent infringement and invalidity." *Orthophoenix, LLC v. Dfine, Inc.*, No. 13-1003-LPS, 2015 WL 1938702, at *1 (D. Del. Apr. 28, 2015) (Stark, C.J.). This factor weighs in favor of a stay because resolving the Motion to Dismiss in Azurity's favor will resolve the entirety of the antitrust issues in this case.

Bion asserts two Antitrust Counterclaims. First, Bion's damages claim, Count III, is premised on a previous litigation and an entirely separate set of patents than the ones at issue here. In Count III, Bion asserts that the so-called "First Wave Suits" were a sham. D.I. 135, ¶ 239. In those actions, Azurity asserted U.S. Patent Nos. 9,669,008, 9,808,442, 10,039,745 and 10,154,987 (the "First Patents"). In the instant suit, Azurity does not assert any of those patents—only the '023 Patent and the '405 Patent. Thus, discovery as to the unrelated First Patents will necessarily reach "well beyond what is relevant" to the questions of patent infringement and validity currently before the Court. Azurity has moved to dismiss Count III and, if the court grants the motion, there will be no need for any discovery as to those patents or that previous suit.

5

Second, Bion claims in Count IV that Azurity engaged in attempted monopolization by (1) bringing the instant patent suit against Bion, which it alleges is a sham; and (2) bringing alleged sham suits against a third party. D.I. 135, ¶ 246. Again, if Azurity wins on its motion to dismiss this Count, there will be no need for any discovery.

The latter half of Bion's Count IV similarly reaches "well beyond what is relevant" by involving litigation wholly apart from this one. According to Bion, Azurity's suits against the third party—CoreRx, Inc. ("CoreRx")—were not legitimate under a convoluted theory supposedly rooted in corporate and constitutional law. D.I. 135, ¶¶ 150-51, 176. Discovery on the CoreRx suits will be additive, costly, complicated, and have no bearing on the resolution of the patent claims in this case.

Bion states that "extensive fact and expert discovery" will be required as to its Antitrust Counterclaims, if they survive. D.I. 101 at 2. Indeed, Bion's discovery served to date goes far beyond what would typically be sought in a patent infringement action. Ex. A; Ex. B. Bion seeks sweeping discovery directed to Azurity's corporate structure, its shareholders, and its relationships with competitors. Of Bion's 68 Requests for Production, at least 16 relate to the CoreRx Suits; 3 relate to the First Wave Suits; and 12 relate to antitrust issues generally.

For example:

- Request No. 25 seeks "All documents and communications relating to generic competition to Epaned, the Enalapril Liquid Patents, Bionpharma's ANDA Product, CoreRx, the Azurity-CoreRx LSA, NovaQuest, and any other ANDA filer, to or from any board member, past or present, of CoreRx, including Messrs. Nailesh Bhatt, Vern Davenport, IV Jeff Edwards, and Frank Leo";

- Request No. 27 seeks "All documents and things, including communications between Azurity and NovaQuest, relating to NovaQuest's decision, negotiation, or agreement to take an ownership interest in CoreRx"; and

- Request No. 53 seeks: "All documents relating to any market in which Epaned competes, including all documents relating to the market share of Epaned and/or any product or therapy that actually or potentially competes with Epaned, any competitive analysis of any product or therapy that actually or potentially competes with Epaned, and the impact (including impact on sales (in dollars or unit volume) and/or profits) on Azurity of any product or therapy that actually or potentially competes with Epaned."

These Requests have no bearing on whether the '023 Patent or the '405 Patents are valid and infringed.

In addition, if Bion is permitted to seek antitrust-related discovery now, Azurity will be forced to do the same, further complicating this Hatch-Waxman suit. For example, Bion's claim regarding CoreRx is implausible and should be dismissed (D.I. 149), but if discovery proceeds, Azurity will seek material showing that Bion omitted facts from its Counterclaims concerning its own corporate relationship to CoreRx and how it coerced CoreRx into manufacturing a product that infringes on Azurity's patents. *See* Ex. E, ¶ 69 (CoreRx counterclaim accusing Bion of misrepresenting its title and ownership as to Azurity's patents). Azurity would need additional discovery from Bion and from third parties.

This additional and extensive discovery on the antitrust counts also increases the possibility that the parties will have disputes over the propriety and scope of that discovery, the resolution of which may require Court intervention.

But if the motion to dismiss is granted, all of this discovery will be "futile." *Mann*, 375 F. App'x at 239; *see Kaavo*, 2015 WL 1737476 at *1 ("The fact that the motion, if resolved a certain way, could be entirely case-dispositive . . . is certainly a fact inuring to [movants'] benefit here."). And even if the Antitrust Counterclaims survive, the claims (and related discovery) should be stayed and bifurcated for the reasons stated in Azurity's Motion to Dismiss. *See Eagle Pharm.*, 2018 WL 6201704, at *2 & n.3 ("[I]t is common practice for courts to stay an antitrust case until after resolution of a related patent case" because of the possibility that "the issues in the antitrust case will at least be narrowed, if not disposed of entirely, by the resolution of the patent case.").

Accordingly, the simplification factor weighs strongly in favor of a stay.

### C.     A Stay at This Stage of the Litigation Would Be Timely

The status of litigation factor also weighs in favor of a stay. The Supreme Court has acknowledged that "some threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (quoting *Asahi Glass Co. v. Pentech Pharm., Inc.*, 289 F. Supp. 2d. 986, 995 (N.D. Ill. 2003)). Following *Twombly*, the Third Circuit has affirmed that a motion to dismiss filed under Rule 12(b)(6) "should typically 'be resolved before discovery begins.'" *Levey v. Brownstone Inv. Grp., LLC,* 590 F. App'x. 132, 137 (3d Cir. 2014) (citation omitted).

Azurity filed this motion after the entry of the scheduling order because Bion did not file its Antitrust Counterclaims until February 17, 2022, (*i.e.*, three weeks after the Court entered the scheduling order in this case on January 27th). D.I. 135; D.I. 126. Accordingly, Azurity could not have brought this motion until after it reviewed the Counterclaims and Bion's discovery requests. Nevertheless, Azurity has acted promptly, and discovery is still in its earliest stages. No documents

8

have been produced with respect to the Antitrust Counterclaims, and Azurity has not served its own discovery yet.

The fact that Bion has filed Antitrust Counterclaims and served discovery requests does not change the analysis. Azurity has promptly moved to stay the antitrust discovery. *See Mitchell Int'l, Inc. v. HealthLift Pharmacy Servs., LLC*, No. 19-cv-000637, 2022 WL 111126, at *4 (D. Utah, Jan. 12, 2022) (granting motion to stay antitrust discovery even "after discovery had been underway for more than seven months" because the movant "promptly moved to dismiss the antitrust counterclaims" and "the timing of the motion to stay [was] a result of when the [counterclaimants] began pursuing antitrust discovery, and not any delay by [the movant]."). Again, Bion filed its counterclaims on February 17, 2022, after entry of the scheduling order. D.I. 135. It served its First Set of Interrogatories and Requests for Production of Documents and Things on March 21, 2022. D.I. 144. Azurity filed its Motion to Dismiss the Antitrust Counterclaims on March 24, 2022. D.I. 148. Thus, the antitrust issues in this case are still in their infancy. *Amkor Tech., Inc. v. Synaptics, Inc.*, No. 15-cv-910 (GMS), 2016 WL 9331100, at *1 (D. Del. Oct. 25, 2016) ("Although a trial date has been set, the fact that this case remains in an early stage reinforces the prospect that a stay of Count I pending review will advance the interests of judicial economy"). Where, like here, the Court and the parties have "invested relatively few resources" in an issue, "this factor strongly favors a stay." *Kaavo*, 2015 WL 1737476 at *3.

### D. A Stay Would Not Prejudice Bion, but Bion's Strategy to Slow Down the Adjudication of the Patent Infringement Claims Will Prejudice Azurity

A stay of discovery pending resolution of Azurity's Motion to Dismiss will not prejudice Bion for four reasons. First, Bion is "not entitled to discovery where [its] claims do not survive Rule 12(b)(6)'s plausibility test." *In re Radnor Holdings Corp.*, 564 B.R. 467, 487 (D. Del. 2017). In *Twombly,* the Supreme Court stressed that plaintiffs must present a plausible claim for relief

9

before proceeding to antitrust discovery. 550 U.S. at 558. ("[I]t is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, . . . but quite another to forget that proceeding to antitrust discovery can be expensive."). The Court explained that, for antitrust discovery, "[i]t is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process." *Id.* at 559. Accordingly, unless and until any of the Antitrust Counterclaims survive, Bion is not entitled to discovery as to those claims. Indeed, the purpose of the Rule 12(b)(6) procedure is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989); *Bush v. Dep't of Human Servs.*, 642 F. App'x 84 (3d Cir. 2016) (affirming that plaintiffs are not entitled to discovery if their complaints are legally insufficient). Bion took the same position when its motion to dismiss was pending, arguing that "its motion to dismiss be considered first before requiring the submission of a proposed scheduling order, as Bionpharma ha[d] not yet answered the First Amended Complaint and, therefore, the parties do not yet know the full scope of the claims and defenses that need to be litigated in this action." D.I. 101 at 1.

Second, a stay will not prejudice Bion because it is not alleging any ongoing harm. Bion has launched its product and its sales go on unabated. D.I. 135, ¶ 243. Count III is based solely on Bion being allegedly excluded for a few months in 2021. As to Count IV, Bion alleges that the instant suit is, in part, "the actual and proximate cause of *potential* loss and injury to Bionpharma." *Id.*, ¶ 251 (emphasis added). Bion's claim regarding the CoreRx suits similarly fails to allege ongoing harm because those suits were dismissed. *Id.*, ¶ 156.

Third, any delay in resolving Bion's Antitrust Counterclaims is of Bionpharma's own making. Bion waited over seven months after the start of this suit to file its counterclaims. D.I. 135. It waited over three *years* to bring an antitrust suit challenging the litigation at issue in Count III.

10

*Id.*, ¶ 72. Indeed, Bion spent over two months simply "considering" whether to bring "antitrust counterclaims against Azurity in this case." D.I. 101 at 2. In addition, Bion has already asked for, and received, over four weeks of extensions to procedural deadlines in this case. *See* Section III *supra*. Moreover, Bion has stated that it "is not interested in [] a faster trial schedule." Ex. C at 1.

Fourth, even if Bion argues that staying antitrust discovery will naturally delay resolution of the Antitrust Counterclaims, "this alone does not warrant a finding that Plaintiffs will be unduly prejudiced." *Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*, No. 09-571-JJF, 2021 WL 2573925, at *3 (D. Del. Jun. 25, 2010); *see also N. Am. Commc'ns Inc. v. InfoPrint Sols Co., LLC*, No. 3:08-288, 2011 WL 4571727, at *4 (W.D. Pa. Jul. 13, 2011) ("[A]ny potential burden imposed on the Plaintiff by having to wait a few more months at this stage in the litigation, is minimal."). Regardless, any slight delays in the start of antitrust discovery can easily be made up and worked into the schedule because trial is currently set for nearly two years from now. D.I. 125. When he issued the scheduling order, Judge Stark stated that "(1) trial will be set for February 2024, consistent with Bionpharma's request, as this date (a) provides the necessary and appropriate amount of time to complete needed new discovery (which may include patent defenses as well as antitrust counterclaims, **which may or may not be stayed** and would, at minimum, likely be the subject of motion practice)." *Id*. (emphasis added). In addition, any documents and witnesses necessary for antitrust discovery will not overlap with those needed for the patent discovery. As a result, Bion cannot show it will be prejudiced by a stay.

In contrast, permitting the antitrust discovery to proceed now will prejudice Azurity in two ways. *See Kaavo*, 2015 WL 1737476 at *4 n.10 (where there is "even a fair possibility that the stay . . . will work damage to [another party]," this Court "has explicitly considered whether the *moving party* would face undue hardship or inequity in the absence of a stay" when analyzing the

11

prejudice factor) (citation omitted, collecting cases). *First*, based on Azurity's review of the discovery requests served to date, Bion intends to "conduct a fishing expedition in order to find a cause of action." *Levey*, 590 F. App'x. at 137 (affirming stay of discovery until claimant survived Rule 12). For example, Bion's counterclaims included numerous conclusory allegations about Azurity's supposed control over CoreRx, but included no facts. D.I. 135, ¶¶ 18-19. To attempt to fill this gap, Bion has served discovery seeking, for example, "All documents and things, including communications between Azurity and NovaQuest, relating to NovaQuest's decision, negotiation, or agreement to take an ownership interest in CoreRx." Ex. A at Request No. 27. But this "puts the cart before the horse." *Levey*, 590 F. App'x. at 137. Bion must first state a plausible claim, and only then is it entitled to discovery on the claim. *Id*. *Second*, in the absence of a stay, Azurity will be mired in the notoriously "enormous expense" of antitrust discovery even before its tenuous claims are held to be plausible. *Twombly*, 550 U.S. at 559 (stressing the importance of addressing the sufficiency of the pleadings before allowing for antitrust discovery).

As Bion previously argued in opposing discovery on the patent issues, proceeding with discovery would be "premature at this time, as [the antitrust] case may not even go forward after the Court considers [the] pending motion to dismiss." D.I. 101 at 2. Azurity agrees with respect to Bion's antitrust-related discovery.

## V.      CONCLUSION

The facts and procedural posture of this case demonstrate that a stay on discovery pending resolution of the motion to dismiss is reasonable and justified. This decision is soundly within the Court's discretion, and the factors all weigh in favor of granting this targeted relief.

For the reasons stated above, Azurity respectfully requests that the Court grant its motion.

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
|  | */s/ Megan E. Dellinger* |
|  | _____ |
|  | Jack B. Blumenfeld (#1014) |
|  | Megan E. Dellinger (#5739) |
| OF COUNSEL: | 1201 North Market Street |
|  | P.O. Box 1347 |
| Wendy L. Devine | Wilmington, DE 19899 |
| Kristina M. Hanson | (302) 658-9200 |
| Nicholas Halkowski | jblumenfeld@morrisnichols.com |
| WILSON SONSINI GOODRICH & ROSATI | mdellinger@morrisnichols.com |
| One Market Plaza |  |
| Spear Tower, Suite 3300 | *Attorneys for Plaintiff Azurity* |
| San Francisco, CA 94105 | *Pharmaceuticals, Inc.* |
| (415) 947-2000 |  |

Natalie J. Morgan
Evan Sumner
WILSON SONSINI GOODRICH & ROSATI
12235 El Camino Real, Suite 200
San Diego, CA 92130-3002
(858) 350-2300

Ty W. Callahan
Granville C. Kaufman
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
(323) 210-2900

Jeffrey C. Bank
Alexander Poonai
WILSON SONSINI GOODRICH & ROSATI
1700 K Street NW, Fifth Floor
Washington, DC 20006
(202) 973-8800

April 21, 2022

13

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2022 I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 21, 2022, upon the following in the manner indicated:

| | |
|---|---|
| John C. Phillips, Jr., Esquire<br>Megan C. Haney, Esquire<br>PHILLIPS, MCLAUGHLIN & HALL, P.A.<br>1200 North Broom Street<br>Wilmington, DE  19806-4204<br>*Attorneys for Defendant Bionpharma Inc.* | *VIA ELECTRONIC MAIL* |
| Andrew M. Alul, Esquire<br>Roshan P. Shrestha, Esquire<br>TAFT STETTINIUS & HOLLISTER LLP<br>111 East Wacker Drive, Suite 2800<br>Chicago, IL  60601<br>*Attorneys for Defendant Bionpharma Inc.* | *VIA ELECTRONIC MAIL* |
| Aaron M. Johnson, Esquire<br>TAFT STETTINIUS & HOLLISTER LLP<br>2200 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN  55402<br>*Attorneys for Defendant Bionpharma Inc.* | *VIA ELECTRONIC MAIL* |
| Christopher J. Kelly, Esquire<br>MAYER BROWN LLP<br>Two Palo Alto Square, Suite 300<br>3000 El Camino Real<br>Palo Alto, CA  94306<br>*Attorneys for Defendant Bionpharma Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Megan E. Dellinger*

Megan E. Dellinger (#5739)