# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| AZURITY PHARMACEUTICALS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> BIONPHARMA INC., <br><br> *Defendant*. | C.A. No. 21-1286-LPS <br> C.A. No. 21-1455-LPS |

**DEFENDANT BIONPHARMA'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Bionpharma Inc. ("Bionpharma"), propounds its First Set of Interrogatories directed to Plaintiff Azurity Pharmaceuticals, Inc. ("Plaintiff" or "Azurity") which is to be answered by Plaintiff within the time period required by law, or as otherwise agreed to by counsel or ordered by the Court.

**DEFINITIONS AND INSTRUCTIONS**

Bionpharma hereby incorporates by reference, as though fully set forth herein, the Definitions and Instructions set forth in Bionpharma's First Set of Requests for the Production of Documents and Things (Nos. 1-91), and in Bionpharma's First Set of Interrogatories (No. 1), both served November 20, 2019 in connection with the *Silvergate Pharmaceuticals, Inc. v. Bionpharma Inc.*, C.A. Nos. 18-1962 and 19-1067 (D. Del.) cases, and the Definitions and Instructions set forth in Bionpharma's First Set of Requests for Production of Documents and Things, served concurrently herewith in connection with the instant suits.

**INTERROGATORIES**

**INTERROGATORY NO. 1.** For each asserted claim of the Third Wave Patents that Plaintiff contends is valid (or not invalid), describe in detail each legal basis and all facts on which Plaintiff may rely to support their contention that such asserted claim is valid (or not

1

invalid), including any secondary considerations of nonobviousness, and identify the three persons associated with Plaintiff with the most knowledge concerning the facts providing the basis for Plaintiff's contention, and the documents and things on which Plaintiff may rely to support Plaintiff's contention.

**INTERROGATORY NO. 2.** For each asserted claim of the Third Wave Patents, identify whether Plaintiff intends to raise any assertion of secondary considerations of nonobviousness in connection with any allegation that such claim is invalid for obviousness, and, if so, identify the specific secondary considerations on which Plaintiff intends to rely (i.e., commercial success, long-felt need, failure of others, etc.), all documents supporting Plaintiff's secondary considerations assertions (including but not limited to, in the case of commercial success, proof of nexus, profit margins, marketing expenditures, and the like), and the three persons associated with Plaintiff with the most knowledge regarding such secondary considerations and documents.

**INTERROGATORY NO. 3.** To the extent that Azurity contends Bionpharma does not have a license to the Third Wave Patents under the MMSA, explain in detail the factual and legal bases and supporting evidence for Azurity's contention, including whether and why Azurity believes it is not a party to the MMSA, and including whether and why Azurity believes it does not fall within the definition of "CoreRx" in the MMSA as an "Affiliate," as that term is defined in Section 1.1 of the MMSA.

**INTERROGATORY NO. 4.** Describe in detail the relationship between Azurity, NovaQuest, and CoreRx, including any ownership interest that NovaQuest has in Azurity and/or CoreRx, and the extent of such ownership interest.

Dated:  March 21, 2022

/s/ *Megan C. Haney*
John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE  19806
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Of Counsel*:

Andrew M. Alul
Roshan P. Shrestha, Ph.D.
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
312-527-4000
aalul@taftlaw.com
rshrestha@taftlaw.com

Aaron M. Johnson
TAFT STETTINIUS & HOLLISTER LLP
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
612-977-8400
ajohnson@taftlaw.com

Christopher J. Kelly
MAYER BROWN LLP
Two Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2112
(650) 331-2000
cjkelly@mayerbrown.com

*Attorneys for Defendant Bionpharma Inc.*

## CERTIFICATE OF SERVICE

      I, Megan C. Haney, hereby certify that on March 21, 2022, a copy of Defendant Bionpharma Inc.'s First Set of Interrogatories was served upon the following counsel of record in the manner indicated below:

**VIA EMAIL**

Jack B. Blumenfeld
Megan E. Dellinger
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

Wendy L. Devine
Kristina M. Hanson
Nicholas Halkowski
Wilson Sonsini Goodrich & Rosati
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
wdevine@wsgr.com
thanson@wsgr.com
nhalkowski@wsgr.com

Natalie J. Morgan
Evan Sumner
Wilson Sonsini Goodrich & Rosati
12235 El Camino Real, Suite 200
San Diego, CA 94105
nmorgan@wsgr.com
esumner@wsgr.com

Granville C. Kaufman
Ty W. Callahan
Wilson Sonsini Goodrich & Rosati
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
gkaufman@wsgr.com
tcallaham@wsgr.com

Jeffrey C. Bank
Wilson Sonsini Goodrich & Rosati
1700 K Street, NW, Fifth Floor

Washington, DC 20006
jbank@wsgr.com

*/s/ Megan C. Haney*
Megan C. Haney (No. 5016)