# EXHIBIT E



**Aaron M. Johnson**

Direct Phone 612.977.8268
Direct Fax 612.977.8650
E-mail: ajohnson@taftlaw.com

**Taft Stettinius & Hollister LLP**
2200 IDS Center / 80 S. Eighth St. / Minneapolis, MN 55402 USA
Tel: 612.977.8400 / Fax: 612.977.8650
www.taftlaw.com

May 2, 2022

**VIA E-MAIL**

Wendy L. Devine
Wilson Sonsini Goodrich & Rosati
One Market Plaza
Spear Tower, Suite 2200
San Francisco, CA 94105-1126

Re:   *Azurity Pharm., Inc. v. Bionpharma Inc.*, C.A. Nos. 21-1286, 21-1455 (MSG)

Counsel:

We write regarding numerous deficiencies in Plaintiff Azurity Pharmaceuticals, Inc.'s ("Azurity") objections and responses to Defendant Bionpharma Inc.'s ("Bionpharma") First Set of Requests for the Production of Documents and Things (Nos. 1-68) and First Set of Interrogatories (1-4).

At the outset, Bionpharma is aware that Azurity has filed a motion to stay antitrust discovery, D.I. 156, C.A. No. 21-1286, D.I. 68, C.A. No. 21-1455. Bionpharma will respond to Azurity's motion in due course. Without waiving Bionpharma's immediate entitlement to discovery related to Bionpharma's antitrust counterclaims, Bionpharma will defer addressing Azurity's antitrust objections until the Court resolves the motion. Bionpharma's discovery requests and interrogatories, however, are directly relevant to Bionpharma's other counterclaims and affirmative defenses, such as invalidity, non-infringement, Azurity's unclean hands, and *res judicata*. Accordingly, Azurity must immediately produce the requested documents and information, even if the document requests and interrogatories may also implicate Bionpharma's antitrust counterclaims.

Please provide your availability to meet and confer regarding the below identified issues as soon as possible.

Wendy L. Devine
Page 2
May 2, 2022

**<u>Deficiencies in Azurity's General Objections to Bionpharma's RFPs and Interrogatories.</u>**

Azurity's RFP Gen. Obj. No. 12 and Interrog. Gen. Obj. No. 4, which object to any "request, definition, and instruction that seeks 'any,' 'each,' or 'all'" documents, things, and interrogatories as overly broad and unduly burdensome, are improper and without any basis. Azurity has not come forward with any explanation as to why compliance with the full scope of Bionpharma's requests or interrogatories would be unduly burdensome. Please withdraw these objections immediately and confirm that Azurity is not withholding any information or documents pursuant to these improper objections.

Azurity's RFP Gen. Obj. No. 13 and Interrog. Gen. Obj. No. 3 limit the information Azurity will provide to the "Patents-in-Suit, *i.e.*, U.S. Patent No. 11,040,023…and U.S. Patent No. 11,141,405" are entirely improper. As Azurity is well aware, it has asserted that Bionpharma's ANDA product infringes, and that Bionpharma has asserted counterclaims and affirmative defenses including invalidity, non-infringement, *res judicata*, and that Azurity's unclean hands in its business and litigation misconduct prevents enforcement of the '023 and '405 patents. Moreover, Azurity's own Epaned® product and information concerning the same is relevant to numerous issues in this case, including but not limited to invalidity, Azurity's purported damages, and the unenforceability of Azurity's patents in this case. Please confirm that Azurity is not withholding information or documents pursuant to these improper objections.

Azurity's objects to each Request that seeks information related to Bionpharma's Counterclaim III or IV (Azurity's RFP Gen. Obj. No. 14 and Interrog. Obj. to Definitions and Instructions No. 20). Bionpharma will defer addressing Azurity's objections as they pertain to discovery that is relevant *only* to Bionpharma's antitrust counterclaims after the resolution of Azurity's pending motion. Bionpharma, however, is entitled to immediate production of discovery relevant to Bionpharma's counterclaims and affirmative defenses regardless of whether said discovery may also be relevant to Bionpharma's antitrust counterclaims. Please immediately confirm that Azurity will not be withholding any responsive documents or information relevant to Bionpharma's counterclaims and affirmative defenses of invalidity, unclean hands, non-infringement, *res judicata*, and damages pursuant to these objections.

Azurity's objections to producing information "obtainable from some other source" (Azurity's RFP Gen. Obj. Nos. 15 and 18 and Interrog. Gen. Obj. 9) are meritless and contrary to the Federal Rules—please confirm that Azurity is producing all discoverable information in its possession, custody, or control, regardless of whether the information is obtainable from some other source.

Azurity's General Objections directed to improperly shielding confidential information from production (*see, e.g*., Azurity RFP General Objection Nos. 9, 20-23; Interrog. Gen. Obj. 15), is entirely improper. Confidential information otherwise discoverable cannot be shielded from

production based on a confidentiality objection. Please immediately confirm that Azurity will not be withholding documents or information pursuant to this objection.

**Azurity's Objections to Bionpharma's RFP Definitions and Instructions, Bionpharma's RFP Supplemental Definitions, and Bionpharma's Interrogatory Definitions.**

Azurity's RFP Objection Nos. 3-4, concerning documents in Azurity's control, including responsive documents in the possession of Azurity's outside counsel involved in the prosecution of patent applications, is improper and should be withdrawn immediately. Azurity's objection is baseless—its prosecution counsel is well within its control, and to the extent that Azurity's prosecution counsel has any discoverable information in its possession, that information should be produced. Please withdraw this baseless objection immediately.

Azurity's RFP Supp. Obj. Nos. 2-5 and 7-8 concerning Azurity's unilateral limitations on Azurity's stated definitions of "Alkem," "Amneal," "Annora," "Aurobindo," "CoreRx, " and "NovaQuest" are improper. Azurity has not come forward with any explanation as to why compliance with the full scope of Bionpharma's definitions in responding to the requests would be overly broad, unduly burdensome, irrelevant or disproportionate to the needs of the case. Please withdraw these objections immediately and confirm that Azurity is not withholding any information pursuant to these improper objections.

Azurity's objections and its unilateral limitations to the terms "Azurity," "Plaintiff," "Silvergate," "you," and "your" in RFP Supp. Obj. No. 6 and Interrog. Obj. to Definition No. 11 are similarly improper. Azurity has failed to provide any explanation as to why compliance with the full scope of Bionpharma's definitions in responding to the requests and interrogatories would be overly broad, unduly burdensome, or disproportionate to the needs of the case. Further, Azurity cannot avoid compliance with its discovery obligations by unilaterally claiming it is not obligated to produce information or documents that on their face or in their metadata reference its respective predecessors-in-interest and successors-in-interest instead of "Azurity." In addition, Azurity's objection to Bionpharma's definition of Azurity to exclude Azurity's attorneys is improper—its prosecution counsel is well within its control, and to the extent that Azurity's prosecution counsel has any discoverable information in its possession, that information should be produced. Please withdraw these baseless objections immediately.

Azurity's RFP Supp. Obj. No. 9 related to the terms "Enalapril Liquid Patents," "First Wave Patents," "First Wave Suits," "Related Patent Applications," "Related Patent Litigation," "Second Wave Patents," "Second Wave Suit," "Third Wave Patents," and "Third Wave Suits" is meritless. Azurity has failed to provide any explanation as to why compliance with the full scope of Bionpharma's supplemental definitions in responding to the requests would be overly broad, unduly burdensome, or disproportionate to the needs of the case. Responsive documents and information beyond the '023 and '405 patents are directly relevant to Bionpharma's defenses and

Wendy L. Devine
Page 4
May 2, 2022

counterclaims including non-infringement, invalidity, Azurity's unclean hands, and *res judicata*. Please confirm that Azurity is not withholding information pursuant to this improper objection.

**Azurity's Specific Objections to Bionpharma's Rule 34 Requests**

Request No. 1:  Azurity has come forward with no credible explanation as to why it should not have to produce documents concerning the prosecution of the '621 patent and communications regarding the '621 patent with the PTO or FDA. Such documents are eminently relevant to Bionpharma's counterclaims and affirmative defenses such as invalidity, *res judicata*, and Azurity's unclean hands. The '621 patent is part of the same patent family as the '023 and '405 patents, and statements made to the PTO or FDA are relevant to Bionpharma's Section 112 defenses. Further, Azurity's claim that the documents sought through these requests are duplicative of documents that Azurity has produced or will produce is meritless—if that is the case, Azurity should not have refused to produce documents responsive to this request.  Is Azurity withholding any documents responsive to these requests?  If so, that would be improper, and Azurity must notify Bionpharma if it is withholding responsive documents. If all of the responsive documents have already been produced, Azurity must so confirm in writing.

Request No. 4:  Azurity has come forward with no credible explanation as to why it should not have to produce documents responsive to this Request. Azurity's boilerplate objections fail to demonstrate why Azurity should not produce the requested documents.  Documents concerning discussions, considerations, or decisions by Plaintiff to prosecute the Enalapril Liquid Patents and/or Related Patent Applications are directly relevant to Bionpharma's invalidity defenses and the unenforceability of the asserted patents based on Azurity's unclean hands arising from its business and litigation misconduct. Please immediately withdraw your baseless objections to this Request and produce the requested documents.

Request No. 5:  Azurity's refusal to produce prior art to the patents-in-suit, as well as those patents that were part of the Second Wave Suit and Related Patent Applications is entirely unsupportable. Please immediately withdraw your baseless objections to this Request and produce the requested documents.  Azurity's allegation that Request No. 5 is duplicative of other requests is also baseless—Azurity must confirm that it is producing or has produced the requested documents; if not, Azurity must identify what it is refusing to produce.

Request No. 6:  Azurity's limitation to only produce things responsive to these requests "with respect to the Patents-in-Suit" is baseless and should be withdrawn immediately. Documents concerning the Enalapril Liquid Patents, Second Wave Patents and Related Patent Applications are relevant to Bionpharma's invalidity and unclean hands counterclaims and defenses. Please immediately withdraw your baseless objections to this Request and produce the requested documents.

Wendy L. Devine
Page 5
May 2, 2022

Request No. 7: In response to Azurity's objection, Bionpharma clarifies that this request seeks non-privileged documents that are not duplicative of those produced in the prior litigations. We do not believe that Azurity has produced all of the responsive materials in the prior litigations. At the meet and confer, please confirm that Azurity has produced the requested documents and will supplement its production with any responsive, unproduced documents.

Request No. 8: This request seeks documents relating to the Examples set forth in the Enalapril Liquid Patents, Related Patent Applications, and any declarations submitted to the USPTO, including all notebooks and data from tests related to those Examples. It is not limited to only those documents related to the "declarations submitted during the prosecution of the Patents-in-Suit." Please confirm that the documents Azurity has produced and will produce include all of the notebooks and other documents reflecting data from testing related to the Examples and declarations, and not solely those limited to the "declarations submitted during the prosecution of the Patents-in-Suit."

Request Nos. 9, 40-41: Bionpharma is entitled to documents responsive to these Requests, as non-privileged documents pertaining to searches, investigations, reports, opinions, studies, or analyses relating to the Enalapril Liquid Patents, the First Wave Suits, the Second Wave Suit, the Third Wave Suits, Related Patent Litigations, as well as the Second Wave Patents and the Third Wave Patents are relevant to the invalidity and unclean hands defenses in this case. This request would also include expert reports concerning the validity of the Second Wave Patents or the Third Wave Patents produced by Alkem or Annora. Please withdraw your baseless objections to these requests and produce the requested non-privileged documents.

Request No. 10: These requests seek documents concerning any secondary considerations of non-obviousness to the patents-in-suit, such as unexpected results or commercial success. Such documents are indisputably relevant to Bionpharma's invalidity defenses in the case. That Bionpharma has not yet served its invalidity contentions in the case is of no moment—Azurity already has the invalidity arguments raised by Bionpharma in the briefing and declarations filed in connection with Azurity's preliminary injunction motions. Azurity must produce any documents supporting or undercutting any secondary considerations Azurity intends to rely on. To the extent any one of these request seeks information regarding a secondary consideration that Azurity will not be relying on, then Azurity must affirmatively state that. Please withdraw your baseless objections to these requests and produce the requested information.

Request Nos. 11-14: Azurity has come forward with no credible explanation as to why it should not have to produce documents concerning Azurity's ownership, relationships, agreements, and communications with NovaQuest and CoreRx. Such documents are eminently relevant to Bionpharma's defenses of non-infringement and Azurity's inability to enforce the patents-in-suit as a result of Azurity's unclean hands. Please withdraw your baseless objections to these requests and produce the requested information.

Wendy L. Devine
Page 6
May 2, 2022

Request Nos. 15, 20: These requests seek settlement agreements between Azurity and either NovaQuest and CoreRx relating to the Enalapril Liquid Patents, Related Patent Applications, Epaned, and/or NDA No. 208686, as well as documents concerning the Azurity-CoreRx LSA. Azurity states that it has produced the sham "Litigation Settlement Agreement with CoreRx" but will not produce additional documents and things responsive to this Request. Are there any other settlement agreements or non-privileged correspondence between executives and/or board members concerning the Azurity-CoreRx LSA? Is Azurity withholding any documents responsive to these requests? If so, that would be improper, and Azurity must notify Bionpharma if it is withholding responsive documents.

Request Nos. 16-19: Azurity's refusal to produce documents responsive to these Requests are improper. Bionpharma is entitled to any documents relating to any licenses, assignments, or agreements involving the Enalapril Liquid Patents or Related Patent Applications, including any settlement agreements concerning the patents-in-suit that involve a license or assignment. Co-marketing agreements or authorized generic agreements must also be produced. Such documents are eminently relevant now that Azurity is seeking damages, such as lost profits or a reasonable royalty. Bionpharma is aware of at least one agreement Azurity has entered into concerning its Enalapril Liquid Patents—the settlement agreement it reached with Amneal, and any corresponding authorized generic agreement. Thus Bionpharma knows there are non-privileged documents responsive to these Requests in Azurity's possession, and Azurity must produce them. Please withdraw your baseless objections to these requests and produce the requested documents immediately.

Request Nos. 21-30, 60-62: Azurity's refusal to produce documents responsive to these Requests is improper. Bionpharma is entitled to any documents and communications relating to competition to Epaned, including Bionpharma and CoreRx. Such documents are eminently relevant now that Azurity is seeking damages, such as lost profits or a reasonable royalty. Moreover, the documents are relevant to Bionpharma's defense that Azurity's unclean hands arising from Azurity's business and litigation misconduct renders the patents-in-suit unenforceable. Further, the requested documents are also relevant to Bionpharma's non-infringement and *res judicata* defenses. Please withdraw your baseless and boilerplate objections to these requests and produce the requested non-privileged documents immediately.

Request No. 34: Bionpharma clarifies that this Request seeks all updated profit and sales projections for Epaned since the first launch of a generic competitor to Epaned. Such documents are related to any purported damages claim as well as Bionpharma's unclean hands defense. With this clarification, please withdraw your baseless objections to this request and produce the requested documents immediately.

Wendy L. Devine
Page 7
May 2, 2022

Request Nos. 35-37:  These requests seek documents concerning projected or actual damages purportedly caused by the launch of Bionpharma's ANDA product, Annora's ANDA product, or the launch of any enalapril liquid generic to Epaned (including any authorized generic).  Such documents are indisputably relevant to any purported damages sought against Bionpharma such as lost profits or a reasonable royalty.  That future expert reports may also be responsive to these requests is of no moment. Bionpharma is entitled to any fact discovery, including non-privileged internal documents, relating to Plaintiff's purported damages immediately. Please withdraw your baseless objections to these requests and produce the requested information.

Azurity has come forward with no credible explanation as to why it should not have to produce documents concerning the prosecution of the patents-in-suit.  Such documents are eminently relevant to the invalidity of the patents-in-suit.  Azurity's claim that the documents sought through these requests are duplicative of documents that Azurity has or will produce is meritless—if that is the case, Azurity should not have refused to produce documents responsive to these requests.  Is Azurity withholding any documents responsive to these requests?  If so, that would be improper, and Azurity must notify Bionpharma if it is withholding responsive documents.

Request Nos. 42-43: These requests seek documents concerning valuations of damages or royalty licenses in connection with the Enalapril Liquid Patents, Related Patent Applications, and/or the Third Wave Patents.  Such documents are indisputably relevant to any purported damages sought against Bionpharma such as lost profits or a reasonable royalty.  That future expert reports may also be responsive to these requests is of no moment. Bionpharma is entitled to any fact discovery, including non-privileged internal documents, relating to Plaintiff's purported damage claims immediately. Please withdraw your baseless objections to these requests and produce the requested information.

Request Nos. 44-53, 59, 63: Bionpharma will defer addressing Azurity's objections to these Requests until the Court resolves Azurity's motion to stay antitrust discovery.  Bionpharma reserves the right to follow up on these requests after the Court resolves the pending motion.

Request Nos. 54-58:  These requests seek documents concerning any secondary considerations of non-obviousness to the patents-in-suit, such as unexpected results or commercial success, as well as documents relevant to damages.  Such documents are indisputably relevant to Bionpharma's invalidity defenses and the lack of damages in the case.  That Bionpharma has not yet served its invalidity contentions or an expert report on damages in the case is of no moment—Azurity already has the invalidity arguments raised by Bionpharma in the briefing and declarations filed in connection with Azurity's preliminary injunction motions. Azurity must produce any documents supporting or undercutting any secondary considerations Azurity intends to rely on as well as documents impacting any damages analysis.  To the extent any one of these request seeks information regarding a secondary consideration that Azurity will not be relying on, then Azurity

Wendy L. Devine
Page 8
May 2, 2022

must affirmatively state that. Please withdraw your baseless objections to these requests and produce the requested information.

Request Nos. 60-62, 64-66: Azurity's refusal to produce documents responsive to these Requests are improper. Bionpharma is entitled to any documents and communications relating to competition to Epaned, including Azurity's responses, strategies to prevent or delay competition, and Plaintiff's litigation efforts against Biopharma. Such documents are relevant to Bionpharma's defense that Azurity's unclean hands arising from Azurity's business and litigation misconduct renders the patents-in-suit unenforceable. Please withdraw your baseless and boilerplate objections to these requests and produce the requested non-privileged documents immediately.

**Azurity's Specific Objections to Bionpharma's Interrogatories**

Interrogatory Nos. 1 and 2: Azurity must immediately supplement its answers to these Interrogatories. Azurity is simply incorrect in saying that "this interrogatory is premature as Bionpharma has yet to provide any invalidity analysis of the Patents-in-Suit." Bionpharma already provided invalidity analysis, including the obviousness of the Patents-in-Suit, in Bionpharma's briefing responding to Azurity's preliminary injunction motion and in Bionpharma's supportive expert declarations. That Bionpharma has not yet served its formal invalidity contentions in the case is of no moment—Azurity must identify any facts and information supporting or undercutting Plaintiff's contention(s) that the asserted claims are valid (or not invalid), including any secondary considerations Azurity intends to rely on regarding the purported validity of the Third Wave Patent claims. To the extent Azurity will not be relying on any secondary considerations to support any contention that the claims are not obvious, then Azurity must affirmatively state that. Please withdraw your baseless objections to these Interrogatories and supplement your answers to produce the requested information.

Interrogatory No. 3: Azurity must immediately supplement its answers to this Interrogatory. Bionpharma has already raised a non-infringement defense based on the license it has to the Third Wave Patents under the MMSA, and that Bionpharma falls within the definition of "CoreRx" in the MMSA as an affiliate, as that term is defined in Section 1.1 of the MMSA. Azurity's excuse from fully answering this interrogatory, because Azurity believes Bionpharma's explanation is "conclusory," such that Azurity need not respond at this time is without basis in fact and in law, and conflicts with Azurity's obligations under the Federal Rules of Civil Procedure. Azurity must provide its factual and legal bases and supporting evidence for Azurity's contention that Bionpharma does not have a license to the Third Wave Patents under the MMSA if that is Azurity's position. Please withdraw your baseless objections to this Interrogatory and supplement your answer to produce the requested information.

Interrogatory No. 4: Azurity must immediately supplement its answers to this Interrogatory. Azurity states it is "unable" to provide answers to the extent it requests information vis-à-vis

Wendy L. Devine
Page 9
May 2, 2022

NovaQuest's interest in CoreRx and vice versa.  But this interrogatory simply seeks information within Azurity's possession, custody, and control regarding the relationship that NovaQuest has with CoreRx and vice versa; if Azurity has no knowledge regarding NovaQuest's relationship with CoreRx, then Azurity is required to state as much in its answer. Azurity has also stated no proper reason for delaying a proper and meaningful answer to this Interrogatory. Please withdraw your baseless objections to this Interrogatory and supplement your answer to produce the requested information immediately.

\*   \*   \*

Please immediately withdraw Azurity's baseless objections to the Rule 34 requests and Rule 33 interrogatories identified above or let us know your availability to meet and confer regarding these requests.

Sincerely,

TAFT STETTINIUS & HOLLISTER LLP

/s/Aaron M. Johnson