IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AZURITY PHARMACEUTICALS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 21-1286 (MSG) |
| v. | ) C.A. No. 21-1455 (MSG) |
| | ) |
| BIONPHARMA INC., | ) REDACTED - PUBLIC VERSION |
| | ) |
| Defendant. | ) |

**AZURITY'S LETTER BRIEF TO THE HONORABLE MITCHELL S. GOLDBERG
REGARDING DISCOVERY DISPUTES**

OF COUNSEL:

Wendy L. Devine
Kristina M. Hanson
Nicholas Halkowski
WILSON SONSINI GOODRICH & ROSATI, P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2000

Natalie J. Morgan
Evan Sumner
Granville C. Kaufman
WILSON SONSINI GOODRICH & ROSATI, P.C.
12235 El Camino Real, Suite 200
San Diego, CA 92130
(858) 350-2300

Ty W. Callahan
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
(323) 210-2900

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiff Azurity
Pharmaceuticals, Inc.*

Jeffrey C. Bank
Alexander Poonai
WILSON SONSINI GOODRICH & ROSATI, P.C.
1700 K Street NW, Fifth Floor
Washington, DC 20006
(202) 973-8800

Originally Filed: November 28, 2022
Redacted Version Filed: December 5, 2022

Dear Judge Goldberg:

Pursuant to the Court's order setting a status conference in response to, among other things, Plaintiff's request for a discovery dispute teleconference (D.I. 217[1]), Plaintiff Azurity Pharmaceuticals, Inc. ("Azurity") moves this Court to order defendant Bionpharma, Inc. ("Bionpharma") to comply with its discovery obligations. Bionpharma has ignored the Scheduling Order, rescinded agreements to supplement interrogatories and produce documents, and preliminarily refused to respond to properly propounded discovery requests.[2]

Specifically, Azurity respectfully requests that the Court order Bionpharma to: (1) supplement its answers to Azurity's damages interrogatories (Ex. A, Interrogatory Nos. 5-10), as Bionpharma previously agreed to do; (2) produce damages related documents, as Bionpharma previously agreed to do (Exs. B, C); (3) supplement its interrogatories from Case Nos. 18-1962-LPS and 19-1067-LPS (Exs. D, E) pursuant to paragraph 7(e) of the Scheduling Order (D.I. 126) in this case; and (4) timely respond to Azurity's Requests for Production Nos. 81-120 relating to Bionpharma's unclean hands defense and antitrust counterclaims (Ex. F).

1. <u>Interrogatories Related to Damages</u>

Azurity's Interrogatory Nos. 5-10 request information regarding damages for patent infringement, topics both parties acknowledge are relevant to the litigation. Bionpharma refused to answer these interrogatories on, among other things, numerosity grounds. Bionpharma's response refused to provide any of the requested information, based on an argument that Azurity had exceeded the total number of allotted interrogatories (15) by using a unique method of counting interrogatories: for example, Interrogatory No. 3 requests Bionpharma provide the factual and legal bases and supporting evidence for Bionpharma's affirmative defenses (unclean hands, estoppel, and waiver). Ex. G at 17. Bionpharma determined this should be counted as 12 different interrogatories (one each for facts, one for the legal bases, one for the documents and things, and one for the witnesses related to each affirmative defense). *Id.*

After a month of lengthy, contentious correspondence on this issue (among others),[3] "Bionpharma [] agree[d] to drop its numerosity objections for Azurity ROG Nos. 5-10 and ***supplement its responses to those interrogatories***" on the condition that Azurity also agree to supplement certain of its responses, which Azurity agreed to do. Ex. H at 3 (emphasis added). However, when Azurity attempted to confirm a date sufficiently in advance of depositions for the parties' mutual supplementation, Bionpharma stated that it was seeking to stay all discovery. *Id.* at 1. When Azurity attempted to discuss these interrogatories on a November 8th meet and confer, counsel for Bionpharma hung-up on counsel for Azurity.

There is no dispute that the topics of these interrogatories are relevant to the damages issues in this case. Bionpharma has not identified an undue burden to it in responding to these interrogatories. Indeed, as noted above, Bionpharma previously agreed to supplement these

---

[1] Citations to docket entries are to the docket for C.A. No. 21-1286-MSG unless otherwise noted.

[2] As Azurity detailed in its request to schedule a discovery dispute teleconference (and related correspondence), Azurity has sought to resolve these disputes (and/or confirm that Bionpharma will respond to the discovery requests) with counsel for Bionpharma, but Bionpharma has refused to provide assurances that it will respond, refused to discuss the disputes, and/or been unprepared to discuss the disputes. *See* D.I. 217, 223.

[3] If the Court wishes to review such correspondence, Azurity will provide it but has not done so with this letter so as not to inundate the Court with attorney correspondence.

The Honorable Mitchell S. Goldberg
November 28, 2022
Page 2

interrogatories as long as Azurity likewise supplemented certain interrogatory responses.[4] For these reasons, Azurity respectfully requests that Bionpharma be ordered to respond to Interrogatory Nos. 5-10.

2.  Documents Relating to Damages

The dispute relating to damages documents relates directly to the dispute relating to the damages interrogatories outlined above. In a September 9, 2022 letter, Azurity noted deficiencies in Bionpharma's responses to Azurity's Requests for Production Nos. 1-32, which related mostly to damages issues. Ex. I. Bionpharma noted perceived deficiencies in Azurity's responses to Bionpharma's damages-related document requests. During an October 6th meet and confer, the parties *agreed to mutually produce* certain damages documents. Ex. H at 2-5. Azurity followed through on this agreement and produced these documents. *Id.* at 2-3. Bionpharma did not.

As with the interrogatory responses, Bionpharma has refused to discuss this issue further and has refused to produce documents despite its counsel's agreement to do so. *See, e.g.*, *id.* at 1-2. Requests for Production Nos. 1-32 (Ex. B) concern documents relating to or showing financial statements, costs, the number of units sold of the ANDA Product, revenue obtained from sales of the ANDA product, profits obtained from sales of the ANDA Product, distribution channels, market share of the ANDA Product and competing products, marketing, and customer feedback. Again, there is no dispute over the relevance of such documents. Nor is it unduly burdensome for Bionpharma to produce them—again, Bionpharma previously agreed to produce these documents. Azurity requests that the Court order Bionpharma to stand by its prior agreement and produce documents responsive to Requests for Production Nos. 1-32.

3.  Court Ordered Supplementation of Interrogatory Responses from the Prior Litigation

Azurity further requests that the Court order Bionpharma to comply with the Scheduling Order and supplement its interrogatory responses from the prior litigation, which the Scheduling Order made operative in these cases. *See* Ex. J. When the Scheduling Order was entered in this case, **Bionpharma** asked the Court to include the following clause over Azurity's objections:

> All interrogatories and responses thereto served in Civil Action Nos. 18-1962-LPS and 19-1067-LPS shall either be reproduced in the instant action or, if already in the possession of the receiving party, be deemed served, and shall have the same effect in the instant actions. Responses to interrogatories served in Civil Action Nos. 18-1962-LPS and 19-1067-LPS ***may be supplemented or corrected in accordance with the Federal Rules of Civil Procedure***.

D.I. 126, ¶ 7(e)(i) (emphasis added). The language that Bionpharma asked for—and received—is clear: although the discovery responses from the previous cases are automatically operative in these actions, they may still be updated, as appropriate, to make them complete, correct errors, or account for new information. Although the Scheduling Order uses the word "may," the Federal Rules of Civil Procedure are unambiguous in requiring that a party "***must*** supplement or correct its disclosure or response" (or otherwise inform the other party) if the responses are incomplete or incorrect. Fed. R. Civ. P. 26(e)(1) (emphasis added). As previously described (which Azurity will

---

[4] Although Azurity has not yet served its supplemental responses, Azurity is ready to do so at any time. Azurity has not served thus far because Bionpharma has not agreed to a proposed date for the contemplated mutual supplementation. Indeed, on the date Azurity had originally proposed for such an exchange, Bionpharma instead filed its motion to stay the entire case.

The Honorable Mitchell S. Goldberg
November 28, 2022
Page 3

not repeat here), Bionpharma has refused to discuss updating its responses, stating only that it is "considering" Azurity's request. D.I. 223 at 2.

These interrogatories seek information relating to individuals with knowledge of Bionpharma's ANDA (prior Interrogatory No. 1); testing performed on the ANDA Product (prior Interrogatory No. 2); a description of the ANDA Product's development (prior Interrogatory No. 3); persons who have communicated with the FDA (prior Interrogatory No. 4); plans relating to the launch of the ANDA Product (prior Interrogatory No. 6); details regarding the development, manufacturing, distribution, and marketing of the ANDA Product (prior Interrogatory No. 7); manufacturing process details (prior Interrogatory No. 9); details relating to shipments of the ANDA Product (prior Interrogatory No. 11); any testing relating to alternative enalapril formulations (prior Interrogatory No. 12); and responses to Azurity's secondary considerations contentions (prior Interrogatory No. 13). *See* Exs. D, E. All of this information is still relevant to Azurity's patent infringement claims. With the changes that have occurred since the previous litigation, there is strong reason to believe that there is "additional or corrective information" (Fed. R. Civ. P. 26(e)(1)(A)) that should be disclosed in response to these interrogatories. For example, since the previous litigation, Bionpharma launched its ANDA Product, and more, recently, Bionpharma obtained a new supplier for its ANDA Product (Novitium). Ex. K.

Bionpharma does not dispute the relevance of this information or identify an undue burden in complying. Instead, Bionpharma's primary complaint is that Azurity waited too long to raise this issue. D.I. 218 at 2. But it is Bionpharma's obligation to comply with the Scheduling Order and Fed. R. Civ. P. 26, not Azurity's burden to remind Bionpharma it is required to comply with court orders. In any event, Azurity raised Bionpharma's failure to supplement in accordance with the Scheduling Order two months before the scheduled close of fact discovery. Ex. J at 3. Azurity requests that Bionpharma be ordered to supplement its interrogatory responses from the prior litigations to include new information.

4. <u>Documents Relating to Unclean Hands and Antitrust Issues</u>

Bionpharma refuses to confirm it will produce documents in response to Azurity's Requests for Production Nos. 81-120. As outlined in Azurity's Answering Brief in Opposition to Bionpharma's Motion to Stay, Bionpharma's position regarding antitrust discovery has changed several times. D.I. 238 at 6-8. As recently as November 2, Bionpharma took the position that antitrust discovery should proceed. Ex. L. Bionpharma requested Azurity withdraw its Motion to Stay Antitrust Discovery, which Azurity did. D.I. 211, 212. Yet, Bionpharma has said that they will not respond to Azurity's antitrust discovery, even though timely served. Azurity respectfully requests that the Court order Bionpharma to timely produce the requested discovery.

Respectfully,

*/s/ Megan E. Dellinger*

Megan E. Dellinger (#5739)

MED/bac
Attachments

cc:   All Counsel of Record (via electronic mail; w/attachments)