**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| AZURITY PHARMACEUTICALS, INC., | |
| *Plaintiff*, | C.A. No. 21-1286-MSG |
| v. | (consolidated) |
| BIONPHARMA INC., *et al.*, | |
| *Defendants*. | |

**DEFENDANT BIONPHARMA'S LETTER REQUESTING AN ORDER COMPELLING PLAINTIFF AZURITY TO PRODUCE ANTITRUST-SPECIFIC DOCUMENTS AND SUPPLEMENT INITIAL DISCLOSURES**

*Of Counsel*:

Andrew M. Alul
Luke T. Shannon
Roshan P. Shrestha, Ph.D.
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
312-527-4000

Aaron M. Johnson
TAFT STETTINIUS & HOLLISTER LLP
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
612-977-8400

Christopher J. Kelly
MAYER BROWN LLP
Two Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2112
(650) 331-2000

Dated:  June 1, 2023

John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE  19806
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Defendant*
*Bionpharma Inc.*

Defendant Bionpharma requests an order compelling Plaintiff Azurity to produce certain antitrust-specific documents and to supplement its initial disclosures under Rule 3 of this Court's Default Standard for Discovery[1] ("Default Rule 3") to identify its board members.[2]

## INTRODUCTION AND SUMMARY OF FACTS

Nearly a year and a half after fact discovery was opened in these cases, Azurity has yet to produce the bulk of the antitrust-specific documents that Bionpharma requested on March 21, 2022. After the stay in these cases was lifted on February 7, 2023, Bionpharma repeatedly requested that Azurity supplement its responses to Bionpharma's antitrust discovery requests—requests that Azurity steadfastly had refused to comply with throughout last year—and to supplement its Rule 3 initial disclosures to identify its board members as custodians whose files Azurity would search for responsive documents. Ex. A, Shannon 2/21/23 Ltr. at 1; Ex. B, 3/1/23 Shannon Ltr. at 1, 3-4. On March 28, 2023, Azurity finally supplemented its responses to Bionpharma's antitrust requests for production ("RFP[s]"), and indicated that it would produce, or would search for and produce, documents in response to 30 of those RFPs. Ex. C, Supplemental Resps. to RFP Nos. 11-14, 20-25, 27-29, 44-47, 49-51, 53-58, 60, 63-66. Since then, however, Azurity has backtracked, taking the position that its antitrust production is "substantially complete" and that it does not intend to produce any further antitrust-specific documents. Ex. D, 5/2/23 Shannon email; *id*. at 5/9/23, 5/17/23 Poonai emails. On May 5, Azurity finally supplemented its Rule 3 initial disclosures, but refused to identify any of its board members—many of whom are the subject of allegations in Bionpharma's antitrust counterclaims—as document custodians. The parties met and conferred on these issues over the course of weeks[3] but remain at an impasse. Ex. D, 4/28/23, 5/9/23, 5/17/23 Poonai emails; *id*. at 5/2/23, 5/8/23, 5/11/23, 5/15/23 Shannon emails.

Adding an additional layer of complication to all of this, Azurity seeks a protective order ("PO") precluding Bionpharma from deposing Azurity's board members under the apex doctrine—under which some courts will not allow the deposition of high-ranking officials who do not have first-hand knowledge of relevant information, or if there are others equally well suited to provide the information, *see British Telecomms. PLC v. IAC/Interactivecorp*, C.A., No. 18-366-

---

[1] *See* https://www.ded.uscourts.gov/default-standard-discovery.

[2] The parties have resolved the last dispute identified in Bionpharma's list of disputes for judicial resolution (infringement/invalidity documents served in related cases). D.I. 315 at 2.

[3] Any suggestion from Azurity that the dispute over Azurity's failure to produce antitrust-specific documents it said it would produce on March 28 is premature, or that Bionpharma has not satisfied its meet and confer ("M&C") obligations, is belied by the email correspondence attached hereto at Exhibit D. As can be seen, Azurity has never been interested in discussing why it has not and will not produce the antitrust-specific documents it said it was going to produce on March 28. Instead, its failure to produce these documents has always been inextricably intertwined with Azurity's demand, based on the so-called "apex doctrine," that Bionpharma withdraw its Rule 30(b)(1) deposition notices of Azurity's board members. *See, e.g.*, Ex. D, Shannon 5/2/23 email. Moreover, prior to the filing of the parties' joint letter requesting a discovery dispute teleconference (D.I. 315), Bionpharma's counsel repeatedly invited Azurity's counsel to call directly to discuss any outstanding issues, but Azurity's counsel refused. *See* Ex. D, 5/17/23 and 5/18/23 Shannon emails; *id*. at 5/18/20 Poonai email. In other words, Azurity is holding its antitrust production hostage to its apex doctrine position.

WCB, 2020 WL 1043974, at *8 (D. Del. Mar. 4, 2020)—without ever searching its board members' custodial files and producing documents that may show unique knowledge on the part of those board members.  D.I. 315[4] at 2.  Azurity is putting the cart before the horse, and should be compelled to immediately produce the antitrust-specific documents that Bionpharma seeks and to supplement its Rule 3 initial disclosures.

## ARGUMENT

### I.   AZURITY SHOULD BE COMPELLED TO PRODUCE ANTITRUST-SPECIFIC DOCUMENTS

A year after Bionpharma served its antitrust RFPs, and after **repeated** requests for Azurity to supplement those responses, Azurity finally did so on March 28, 2023, representing that it would produce, or search for and produce, numerous categories of antitrust documents, including:  (1) documents and communications between Azurity and either NovaQuest (its parent (D.I. 135, Bionpharma's CCLS ¶¶ 16-19)) or CoreRx (its corporate sister (*id.*)) concerning the patents-in-suit, Epaned, Bionpharma, and Bionpharma's ANDA product (Ex. C, Supplemental Resp. to RFP Nos. 14, 22-24); (2) documents concerning Azurity's decision to sue CoreRx and to settle those alleged "disputes" (Ex. C, Supplemental Resp. to RFP Nos. 20, 28-19); D.I. 135, Bionpharma's CCLS ¶¶ 146-58, 175-83); and (3) documents concerning Azurity's decision to sue Bionpharma for alleged infringement of 9 related patents over three waves of litigation (Ex. C, Supplemental Resp. to RFP Nos. 64-66).

These documents, although just a subset of the antitrust-specific documents Bionpharma has requested, are highly material to Bionpharma's antitrust claims.  In particular, they may shed light on the anticompetitive conduct pleaded in Bionpharma's antitrust claims, including Azurity's puzzling decision to sue its own corporate sister (CoreRx)—**twice**—for alleged infringement of the patents-in-suit.  Moreover, these documents may also show who was involved in that decision. Indeed, Bionpharma has pleaded that Azurity colluded with NovaQuest and CoreRx to file and "settle" its suits with CoreRx as a pretense for CoreRx to breach its agreement to supply Bionpharma's ANDA product, and has specifically alleged that Azurity's board members—some of whom are partners in NovaQuest and simultaneously sit on CoreRx's board—were involved in orchestrating and executing Azurity's sham suits against CoreRx.  D.I. 135, Bionpharma's CCLS ¶¶ 16-24, 146-58, 175-83.  Azurity's board members are thus both a natural subject of inquiry and a likely source of these documents.

However, despite Azurity's repeated representations to this Court that it could satisfy its discovery obligations **and complete all fact discovery by May 5, 2023** (D.I. 264 at 1, 3-4; D.I. 289 at 1; Ex. D, Shannon 5/2/23 email), Bionpharma has not yet received any of these documents, or much of the other antitrust production that Azurity promised on March 28.  Instead, since then, Azurity has revealed in M&C emails and phone conferences that it believes its antitrust production is "substantially complete" and that it does not intend to provide any further antitrust production going forward.[5]  Ex. D, 5/2/23 Shannon email; *id.* at 5/9/23, 5/17/23 Poonai emails.  There is a

---

[4] All "D.I." citations are to the 21-1286 lead docket unless otherwise specified.

[5] When asked why Azurity has not yet produced these antitrust documents, Azurity's counsel responded that it was "investigating [this] . . . issue and w[ould] revert."  Ex. D, 5/18/23 Poonai

gross inconsistency between Azurity's March 28 promised production and its subsequent proclamation that its antitrust production is "substantially complete" and that Bionpharma should not expect any further antitrust production. Azurity should be compelled to produce the documents it agreed to produce on March 28. Moreover, Bionpharma submits that, prior to the production of these documents, Azurity's PO request—seeking to quash Bionpharma's deposition notices to Azurity's board members—is entirely premature and should be denied for that reason alone.[6]  *See In re Tylenol (Acetominophen) Mktg., Sales Practices and Prods. Liability Litig.*, C.A. No. 14-mc-00072, 2014 WL 3035791, at \*2-3 (E.D. Pa. July 1, 2014) (refusing to preclude deposition of high ranking executing because documents produced showed active involvement and unique knowledge); *Apple Inc. v. Samsung Elecs Co.*, 282 F.R.D. 259, 264-65 (N.D. Cal. 2012) (same).

## II. AZURITY SHOULD BE ORDERED TO SUPPLEMENT ITS RULE 3 INITIAL DISCLOSURES BY IDENTIFYING ITS BOARD MEMBERS AS CUSTODIANS

Azurity intends to seek a PO precluding the deposition of its board members under the apex doctrine ***without even searching their custodial files for responsive documents***, undermining Bionpharma's ability to rebut Azurity's apex doctrine claims. Default Rule 3 requires each party to identify up to "10 custodians most likely to have discoverable information in their possession, custody or control," and a party may request that a producing party search the files of more than 10 custodians if it "is able to provide particularized information which demonstrates the need for an expanded search." *Frontier Commc'n Corp. v. Google Inc.*, C.A. No. 10-545-GMS, 2014 WL 12606321, at \*3-4 (D. Del. Feb. 3, 2014). In its most recent Rule 3 initial disclosures, Azurity has designated only 6 custodians, only one of whom is on Azurity's board (Amit Patel, its Executive Chairman). But Bionpharma's antitrust counterclaims allege anticompetitive conduct on the part of other current or former Azurity board members, including Nailesh Bhatt, Vern Davenport, Jeff Edwards, Frank Leo, and Ashton Poole. D.I. 135, Bionpharma's CCLS ¶¶ 16-24, 146-58, 175-83. Five of those board members (Bhatt, Davenport, Edwards, Leo and Poole) sit on the seven-member board of CoreRx, the corporate sister that Azurity sued, and at least three of those board members (Davenport, Edwards, and Poole) are partners at NovaQuest.[7] It is incomprehensible that these individuals—***who sit*** on the boards of both Azurity and the corporate sister it sued (CoreRx), and at least three of whom ***are also partners*** at the two affiliates' corporate parent (NovaQuest)—would have no discoverable information in their custodial files. This Court should order that Azurity supplement its Rule 3 initial disclosures to identify Messrs. Bhatt, Davenport, Edwards, Leo, and Poole as custodians whose files it will search for responsive documents.

---

email. This response was nonsensical; Azurity had ***already committed*** to producing these documents in late March and has repeatedly represented to this Court that it could complete fact discovery by May 5, 2023. D.I. 264 at 1, 3-4; D.I. 289 at 1; Ex. D, Shannon 5/2/23 email.
[6] As Bionpharma will explain in its opposition to Azurity's PO request (D.I. 315 at 2), even if the instant motion to compel is denied, Azurity's PO request should still be denied, as Bionpharma itself has produced documents showing that several of Azurity's board members likely have unique knowledge regarding the facts alleged in Bionpharma's antitrust counterclaims.
[7]  *See* https://azurity.com/board-of-directors/; https://www.qhpcapital.com/team#leadership; https://www.corerxpharma.com/about/our-board/. Since Bionpharma's counterclaims were filed, NovaQuest has changed its name to QHP Capital. Ex. E at 3.

Dated:  June 1, 2023

/s/ John C. Phillips, Jr.
John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE  19806
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Of Counsel*:

Andrew M. Alul
Luke T. Shannon
Roshan P. Shrestha, Ph.D.
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
312-527-4000
aalul@taftlaw.com
lshannon@taftlaw.com
rshrestha@taftlaw.com

Aaron M. Johnson
TAFT STETTINIUS & HOLLISTER LLP
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
612-977-8400
ajohnson@taftlaw.com

Christopher J. Kelly
MAYER BROWN LLP
Two Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2112
(650) 331-2000
cjkelly@mayerbrown.com

*Attorneys for Defendant*
*Bionpharma Inc.*

4