# EXHIBIT A



111 East Wacker Drive, Suite 2600
Chicago, IL 60601-4208
Tel: 312.527.4000 | Fax: 312.527.4011
taftlaw.com

**Luke T. Shannon**
312.836.4115
312.527.4011 (fax)
lshannon@taftlaw.com

February 21, 2023

*Via Email*
Granville C. Kaufman (gkaufman@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI
12235 El Camino Real
San Diego, CA 92130

Re:  *Azurity Pharm., Inc. v. Bionpharma Inc.*, C.A. Nos. 21-1286, 21-1455 (MSG) (D. Del.)

Dear Counsel:

We write regarding Azurity's continued delinquent and deficient Responses and Answers to Bionpharma's outstanding discovery requests, particularly those pertaining to Bionpharma's Counterclaims III or IV (Bionpharma's "Antitrust Counterclaims"), as well as Azurity's obligation to supplement its Initial Disclosures pursuant to Rule 26(a)(1) and Paragraph 3 of the Delaware Default Standard for Discovery. We hereby reiterate our demand that Azurity immediately supplement these Responses, Answers, and Initial Disclosures, and also supplement its document production without any further delay. While the below discussion relates primarily to outstanding antitrust discovery, other deficiencies remain and nothing herein is a waiver of Bionpharma's ability to address deficiencies not here raised. Bionpharma further reserves the right to raise additional deficiencies should they remain after (or be introduced by) Azurity's supplementation.

To date, Azurity has unequivocally refused to produce discovery relating to Bionpharma's Antitrust Counterclaims. Whether in (unfounded) objections to numerous document requests and interrogatories, or in correspondence in response to Bionpharma's deficiency letters (*e.g.*, July 3, 2022 Ltr. from Kaufman to Johnson (asserting that Azurity need not identify individuals having knowledge regarding Bionpharma's antitrust counterclaims because it "moved to dismiss those claims and has asked the Court to stay discovery pending the outcome of that motion")), Azurity has pointed to its now-denied Motion to Dismiss Bionpharma's Antitrust Counterclaims and Motion to Stay Antitrust Discovery as its basis for asserting that it was under no obligation to comply with discovery under the Rules. We explained to you numerous times over the past year that Azurity's position improperly treated its Motion as granted, the effect of which has been to unilaterally stall antitrust discovery and thwart Bionpharma's efforts to obtain discovery it needs and to which it is entitled.

February 21, 2023
Page 2

Now that the Court has denied Azurity's Motion to Dismiss, Azurity can no longer forestall antitrust discovery. Azurity's objections—baseless before—are now undeniably inappropriate and must be withdrawn, and Azurity must produce the discovery consistent with its obligations under the Rules. To that end, we demand that Azurity immediately supplement its Responses to Bionpharma's Requests for Production, its Answers to Interrogatories, and its Rule 26(a) and Paragraph 3 Initial Disclosures.

Several examples illustrate Azurity's deficiencies. General Objection No. 14 in Azurity's Objections and Responses to Bionpharma's First Set of Requests for Production states, "Azurity objects to each Request to the extent that is seeks information related to Bionpharma's Counterclaim Count III or IV ('Antitrust Counterclaims')." In turn, each of Azurity's Responses to Requests Nos. 11-30, 40, 41, 44-51, 53-57, and 61-66 (that is, a total of **41 of Azurity's Responses**) objects "to the extent [the Request] seeks information related to Bionpharma's Antitrust Counterclaims." In response to **39 of those 41 Responses**—all but Responses to Request Nos 15 and 20—Azurity explicitly states that it will not produce responsive documents. In its Response to Request Nos. 15 and 20, Azurity simply states that it "has already produced with the Litigation Settlement Agreement with CoreRx. Azurity will not produce additional documents and things responsive to this request," without indicating whether it is withholding additional responsive documents. At a minimum, Azurity must supplement each of these 41 Responses. Given Azurity's apparent confidence that discovery can be complete within just over two months, as Azurity has represented in writing to the Court, we expect that Azurity is in a position to supplement is document production substantially by March 15, 2023, as requested below, and will not complain of any burden in doing so.

Similarly, Azurity's Answers to Bionpharma's Interrogatories remain deficient. Objection No. 20 to Bionpharma's Definitions and Instructions as set forth in Azurity's Objections and Responses to Bionpharma's First Set of Interrogatories states, "Azurity objects to Each Request [sic, Interrogatory] to the extent that it seeks information related to Bionpharma's Counterclaim Count III or IV ('Antitrust Counterclaims')." Azurity's General Objections as set forth in Azurity's Objections and Responses to Bionpharma's Second Set of Interrogatories (Nos. 5-9) contains a similar statement. In addition, Azurity responded to each of Bionpharma's Interrogatory Nos. 4-9 by objecting "to the extent [the Interrogatory] seeks information related to Bionpharma's Antitrust Counterclaims." In its Answer to Interrogatory 5, Azurity referred to Rule 33(d) and cited a total of 10 individual pages from its production; Azurity's Answer to each of Interrogatory Nos. 7-9 simply incorporates its Answer to Interrogatory No. 5 by reference. Given the dearth of substance to Azurity's Answers, Bionpharma is led to believe that Azurity is withholding responsive information, possibly based on its now-denied Motion to Dismiss. Thus, at a minimum, each of Azurity's Answers to Interrogatory Nos. 4-9 must be supplemented immediately.

Although Azurity has already supplemented its Rule 26(a) and Paragraph 3 disclosures twice already, these disclosures remain deficient in view of the Court's denial of Azurity's Motion to Dismiss. Neither disclosure identifies any individual or custodian having or likely to have information relating to Bionpharma's Antitrust Counterclaims. Given Azurity's apparent

February 21, 2023
Page 3

confidence that discovery can be completed quickly, we expect Azurity to supplement these disclosures immediately.

In short, <u>***at a minimum***</u>, Azurity must supplement its Responses to Bionpharma's Requests for Production (and its document production), its Answers to Interrogatories, and its Rule 26(a) and Paragraph 3 Initial Disclosures.  Given the Court's denial of Azurity's Motion to Dismiss, we demand that Azurity supplement its discovery responses by <u>***no later than March 1, 2023***</u> and supplement its production by <u>***no later than March 15, 2023***</u>.  Given the positions Azurity has taken before the Court, we are confident Azurity will have no objection to this timetable; we trust that Azurity has already contemplated a need for immediate supplementation of its discovery responses when it proposed a close of fact discovery of May 5, 2023.  In the event that Azurity refuses to immediately supplement its discovery responses, disclosures, and production, we request an immediate meet and confer so that we can bring Azurity's refusal to the Court's attention without further delay.

We look forward to hearing from you.

Sincerely,

Taft Stettinius & Hollister LLP

Luke T. Shannon

LTS:blk