# EXHIBIT B



111 East Wacker Drive, Suite 2600
Chicago, IL 60601-4208
Tel: 312.527.4000 | Fax: 312.527.4011
taftlaw.com

**Luke T. Shannon**
312.836.4115
312.527.4011 (fax)
lshannon@taftlaw.com

March 1, 2023

*Via Email*

Alexander Poonai (apoonai@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI
1700 K Street NW
Fifth Floor
Washington, DC 20006-3817

> **Re:** *Azurity Pharm., Inc. v. Bionpharma Inc.*, **C.A. Nos. 21-1286, 21-1455 (MSG) (D. Del.)**

Dear Alex:

We write in response to your February 27, 2023 letter.

**<u>Azurity's Antitrust Discovery Document Production Is Far From Complete</u>**

Your letter asserts that Azurity has produced "six thousand documents related to [Bionpharma's] Antitrust Counterclaims in which it alleges that Azurity's patent infringement claims against Bionpharma were and are a sham." Feb. 27, 2023 Poonai Letter at 1. We question your assertion on this—what documents are you referring to? Please provide us with Bates numbers and the corresponding Bionpharma requests for production that Azurity believes that production is responsive to.

Even if you are correct that Azurity has produced "six thousand documents" relating to Bionpharma's antitrust counterclaims, this production cannot possibly represent the universe of antitrust related documents that Bionpharma is seeking and entitled to from Azurity. As you are well aware, Bionpharma has pleaded an overall anticompetitive scheme that includes not only the filing and prosecution of the sham First, Second, and now Third Wave Suits, but also Azurity's misuse of the PTO prosecution process, improper procurement of a 30-month stay, sham litigation against CoreRx, as well as the surrounding facts and circumstances. Given the breadth of these antitrust issues in this case and the scope of materials sought by Bionpharma's document requests (served nearly a year ago), Azurity's production remains incomplete, and we look forward to receiving the remainder of Azurity's production by March 15, 2023.

Alexander Poonai, Esq.
March 1, 2023
Page 2

## Azurity Must Comply with Its Discovery Obligations in the Instant Third Wave Suits

Thank you for your February 21, 2023 production of documents from the *Bionpharma v. CoreRx* suit pending in the Southern District of New York.[1]  These documents appear to relate to Azurity's sham litigation against its corporate sister, CoreRx, and therefore appear responsive to, *inter alia*, Bionpharma RFP Nos. 28 and 30.  Left unexplained in your letter, however, is why Azurity waited until February 21, 2023 to produce the documents produced on that date.

Moreover, your letter identifies "seven outstanding documents" from the *Bionpharma v. CoreRx* suit that Azurity is withholding production of in the instant Third Wave Suits because Azurity has designated those seven documents "Outside Counsel Eyes Only" in the *Bionpharma v. CoreRx* suit.  Feb. 27, 2023 Poonai Ltr. at 1.  Azurity appears to be conflating the *Bionpharma v. CoreRx* suit, and its discovery obligations there, with the instant Third Wave Suits and its discovery obligations in these suits.  This is completely improper.  The *Bionpharma v. CoreRx* suit is before a different court and involves different claims and issues, and is not related to, consolidated with, or otherwise coordinated with these Third Wave Suits.  The fact that Azurity may have produced materials in the *Bionpharma v. CoreRx* suit subject to a confidentiality designation does not absolve it of its obligations to produce discoverable materials that Bionpharma has requested in the instant Third Wave Suits.  And Azurity's discovery obligations in the instant Third Wave Suits are governed by the Federal Rules, the District of Delaware Local Rules, and orders entered by the Court in the instant Third Wave Suits—not by any orders entered in the separate *Bionpharma v. CoreRx* suit.  As you well know, Azurity and Bionpharma have stipulated to a protective order governing the instant Third Wave Suits, and that protective order does not include an "Outside Counsel Eyes Only"-tier of confidentiality.  *See generally* D.I. 198, Stipulated Protective Order ("SPO").  Thus, Azurity must produce the "seven outstanding documents" **immediately**, and any claim of confidentiality that it makes for those documents must be in compliance with the SPO.  Bionpharma is not required to treat anything Azurity produces in the instant Third Wave Suits as "Outside Counsel Eyes Only" absent an order from the Court in these Third Wave Suits.

We are aware of Magistrate Judge Figueredo's February 22, 2023 Order in the *Bionpharma v. CoreRx* suit directing that Bionpharma and Azurity coordinate the deposition of Azurity's Executive Chairman, Amit Patel, so that Mr. Patel will be deposed once concerning Azurity's sham suits against CoreRx.[2]  Bionpharma intends to comply with Magistrate Judge Figueredo's Order, but can only do so if Azurity complies with its discovery obligations in the instant Third Wave Suits, including by immediately producing the "seven outstanding documents" as well as all of the other antitrust discovery that Bionpharma seeks in connection with its first set of Rule 34 requests for production and first set of Rule 33 interrogatories.  As explained in my February 21,

---

[1] *Bionpharma Inc. v. CoreRx, Inc.*, No. 1:21-cv-10656-JGK-VF (S.D.N.Y.).

[2] *Bionpharma v. CoreRx* suit D.I. 190, Memo Endorsement ("Magistrate Judge Figueredo's Order").

Alexander Poonai, Esq.
March 1, 2023
Page 3

2023 letter, Azurity's antitrust document production remains entirely delinquent and deficient, and Azurity has, to date, refused to meaningfully respond to Bionpharma's Interrogatory No. 4.  Please immediately rectify the gross deficiencies outlined in my February 21 letter and herein, so that Bionpharma will be able to comply with Magistrate Judge Figueredo's Order.[3]

**Timing of Supplementation of Antitrust Discovery Responses**

Your letter states that "the parties should supplement their respective discovery responses," Feb. 27, 2023 Poonai Letter at 2, apparently pointing to Bionpharma's discovery responses in order to obscure the fact that Azurity leaves much of its discovery obligations undone, and proposes March 8, 2023, as a date the parties should "endeavor" to supplement their antitrust discovery, *id.* at 3.  As you should know, Bionpharma served Objections to Azurity's Second Set of Interrogatories (Nos. 11-15) on Friday, Feb. 24, 2023, and those objections and responses are current and need no further supplementation from Bionpharma.

As for Bionpharma's Responses and Objections to Azurity's Fifth Set of Document Requests (Nos. 81-120), Bionpharma will supplement its objections and responses to those requests in due course.  However, Bionpharma cannot commit at this point to supplementing them by March 8, 2023,[4] as your letter requests.  Bionpharma has consistently recognized that much discovery remains to be completed in this case and has proposed to the Court a schedule that accounts for the tasks that remain to be completed.  In other words, Bionpharma needs time, as its proposed schedule reflects.  By contrast, Azurity has advocated for an expedited discovery schedule with fact discovery closing in early May; as such, Azurity should be able to comply with its obligations in short order.[5]  We therefore reiterate our request for Azurity to supplement its

---

[3] While, on February 23, 2023, Azurity produced certain documents from the *Bionpharma v. CoreRx* suit that appear to relate to Azurity's sham suits against CoreRx, Bionpharma will need additional documents from Azurity to properly depose Mr. Patel on that topic.  For instance, because Azurity and CoreRx are corporate sisters through NovaQuest Capital Management ("NovaQuest") it stands to reason that there exists correspondence between Azurity and NovaQuest and between and among Azurity's board members relevant to Azurity's sham suits against CoreRx.  Thus, for example, Azurity needs to immediately produce the documents sought in connection with Bionpharma's Request for Production Nos. 21 (generic competition for Epaned), 22-23 (communications with NovaQuest pertaining to, *inter alia*, Bionpharma and CoreRx), 25-26 (documents and communications to or from Azurity's or CoreRx's board regarding, *inter alia*, Bionpharma and generic competition), 27 (communications with NovaQuest regarding NovaQuest's decision to take ownership of CoreRx).

[4] As you know, Bionpharma supplemented its Rule 26(a)(1) disclosures on February 23, 2023.

[5] Moreover, Azurity's insistence that counsel for Bionpharma in these Third Wave Suits and counsel for Bionpharma in the *Bionpharma v. CoreRx* suit coordinate the deposition of Amit Patel so that he may be deposed on the issue of Azurity's sham suits against CoreRx only once requires

Alexander Poonai, Esq.
March 1, 2023
Page 4

discovery responses and initial disclosures **immediately**, and to complete its document production by March 15, 2023.

Next, at page 3 of your letter, you demand that Bionpharma produce certain specific categories of documents. Azurity takes the discovery process out of order. As a prerequisite to committing whether or not to produce the documents your letter lists, Bionpharma will need to supplement its objections and responses to Azurity's Fifth Set of Document Requests. That supplementation is not a formality, but is necessary in order to ensure that the requests are appropriately tailored and seek discoverable information. As part of that process, Bionpharma will consider whether the materials identified at page 3 of your letter should or should not be part of Bionpharma's production.

**Bionpharma Rejects Azurity's Revisionist History**

As a final note, your letter reflects a revisionist retelling of case history in an apparent attempt to deflect blame for delay of antitrust discovery off of Azurity and onto Bionpharma. Your attention is directed to Bionpharma's Opening Brief in Support of its Motion to Stay Proceedings, D.I. 214, at 3-8, for a correct statement of the facts concerning Azurity's unilateral refusal to engage in antitrust discovery for 9 months in these Third Wave Suits. In short, the entirety of the responsibility for the fact that significant antitrust discovery obligations remain for Azurity to complete lies at Azurity's feet alone.

*       *       *

Please address Azurity's antitrust discovery deficiencies as outlined herein and in my February 21, 2023 letter immediately.

Sincerely,

Taft Stettinius & Hollister LLP

Luke T. Shannon

LTS:blk

---

Azurity to rectify its deficiencies **immediately** so that Bionpharma may comply with Magistrate Judge Figueredo's Order.