# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AZURITY PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1286 (MSG) |
| | ) | CONSOLIDATED |
| BIONPHARMA INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF AZURITY PHARMACEUTICALS, INC.'S SUPPLEMENTAL
OBJECTIONS AND RESPONSES TO DEFENDANT BIONPHARMA'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Federal Rules of Civil Procedure 26 and 33, and the Local Rules of the District

of Delaware, Plaintiff Azurity Pharmaceuticals, Inc. ("Azurity" or "Plaintiff"), by and through its

counsel, hereby supplements Azurity's Objections and Responses to Defendant  Bionpharma Inc's

("Bionpharma" or "Defendant") First Set of Requests for Production of Documents and Things

("Requests"), served March 21, 2022.

## GENERAL OBJECTIONS

Azurity makes the following General Objections to Bionpharma's Requests. These General

Objections are incorporated by reference into Azurity's responses to each individual request, to

the extent applicable, whether or not stated in any individual response. By providing a specific

response to any interrogatory, Azurity does not waive or otherwise limit these General Objections.

Furthermore, reference to any of these General Objections in any specific response shall not waive

or otherwise limit the applicability of all these General Objections to each and every response.

Azurity has already produced thousands of pages of material responsive to these Requests,

including in the previous patent litigations and the present suits. Azurity reserves all objections

and all other questions regarding competency, relevance, authenticity, materiality, privilege, or

admissibility of such documents or materials as evidence in this suit or any other proceeding, action, or trial.  By agreeing to produce any documents or other materials as may be in its possession, custody, or control that are responsive to certain interrogatories, Azurity makes no representation as to whether such documents or other materials actually exist. Agreement to produce and/or production of documents or other materials does not waive any objections asserted.

Azurity incorporates by reference its Preliminary Statement, General Objections, and its Objections to Bionpharma's Definitions and Instructions set forth in its Objections and Responses to Bionpharma's First Set of Requests for Production (Nos. 1-68) and Azurity's Responses and Objections to Bionpharma's First Set of Interrogatories (Nos. 1-4) both served on April 20, 2022, Azurity's Objections and Responses to Bionpharma's Second Set of Requests for Production (Nos. 69-99) served on June 27, 2022, and Azurity's Objections and Responses to Bionpharma's Second Set of Interrogatories (Nos. 5-9) served on July 22, 2022.

## SUPPLEMENTAL OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 11:

Documents sufficient to show the ownership interest of NovaQuest in Azurity and CoreRx.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including "ownership interest." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case. Azurity objects to this request on the ground that it is duplicative of documents already in Bionpharma's possession,

custody, or control. Azurity objects to this request on the ground that it seeks production of documents that are not within Azurity's possession, custody, or control. Azurity objects to this request on the grounds that it seeks the production of documents and things that contain proprietary business information, trade secrets, or other confidential information. Azurity objects to this request to the extent that it seeks the confidential information of a third party, including information which is subject to a confidentiality agreement or protective order. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 12, 13, 14, 18, and 27. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will produce responsive, non-privileged documents sufficient to show NovaQuest's ownership of Azurity to the extent they exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show organizational structure of, and corporate relationship between, Azurity, NovaQuest, and CoreRx.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully

stated herein. Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "organizational structure," and "corporate relationship between." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case. Azurity objects to this request on the ground that it seeks production of documents that are not within Azurity's possession, custody, or control. Azurity objects to this request on the grounds that it seeks the production of documents and things that contain proprietary business information, trade secrets, or other confidential information. Azurity objects to this request to the extent that it seeks the confidential information of a third party, including information which is subject to a confidentiality agreement or protective order. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 11, 13, 14, 18, 27. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will produce responsive, non-privileged documents sufficient to show the relevant organizational structure of Azurity and relationship between NovaQuest and Azurity to the extent they exist and can be

located after a reasonable search. Azurity is not in possession of documents with respect to the relationship between third parties NovaQuest and CoreRx.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to show the ownership of Azurity, NovaQuest, and CoreRx.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including "ownership of." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case. Azurity objects to this request on the ground that it seeks production of documents that are not within Azurity's possession, custody, or control. Azurity objects to this request on the grounds that it seeks the production of documents and things that contain proprietary business information, trade secrets, or other confidential information. Azurity objects to this request to the extent that it seeks the confidential information of a third party, including information which is subject to a confidentiality agreement or protective order. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 11, 12, 14, 18, and 27. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will produce relevant, non-privileged documents sufficient to show the requested information with respect to Azurity to the extent they exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and things concerning relationships, agreements, and communications between Azurity and either NovaQuest or CoreRx or both (or any affiliate or subsidiary thereof) as they relate to the Enalapril Liquid Patents, Related Patent Applications, Epaned, and/ or NDA No. 208686.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrases "[a]ll documents and things" and "any affiliate or subsidiary thereof." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "affiliate" and "subsidiary." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request on the ground that it seeks production of documents that are not within Azurity's possession, custody, or control. Azurity objects to this request on the grounds that it seeks the production of documents and things that contain proprietary business information, trade secrets, or other confidential information. Azurity objects to this request to the extent that it seeks the confidential information of a third party, including information which is subject to a confidentiality agreement or protective order. Azurity objects to this request to the

extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 11, 12, 13, 18, and 27. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will produce non-privileged documents responsive to this request to the extent they exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and things referring or relating to any valuations of the indemnification granted by Azurity to CoreRx in the settlement agreement between Azurity and CoreRx regarding Third Wave Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrases "[a]ll documents and things" and "any valuations." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "valuations," "indemnification," and "the settlement agreement." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request on the ground that it seeks production

of documents that are not within Azurity's possession, custody, or control. Azurity objects to this request on the grounds that it seeks the production of documents and things that contain proprietary business information, trade secrets, or other confidential information. Azurity objects to this request to the extent that it seeks the confidential information of a third party, including information which is subject to a confidentiality agreement or protective order. Azurity further objects to this request as premature to the extent it calls for information that is the subject of expert discovery. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 15, 20, 25, and 26. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will not produce documents and things responsive to this request at least because it is unclear what information Bionpharma seeks. Azurity is available to meet and confer to clarify the scope of this request.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and things concerning the Azurity-CoreRx LSA, including any drafts of the Azurity-CoreRx LSA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth

above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrases "[a]ll documents and things" and "any valuations." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "valuations," "indemnification," and "the settlement agreement." Azurity objects to this request on the ground that it seeks production of documents that are not within Azurity's possession, custody, or control. Azurity objects to this request on the grounds that it seeks the production of documents and things that contain proprietary business information, trade secrets, or other confidential information. Azurity objects to this request to the extent that it seeks the confidential information of a third party, including information which is subject to a confidentiality agreement or protective order. Azurity further objects to this request as premature to the extent it calls for information that is the subject of expert discovery. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 15, 19, 25, and 26. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity has already produced the Litigation Settlement Agreement with CoreRx. Azurity will not produce additional documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will produce non-

privileged documents responsive to this request to the extent they exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications relating to actual or potential generic competition to Epaned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrase "[a]ll documents and communications." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "actual," "potential," and "generic competition." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request on the grounds that it seeks the production of documents and things that contain proprietary business information, trade secrets, or other confidential information. Azurity further objects to this request as premature to the extent it calls for information that is the subject of expert discovery. Azurity objects to this request on the ground that it seeks production of documents that are not within Azurity's possession, custody, or control. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 22, 24, 25, 26, 44, 45, 46, 47, 48, 49, 51, 53, 60, 61, 62, and 63. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will produce relevant, non-privileged documents responsive to this request to the extent they exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications with NovaQuest relating to Bionpharma, Bionpharma's ANDA Product, or any actual or potential competition to Epaned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrases "[a]ll documents and communications;" and "any actual or potential." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "actual," "potential," and "generic competition." Azurity objects to this request on the ground that it seeks production of documents that are not within Azurity's possession, custody, or control. Azurity objects to this request on the grounds that it seeks the production of documents and things that contain proprietary business information, trade secrets, or other confidential information. Azurity objects to this request to the extent that it seeks the confidential information of a third party, including information which is subject to a confidentiality agreement or protective order. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least

Request Nos. 21, 24, 25, 26, 44, 45, 46, 47, 48, 49, 51, 53, 60, 61, 62, and 63. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will produce relevant, non-privileged documents responsive to this request to the extent they exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and communications with NovaQuest relating to CoreRx's relationship with Bionpharma, including documents and communications pertaining to the MMSA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrase "[a]ll documents and communications." Azurity objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses of any party to this case. The burden on Azurity of producing and disclosing this information vis-à-vis its minimal or nonexistent importance in resolving the issues in this case outweighs any purported need by Bionpharma. Azurity objects to this request on the ground that it seeks production of documents that are not within Azurity's possession, custody, or control. Azurity

objects to this request to the extent that it seeks the confidential information of a third party, including information which is subject to a confidentiality agreement or protective order. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request No. 24. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will conduct a reasonable good faith search for non-privileged documents responsive to this request to determine if any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and communications with CoreRx relating to generic competition to Epaned, the Enalapril Liquid Patents, Bionpharma's ANDA Product, the MMSA, the Azurity-CoreRx LSA, NovaQuest, and any other enalapril ANDA filer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrase "[a]ll documents and communications." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "generic competition" and "any other

enalapril ANDA filer." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request on the ground that it seeks production of documents that are not within Azurity's possession, custody, or control. Azurity objects to this request to the extent that it seeks the confidential information of a third party, including information which is subject to a confidentiality agreement or protective order. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 21, 22, 23, 25, 26, 44, 45, 46, 47, 48, 49, 51, 53, 60, 61, 62, and 63. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, for documents other than those responsive to RFP 20, Azurity will conduct a reasonable good faith search for non-privileged documents responsive to this request to determine if any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and communications relating to generic competition to Epaned, the Enalapril Liquid Patents, Bionpharma's ANDA Product, CoreRx, the Azurity-CoreRx LSA, NovaQuest, and any other ANDA filer, to or from any board member, past or present, of CoreRx, including Messrs. Nailesh Bhatt, Vern Davenport, Jeff Edwards, and Frank Leo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above

as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrase "[a]ll documents and communications." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "generic competition," "any other enalapril ANDA filer," and "past or present." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request on the ground that it seeks production of documents that are not within Azurity's possession, custody, or control. Azurity objects to this request to the extent that it seeks the confidential information of a third party, including information which is subject to a confidentiality agreement or protective order. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 15, 19, 20, 21, 22, 24, 26, 44, 45, 46, 47, 48, 49, 51, 53, 60, 61, 62, and 63. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity is willing to meet and confer to better understand what materials are being sought by Bionpharma relating to this request.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications relating to generic competition to Epaned, the Enalapril Liquid Patents, Bionpharma's ANDA Product, CoreRx, the Azurity-CoreRx LSA, NovaQuest, and any other ANDA filer, to or from any board member, past or present, of Azurity, including Messrs. Nailesh Bhatt, Richard Blackburn, Vern Davenport, Jeff Edwards, Frank Leo, Amit Patel, and Dave Ritchie.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrase "[a]ll documents and communications." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "generic competition," "any other enalapril ANDA filer," and "past or present." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request on the ground that it seeks production of documents that are not within Azurity's possession, custody, or control. Azurity objects to this request to the extent that it seeks the confidential information of a third party, including information which is subject to a confidentiality agreement or protective order. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 15, 19, 20. 21, 22, 24, 25, 44, 45, 46, 47, 48, 49, 51, 53, 60, 61, 62, and 63. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity is willing to meet and confer to better understand what materials are being sought by Bionpharma relating to this request.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and things, including communications between Azurity and NovaQuest, relating to NovaQuest's decision, negotiation, or agreement to take an ownership interest in CoreRx.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrase "[a]ll documents and things." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "decision," "negotiation," and "agreement." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request on the ground that it seeks production of documents that are not within Azurity's possession, custody, or control. Azurity objects to this request to the extent that it seeks the confidential information of a third party, including information which is subject to a confidentiality agreement or protective order. Azurity objects to this request on the ground that it seeks production of documents that are not within Azurity's possession, custody, or control. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested

herein are duplicative of at least Request Nos. 11, 12, 13, 14, and 18. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, for documents other than those responsive to RFP 20, Azurity will conduct a reasonable good faith search for non-privileged documents responsive to this request to determine if any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 28:**

All documents, communications, and things relating to Azurity's decision to sue CoreRx for alleged infringement of Third Wave Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrase "[a]ll documents, communications, and things." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "decision," "sue," and "alleged infringement." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request

No. 29. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will produce relevant, non-privileged documents responsive to this request to the extent they exist and can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 29:**

All documents, communications, and things between Azurity and NovaQuest relating to Azurity's decision to sue CoreRx for alleged infringement of Third Wave Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrase "[a]ll documents, communications, and things." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "decision," "sue," and "alleged infringement." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request on the ground that it seeks production of documents that are not within Azurity's possession, custody, or control. Azurity objects to this request to the extent that it seeks the confidential information of a third party, including information which is subject to a

confidentiality agreement or protective order. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request No. 28. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will conduct a reasonable good faith search for non-privileged documents responsive to this request to determine if any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 30:**

All documents and things pertaining to Azurity's decision to voluntarily dismiss *Azurity Pharmaceuticals, Inc. v. CoreRx, Inc.*, C.A. No. 21-1522-LPS (D. Del.) and *Azurity Pharmaceuticals, Inc. v. CoreRx, Inc.*, C.A. No. 21-2515-VMC-SPF (M.D. Fla.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrase "[a]ll documents and things." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "pertaining to" and "decision to." Azurity further objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the to the phrase "voluntarily dismiss" as this Court held that dismissal was pursuant to the mutual agreement of the parties, and

not the unilateral action of Azurity. D.I. 124. Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, this Request seeks information that is contrary to fact and, as such, is nonsensical and cannot reasonably be responded to.

**REQUEST FOR PRODUCTION NO. 44:**

Documents sufficient to identify each drug that competes with Epaned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrase "each drug." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including "competes." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity further objects to this request as premature to the extent it calls for information that is the subject of expert discovery. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the

documents requested herein are duplicative of at least Request Nos. 21, 22, 24, 25, 26, 27, 45, 46, 47, 48, 49, 51, 53, 60, 61, 62, and 63. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will produce relevant, non-privileged documents responsive to this request on a sufficient to show basis.

**REQUEST FOR PRODUCTION NO. 45:**

Documents sufficient to identify each hypertension treatment that competes with Epaned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrase "each hypertension treatment." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including "competes." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity further objects to this request as premature to the extent it calls for information that is the subject of expert discovery. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 21, 22, 24, 25, 26,

27, 44, 46, 47, 48, 49, 51, 53, 60, 61, 62, and 63. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will produce non-privileged documents responsive to this request on a sufficient to show basis.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to identify each symptomatic heart failure treatment that competes with Epaned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrase "each symptomatic heart failure treatment." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including "competes." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity further objects to this request as premature to the extent it calls for information that is the subject of expert discovery. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 21, 22, 24, 25, 26,

27, 44, 45, 47, 48, 49, 51, 53, 60, 61, 62, and 63. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will produce non-privileged documents responsive to this request on a sufficient to show basis.

**REQUEST FOR PRODUCTION NO. 47:**

Documents sufficient to identify each asymptomatic left ventricular dysfunction treatment that competes with Epaned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrase "each asymptomatic left ventricular dysfunction." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including "competes." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity further objects to this request as premature to the extent it calls for information that is the subject of expert discovery. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 21,

24

22, 24, 25, 26, 27, 44, 45, 46, 48, 49, 51, 53, 60, 61, 62, and 63. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will produce non-privileged documents responsive to this request on a sufficient to show basis.

**REQUEST FOR PRODUCTION NO. 48:**

Documents sufficient to describe the cost, availability, and distribution of any product or treatment that competes with Epaned or is used to treat hypertension, symptomatic heart failure, and/or symptomatic heart failure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrase "any product or treatment." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "availability," "distribution," "product," "treatment," and "competes." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request on the ground that it seeks production of documents that are not within Azurity's possession, custody, or control. Azurity further objects to this request as premature to the extent it calls for information that is the subject of expert discovery. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other

discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 21, 22, 24, 25, 26, 27, 44, 45, 46, 47, 48, 49, 51, 53, 60, 61, 62, and 63. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity is willing to meet and confer to better understand what materials are being sought by Bionpharma relating to this request.

**REQUEST FOR PRODUCTION NO. 49:**

All documents and things relating to the gross and net sales, market share, gross and net profits; sales and profit forecasts; advertising, promotion, presentation, description, and/or explanation of any product or treatment that competes with Epaned or is used to treat hypertension, symptomatic heart failure, and/or symptomatic heart failure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrase "[a]ll documents and things." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "product," "treatment," and "competes." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request on the ground that

it seeks production of documents that are not within Azurity's possession, custody, or control. Azurity further objects to this request as premature to the extent it calls for information that is the subject of expert discovery. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 21, 22, 24, 25, 26, 27, 39, 44, 45, 46, 47, 48, 51, 53, 60, 61, 62, and 63. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will produce non-privileged documents responsive to this request on a sufficient to show basis.

**REQUEST FOR PRODUCTION NO. 50:**

Documents sufficient to show the pricing, whether proposed, offered or actual, of all marketed dosages and forms of Epaned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrase "all marketed dosages and forms." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "proposed," "offered," and "actual." Azurity

objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request on the grounds that it seeks the production of documents and things that contain proprietary business information, trade secrets, or other confidential information. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 32, 33, 34, 38, and 51. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Subject to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will produce non-privileged documents responsive to this request on a sufficient to show basis.

**REQUEST FOR PRODUCTION NO. 51:**

All documents and things relating to any price changes considered or implemented for Epaned in response to any perceived or actual competition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrase "any price changes." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "proposed," "offered," and "actual." Azurity objects to this

request to the extent it seeks Privileged Documents. Azurity objects to this request on the grounds

that it seeks the production of documents and things that contain proprietary business information,

trade secrets, or other confidential information. Azurity objects to this request to the extent it is

unreasonably cumulative and/or duplicative of other discovery requests. For example, the

documents requested herein are duplicative of at least Request Nos. 21, 22, 24, 25, 26, 27, 33, 34,

38, 50, 44, 45, 46, 47, 48, 49, 53, 60, 61, 62, and 63. Azurity objects to this Request to the extent

that it seeks information related to Bionpharma's Antitrust Counterclaims.

Subject to and without waiving the foregoing objections, Azurity will not produce

documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity

responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated

and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will produce non-

privileged documents responsive to this request on a sufficient to show basis.

**REQUEST FOR PRODUCTION NO. 53:**

All documents relating to any market in which Epaned competes, including all documents
relating to the market share of Epaned and/or any product or therapy that actually or potentially
competes with Epaned, any competitive analysis of any product or therapy that actually or
potentially competes with Epaned, and the impact (including impact on sales (in dollars or unit
volume) and/or profits) on Azurity of any product or therapy that actually or potentially competes
with Epaned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Azurity incorporates by reference its General Statement, General Objections, and

Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set

forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly

burdensome, and not proportional to the needs of the case, especially with regards to the phrases

"[a]ll documents," "any market," and "any product or therapy." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "market," "competes," "actually," "potentially," "competitive analysis," and "impact." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request on the grounds that it seeks the production of documents and things that contain proprietary business information, trade secrets, or other confidential information. Azurity objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses of any party to this case. Azurity further objects to this request as premature to the extent it calls for information that is the subject of expert discovery. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 21, 22, 24, 25, 26, 27, 44, 45, 46, 47, 48, 49, 51, 60, 61, 62, and 63. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will produce non-privileged documents responsive to this request on a sufficient to show basis.

**REQUEST FOR PRODUCTION NO. 54:**

All documents concerning the advertising, promotion or marketing of Epaned, including but not limited to, advertisements, drafts of advertisements, market research, advertising budgets, results of focus groups or consumer surveys, letters to healthcare providers and direct-to-consumer advertising.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrases "[a]ll documents" and "including, but not limited to." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "promotion," "marketing," "drafts," "market research," "results," "focus groups," "surveys," and "direct-to-consumer advertising." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request on the grounds that it seeks the production of documents and things that contain proprietary business information, trade secrets, or other confidential information. Azurity objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses of any party to this case. The burden on Azurity of producing and disclosing this information vis-à-vis its minimal or nonexistent importance in resolving the issues in this case outweighs any purported need by Bionpharma. Azurity further objects to this request to the extent it seeks to improperly shift Bionpharma's burden of proving invalidity to Azurity. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 10, 38, 55, 56, 57, 58, and 59. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request at least because it is predicated on the erroneous legal premise that Azurity bears the burden of proving validity. Bionpharma has not yet served

any invalidity contentions, the deadline for which has been set by this Court's Scheduling Order. Thus, to the extent this request seeks information related to secondary considerations of non-obviousness, it is at best, premature.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will produce non-privileged documents responsive to this request on a sufficient to show basis.

**REQUEST FOR PRODUCTION NO. 55:**

Once copy of each detail aid, visual aid, product monograph and/or piece of promotional or professional literature used by Plaintiff's representatives to detail or promote Epaned to physicians and/or other health care professionals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "detail aid," "visual aid," "monograph," "literature," "detail," "promote," and "health care professionals." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request on the grounds that it seeks the production of documents and things that contain proprietary business information, trade secrets, or other confidential information. Azurity further objects to this request to the extent it seeks to improperly shift Bionpharma's burden of proving invalidity to Azurity. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least

Request Nos. 10, 38, 54, 56, 57, 58, and 59. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will produce non-privileged documents responsive to this request on a sufficient to show basis.

**REQUEST FOR PRODUCTION NO. 56:**

All detail and/or sample audits, including but not limited to IMS data, relating to Epaned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrases "[a]ll detail and/or sample audits" and "including but not limited to." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "detail audit" or "sample audit." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request on the ground that it seeks publicly available information. Azurity objects to this request on the ground that it is duplicative of documents already in Bionpharma's possession, custody, or control, particularly to the extent that Azurity has already produced documents in C.A. Nos. 18-1962 and 19-1067, which the parties have

33

agreed shall be deemed produced in the instant actions. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 10, 38, 54, 55, 57, 58, and 59. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will produce non-privileged documents responsive to this request on a sufficient to show basis.

**REQUEST FOR PRODUCTION NO. 57:**

Any market research, physician surveys, or prescriptions data analysis for Epaned or for any treatment that competes with Epaned or that is used to treat hypertension, symptomatic heart failure, and/or symptomatic heart failure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrases "[a]ny market research, physician surveys, or prescription data analysis" and "any treatment." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "prescription data analysis" and "competes." Azurity objects to this request on the grounds that it seeks the production of documents and things that contain proprietary business information, trade

secrets, or other confidential information. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 10, 38, 54, 55, 56, 58, and 59. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will conduct a reasonable good faith search for non-privileged documents responsive to this request to determine if any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 58:**

All studies, analyses, compilations or reports of physicians' impressions or opinions concerning Epaned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrase "[a]ll studies, analyses, compilations, or reports." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "impressions" and "opinions." Azurity objects to this request to the extent it seeks Privileged Documents. The burden on Azurity of producing and

disclosing this information vis-à-vis its minimal or nonexistent importance in resolving the issues in this case outweighs any purported need by Bionpharma. Azurity objects to this request on the grounds that it seeks the production of documents and things that contain proprietary business information, trade secrets, or other confidential information, including confidential patient information that may be protected by the Health Insurance Portability and Accountability Act of 1996 or other laws. Azurity further objects to this request to the extent it seeks to improperly shift Bionpharma's burden of proving invalidity to Azurity. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 10, 38, 54, 55, 56, 57, and 59.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request at least because it is predicated on the erroneous legal premise that Azurity bears the burden of proving validity. Bionpharma has not yet served any invalidity contentions, the deadline for which has been set by this Court's Scheduling Order. Thus, to the extent this request seeks information related to secondary considerations of non-obviousness, it is at best, premature.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will conduct a reasonable good faith search for non-privileged documents responsive to this request to determine if any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 60:**

All documents and things concerning any planned or implemented response to generic competition for Epaned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrases "[a]ll documents and things," "any relationship," and "any planned or implemented response." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "planned," "implemented," "response," and "generic competition." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses of any party to this case. The burden on Azurity of producing and disclosing this information vis-à-vis its minimal or nonexistent importance in resolving the issues in this case outweighs any purported need by Bionpharma. Azurity objects to this request on the grounds that it seeks the production of documents and things that contain proprietary business information, trade secrets, or other confidential information. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 21, 22, 24, 25, 26, 27, 44, 45, 46, 47, 48, 49, 51, 53, 61, 62, and 63.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated

and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will conduct a reasonable good faith search for non-privileged documents responsive to this request to determine if any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 61:**

All documents and communications relating to strategies or attempts to prevent or delay generic competition to Epaned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrase "[a]ll documents and things." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "prevent," "delay," and "generic competition." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses of any party to this case. The burden on Azurity of producing and disclosing this information vis-à-vis its minimal or nonexistent importance in resolving the issues in this case outweighs any purported need by Bionpharma. Azurity objects to this request on the grounds that it seeks the production of documents and things that contain proprietary business information, trade secrets, or other confidential information. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 21, 22, 24, 25, 26, 27, 44, 45, 46, 47, 48, 49, 51, 53, 60, 62, and 63. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity is willing to meet and confer to better understand what materials are being sought by Bionpharma relating to this request.

**REQUEST FOR PRODUCTION NO. 62:**

All documents and communications relating to generic competition to Epaned, including evaluation of ANDA filers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrase "[a]ll documents and communications." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "generic competition," "evaluation," and "ANDA filers." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request on the grounds that it seeks the production of documents and things that contain proprietary business information, trade secrets, or other confidential information. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 21, 22, 24, 25, 26, 27, 44, 45, 46, 47, 48, 49, 51, 53, 60, 61, and 63. Azurity objects

to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity is willing to meet and confer to better understand what materials are being sought by Bionpharma relating to this request.

**REQUEST FOR PRODUCTION NO. 63:**

All documents concerning competition for the sale of any enalapril product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrases "[a]ll documents" and "any enalapril product." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "competition for the sale of any enalapril product." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request on the grounds that it seeks the production of documents and things that contain proprietary business information, trade secrets, or other confidential information. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For

example, the documents requested herein are duplicative of at least Request Nos. 21, 22, 24, 25, 26, 27, 44, 45, 46, 47, 48, 49, 51, 53, 60, 61, and 62. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity responds that, now that the parties' joint agreement to stay antitrust discovery has been terminated and the Court has ruled on all pending motions under Fed. R. Civ. P. 12, Azurity will conduct a reasonable good faith search for non-privileged documents responsive to this request to determine if any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 64:**

All documents, communications, and things relating to Azurity's decision to sue, and/or to maintain any suit against, Bionpharma for alleged infringement of First Wave Patents, including:

a.   All documents, communications, and things relating to the merits of Azurity's claims, including whether any objective basis exists for them;

b.   All documents, communications, and things relating to the likelihood that Azurity would obtain any relief on its claims;

c.   All documents, communications, and things relating to Azurity's legal and business objectives from asserting the claims, including the effect of this and/or other patent litigations on Bionpharma's financial ability and/or willingness to defend against the claims; and

d.   All documents, communications and things relating to the effect of Azurity's suing, or maintaining any suit, against Bionpharma for alleged infringement of First Wave Patents, including any effect on Azurity's sales (in dollars or unit volume) or profit margins for Epaned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrases "[a]ll documents, communications, and things" and "any suit." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "decision," "merits," "objective basis," "relief," "objectives," "effect," "financial ability," and "willingness." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request on the grounds that it seeks the production of documents and things that contain proprietary business information, trade secrets, or other confidential information. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 40, 41, 65, and 66. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity will conduct a reasonable good faith search for non-privileged documents responsive to this request to determine if any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 65:**

All documents, communications, and things relating to Azurity's decision to sue, and/or to maintain any suit against, Bionpharma for alleged infringement of Second Wave Patents, including:

a.   All documents, communications, and things relating to the merits of Azurity's claims, including whether any objective basis exists for them;

b.   All documents, communications, and things relating to the likelihood that Azurity would obtain any relief on its claims;

c.   All documents, communications, and things relating to Azurity's legal and business objectives from asserting the claims, including the effect of this and/or other patent litigations on Bionpharma's financial ability and/or willingness to defend against the claims; and

d.   All documents, communications and things relating to the effect of Azurity's suing, or maintaining any suit, against Bionpharma for alleged infringement of Second Wave Patents, including any effect on Azurity's sales (in dollars or unit volume) or profit margins for Epaned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrases "[a]ll documents, communications, and things" and "any suit." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "decision," "merits," "objective basis," "relief," "objectives," "effect," "financial ability," and "willingness." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses of any party to this case and not tailored to the needs of this case. The burden on Azurity of producing and disclosing this information vis-à-vis its minimal or nonexistent importance in resolving the issues in this case outweighs any purported need by Bionpharma. Azurity objects to this request on the

grounds that it seeks the production of documents and things that contain proprietary business information, trade secrets, or other confidential information. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 40, 41, 64, and 66. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity will conduct a reasonable good faith search for non-privileged documents responsive to this request to determine if any responsive documents exist.

**REQUEST FOR PRODUCTION NO. 66:**

All documents, communications, and things relating to Azurity's decision to sue, and to maintain its suit against, Bionpharma for alleged infringement of Third Wave Patents, including:

a.   All documents, communications, and things relating to the merits of Azurity's claims, including whether any objective basis exists for them;

b.   All documents, communications, and things relating to the likelihood that Azurity would obtain any relief on its claims;

c.   All documents, communications, and things relating to Azurity's legal and business objectives from asserting the claims, including the effect of this and/or other patent litigations on Bionpharma's financial ability and/or willingness to defend against the claims; and

d.   All documents, communications and things relating to the effect of Azurity's suing, or maintaining any suit, against Bionpharma for alleged infringement of Third Wave Patents, including any effect on Azurity's sales (in dollars or unit volume) or profit margins for Epaned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Azurity incorporates by reference its General Statement, General Objections, and Objections to Bionpharma's Definitions, Supplemental Definitions, and Instructions set forth above as if fully stated herein. Azurity objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, especially with regards to the phrases "[a]ll documents, communications, and things" and "any suit." Azurity objects to this request as vague, ambiguous, indefinite, unintelligible, and unclear as to the information sought, including as to "decision," "merits," "objective basis," "relief," "objectives," "effect," "financial ability," and "willingness." Azurity objects to this request to the extent it seeks Privileged Documents. Azurity objects to this request on the grounds that it seeks information that is not relevant to the claims or defenses of any party to this case. The burden on Azurity of producing and disclosing this information vis-à-vis its minimal or nonexistent importance in resolving the issues in this case outweighs any purported need by Bionpharma. Azurity objects to this request on the grounds that it seeks the production of documents and things that contain proprietary business information, trade secrets, or other confidential information. Azurity objects to this request to the extent it is unreasonably cumulative and/or duplicative of other discovery requests. For example, the documents requested herein are duplicative of at least Request Nos. 40, 41, 64, and 65. Azurity objects to this Request to the extent that it seeks information related to Bionpharma's Antitrust Counterclaims.

Pursuant to and without waiving the foregoing objections, Azurity will not produce documents and things responsive to this request.

**SUPPLEMENTAL RESPONSE:**

Notwithstanding and without waiving its General and Specific Objections, Azurity will conduct a reasonable good faith search for non-privileged documents responsive to this request to determine if any responsive documents exist.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

OF COUNSEL:

Wendy L. Devine
Kristina M. Hanson
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2000

Natalie J. Morgan
Granville C. Kaufman
WILSON SONSINI GOODRICH & ROSATI
12235 El Camino Real, Suite 200
San Diego, CA 92130-3002
(858) 350-2300

Jeffrey C. Bank
WILSON SONSINI GOODRICH & ROSATI
1700 K Street NW, Fifth Floor
Washington, DC 20006-384
(202) 973-8800

March 28, 2023

Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiff Azurity*
*Pharmaceuticals, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 28, 2023, copies of the foregoing were caused to be served

upon the following in the manner indicated:

John C. Phillips, Jr., Esquire                    *VIA ELECTRONIC MAIL*
Megan C. Haney, Esquire
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE  19806-4204
*Attorneys for Defendant Bionpharma Inc.*

Andrew M. Alul, Esquire                          *VIA ELECTRONIC MAIL*
Roshan P. Shrestha, Esquire
Luke T. Shannon, Esquire
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, IL  60601
*Attorneys for Defendant Bionpharma Inc.*

Aaron M. Johnson, Esquire                        *VIA ELECTRONIC MAIL*
TAFT STETTINIUS & HOLLISTER LLP
2200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
*Attorneys for Defendant Bionpharma Inc.*

Christopher J. Kelly, Esquire                    *VIA ELECTRONIC MAIL*
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306
*Attorneys for Defendant Bionpharma Inc.*


                                        */s/ Megan E. Dellinger*

                                        _____
                                        Megan E. Dellinger (#5739)