# EXHIBIT D

**Shrestha, Roshan P.**

| | |
|---|---|
| **From:** | Shannon, Luke T. |
| **Sent:** | Thursday, May 18, 2023 5:01 PM |
| **To:** | Poonai, Alexander; Kaufman, Granville; wsgr - Azurity/Bionpharma (505); MNAT Internal; Dellinger, Megan E.; Blumenfeld, Jack; Chard, Beth Ann |
| **Cc:** | Alul, Andrew M.; Shrestha, Roshan P.; Johnson, Aaron; Christopher Kelly; Jack Phillips; Megan Haney |
| **Subject:** | RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies |
| **Attachments:** | 051723 Draft Joint Ltr. Requesting Discovery Dispute Telecon.DOCX |

Alex:

You have no right to take out a dispute we have identified to the Court for resolution, and we continue to reject your assertion that Bionpharma has not satisfied its meet and confer obligations.  Bionpharma will be filing a letter to the Court with the dispute regarding Azurity's refusal to immediately produce the antitrust documents that Azurity promised it would produce on March 28, **with or without Azurity**.  That is, if Azurity will not agree to a joint filing as reflected in the attached letter, then Bionpharma will be filing its own letter with the Court tomorrow.  My phone remains open if you would like to discuss this issue tonight—**please give me a call right away if you would like to discuss this issue further**.  If I am unable to pick up, leave me a message.

Please provide us with Azurity's consent to file the attached letter by no later than 7 PM EDT tonight.  Otherwise, we will be filing our own letter with the Court tomorrow.

Finally, in light of this letter, we do not believe there is anything to discuss on the meet and confer we had scheduled for tomorrow, and thus will not be dialing into the call tomorrow.

- Luke

---

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Thursday, May 18, 2023 4:35 PM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

The parties agreed to discuss Bion's deposition notices. Not Bionpharma's new RFP issue. Had Bionpharma included that issue on the agreed-upon agenda, Azurity would have been prepared to discuss it, as we always are. Listing "three" RFPs in the middle of our conversation is not an "unmistakable reference to" twenty-seven different, seemingly unrelated RFPs. We only received your complete list of alleged deficiencies via the email you sent after our May 15 call. Thus, the parties have not met and conferred on this issue under L.R. 7.1.1. Furthermore, your email from last night at 6:30 PM ET, in which you demanded that Azurity "call [you] right away," does not cure this deficiency. Bion cannot paper over its

ambush tactics with a hasty, late-night teleconference. We are investigating your new issue and will revert. In the meantime, however, we have removed this issue from the letter.

We received Annora's consent to produce the documents last night. We will produce the litigation documents early next week. We stand on our position that we will produce the expert discovery when expert discovery is completed. While we maintain that this dispute is a waste of judicial resources, Azurity has not removed the dispute from this letter.

Best,
Alex

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Wednesday, May 17, 2023 6:30 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - lshannon@taftlaw.com

---

Alex:

There are no mischaracterizations in my email from Monday.  In response to your demand that Bionpharma withdraw its deposition notices for Azurity's board members, I expressly raised Azurity's supplemental responses to Bionpharma's antitrust discovery requests, served on March 28, in which Azurity expressly stated that it was going to search for and produce numerous categories of antitrust documents—this was an unmistakable reference to Azurity's supplemental responses to Bionpharma RFP Nos. 11-14, 20-24, 27-29, 44-47, 49-51, 53-58, 60, 63-66.  I even expressly highlighted for your attention at least three of those supplemental responses—Azurity's supplemental responses to Bionpharma RFP Nos. 21, 22, and 23—as examples of documents that Azurity has expressly stated that it will produce or search for and produce, but has thus far refused to produce.  In light of Azurity's supplemental responses, I reiterated Bionpharma's position that Azurity's demand for withdrawal of Bionpharma's deposition notices was entirely premature.  Even if Azurity intends to switch course and produce the antitrust documents it expressly stated on March 28 that it would produce at some point later on in fact discovery, **the parties are at an impasse with respect to timing**—if Azurity is going to move for a protective order in connection with Bionpharma's deposition notices, then Azurity must produce the documents it promised it would produce on March 28 **right now**, and Bionpharma intends to bring Azurity's refusal to do so to the Court's attention.  We dispute any notation that this was not made clear to you during our phone call on Monday (**and in prior correspondence**, *see* my May 2, 2023 email to you), and we intend on raising this with the Court—as such, we have rejected your deletion of this dispute from the letter.  Bionpharma has indisputably satisfied its meet and confer obligations on this issue, but if you feel a quick phone call would provide you with any further clarity on this issue, by all means, **please call me right away**.  If I am unable to pick up, leave me a message.

We also disagree with your assertion that there is no dispute regarding the Annora invalidity/infringement documents.  Again, the parties are at an impasse on timing here, as Azurity has refused to commit to a date certain as to when it will produce these documents.  Azurity has been adamant about expediting discovery in these cases, and has indicated that it will oppose any further extensions of the schedule.  Thus, Biopharma needs these documents right away so that it may start preparing for depositions.  And we have already told you, Azurity already has Annora's permission to produce these documents.  *See* Todd Werner's September 22, 2022 email; October 11, 2022 email from R.

Shrestha.  Moreover, as **we have always maintained**, third-party confidentiality is not a proper ground to refuse to produce otherwise discoverable information.  We addressed this issue with your team last September:

> Regarding infringement and invalidity documents served or filed in the related cases, the parties are simply at an impasse on this issue, as Azurity maintains that confidentiality concerns are a proper reason to withhold these documents from production.  Bionpharma is not required to go out and seek consent from the parties in the related actions—Azurity must produce the documents, or we will secure an order from the Court compelling Azurity to do so.  Given that Azurity will not produce these documents without an order, we intend to raise this issue with the Court.

Sept. 21, 2022 Email from A. Johnson.  As I clearly conveyed on our call and in prior correspondence, we are at an impasse on the timing of this production.  We have thus rejected your deletion of this dispute from the letter, and intend to raise it with the Court.

We've also separated the disputes based on which party will be moving on them, and specified that each party will file an opening letter on the disputes it is moving on, which will be followed by the other party's response letter.

Please provide us with any further edits, although we ask that you refrain from deleting any of the disputes that Bionpharma intends to raise with the Court—for the reasons expressed above, Bionpharma intends on moving on those disputes.  Again, Bionpharma believes that the parties have satisfied their meet and confer obligations with respect to each of the disputes identified in the attached draft letter—to the extent you disagree, feel free to give me a call this evening.

Best regards,
Luke

---

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Wednesday, May 17, 2023 3:52 PM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

Your email egregiously mischaracterizes our meet and confer. It is categorically untrue that we discussed your new list of thirty (30) RFPs during Monday's conversation. In reality, Azurity opened the call by asking for Bionpharma's response to agenda item 1: "Deposition Notices." (See Email from A. Poonai May 9, 2023 4:29 PM). We asked Bion to explain its position that Azurity's request that Bion withdraw its deposition notices is "entirely premature" given Azurity's representation that its document production is substantially complete. (*Id.* at 1.a.). You replied by saying, for the first time, that Bionpharma had a list of RFPs for which it alleged Azurity's document production is deficient, such that Bionpharma could not decide whether to withdraw its deposition notices. You also stated that Bionpharma would provide us with the list after the call, but agreed that we were at impasse on the issue of Bionpharma's deposition notices given Azurity's representation that its document production is substantially complete. We did not, however, reach impasse on Bionpharma's new, unannounced list of supposed document production deficiencies. We have revised your draft letter accordingly.

We have also edited the letter to remove the bullet regarding the supposed dispute over documents from the Annora Litigation. As we explained during the call, we have represented that we will produce the documents in question as soon as Annora provides their consent. We have asked them. They have yet to respond. Bionpharma argued that Azurity already has Annora's consent, citing an email from over a year ago that discusses entirely different documents. This legal conclusion is incorrect, and Azurity will not assume the risk of violating any applicable protective orders on Bionpharma's mere say so. Has Bionpharma contacted Annora and asked them to offer their consent? If not, why not? Furthermore, Azurity repeats that it will produce expert reports from the Annora Litigation once expert discovery closes (which is occurring soon) and after Annora consents to production of the documents. Thus, there is no dispute to take to the Court. If you disagree, please explain what is in dispute.

We confirm impasse on Azurity's requests regarding the related New York Action. We have included that issue in the draft letter, attached. We note, however, that your email continues to mischaracterize our meeting. While you did ask us to "identify specific items from the SDNY action that [we] believe Azurity is entitled to, "I did not "decline[]" to do so. In fact, I specified, as our RFPs unambiguously state, Azurity seeks all deposition transcripts, hearing transcripts, expert reports and exhibits from the related New York Action. I even offered two specific examples: the deposition transcripts of AmerisourceBergen Corporation and Mr. Rajiv Khanna. In response, Bion noted that certain motions to seal might not be relevant, but did not argue that any of the other materials we identified were irrelevant, or that they were "publicly available on the docket" of the related New York Action.

Finally, as you requested during the meet and confer, Azurity will be producing additional org chart documents. As a result of your request, Azurity is now aiming to make a production by the end of this week.

Best,
Alex

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Monday, May 15, 2023 8:35 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wc.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - lshannon@taftlaw.com

Alex:

Please see the attached joint letter requesting a discovery dispute teleconference.  This is essentially the same letter I sent you last Wednesday but has been revised to include an additional dispute for court resolution based on our meet and confer today:  Azurity's refusal to produce documents responsive to Bionpharma RFP Nos. 11-14, 20-24, 27-29, 44-47, 49-51, 53-58, 60, 63-66, despite previously agreeing to search for and produce documents responsive to those RFPs, and, relatedly, Azurity's dubious insistence that its antitrust document production is "substantially complete."  We'd like to get this letter on file by no later than COB this Thursday.  Please provide us any Azurity edits as soon as possible.

Furthermore, I write to address a few additional items from our meet and confer today.  First, regarding Azurity's demand that Bionpharma produce from the SDNY action against CoreRx ("the SDNY action") all dep transcripts, hearing transcripts, and other materials that Bionpharma believes are relevant, we reject your demand.  We have agreed to produce certain documents that Bionpharma produced to CoreRx in the SDNY action, as well as the Krishnan declaration

and attachments thereto.  Many pleadings and filings from the SDNY action are publicly available on the docket of that case, and Azurity is free to retrieve those pleadings and filings.  But Bionpharma maintains that Azurity's demand for a  production of everything from the SDNY action is entirely too broad and disproportional to the needs of the Delaware Third Wave Suits, and Bionpharma stands by that objection as well as its relevancy objections.  Furthermore, we note that there is a protective order entered in the SDNY action, and many documents and transcripts from that action have been marked confidential by CoreRx; thus, Azurity's wholesale demand for all documents exchanged or filed in the SDNY action is additionally objectionable because many of the documents implicate third-party confidentiality concerns.  During today's call, as a practical attempt to resolve this dispute, I invited you to identify specific items from the SDNY action that you believe Azurity is entitled to, and we would consider that kind of specific request in an effort to avoid burdening the Court; you declined to identify any such items.  Bionpharma believes the parties are at an impasse with respect Azurity RFP Nos. RFP Nos. 121, 122, 123, and 129 (with respect to Azurity RFP No. 129, as you should know, Bionpharma is producing documents and communications between Bionpharma and CoreRx pertaining to the 2020 MMSA).

Second, regarding "documents from third parties," we reiterate our position that the parties are at an impasse on this, and your attention is directed to my email from last Tuesday for our reasons.  The same with respect to documents regarding "delisting from Bionpharma's website" and the SDNY Krishnan declarations—Bionpharma will not produce any further documents beyond what it has already produced for the reasons expressed in my email from last Tuesday; to the extent Azurity seeks anything else in connection with these categories of documents, the parties are at an impasse.

We look forward to receiving Azurity's edits to the attached draft letter as soon as possible.

Best regards,
Luke

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Thursday, May 11, 2023 2:20 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Alex,

I'm sorry to learn that you no longer have availability today.  Regardless, we are available Monday, May 15, at 12:30 pm CT / 1:30 pm ET and will plan to speak with you then.

For the call, we can use the same dial in:

Join Zoom Meeting
https://taftlaw.zoom.us/j/3161014543

Meeting ID: 316 101 4543
One tap mobile
+13126266799,,3161014543# US (Chicago)
+13092053325,,3161014543# US

Dial by your location
    +1 312 626 6799 US (Chicago)
    +1 309 205 3325 US

Best regards,
Luke

---

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Thursday, May 11, 2023 9:01 AM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

We did not receive a response to our offer until we received your email last night, after close of business. We now have a conflict at this time, but are available to meet Monday after 1:30 PM ET.

With respect to item number 8 in our May 9 email, we can now represent that Azurity is not in possession of organizational charts for QHP and CoreRx or documents sufficient to show Azurity's relationship with CoreRx and CoreRx's relationship with QHP. We were able to locate Azurity organizational charts, however, and will produce them early next week.

Best,
Alex

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Wednesday, May 10, 2023 7:32 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - lshannon@taftlaw.com

---

Alex:

Suffice it to say, Bionpharma disagrees with much of your email correspondence from yesterday, and we look to correcting your numerous inaccuracies and mischaracterizations during our call tomorrow at 4 PM EDT.  To facilitate that call, please see the attached joint discovery dispute teleconference request letter.   Please use the following dial-in information:

Join Zoom Meeting
https://taftlaw.zoom.us/j/3161014543

Meeting ID: 316 101 4543
One tap mobile
+13126266799,,3161014543# US (Chicago)
+13092053325,,3161014543# US

Dial by your location
    +1 312 626 6799 US (Chicago)
    +1 309 205 3325 US

Best regards,
Luke

---

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Tuesday, May 9, 2023 4:29 PM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr -
Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>;
Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard,
Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron
<AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan
Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

Azurity responds to your email below. We are available to meet and confer Thursday at 4 PM ET.

1. Deposition Notices
    a. Azurity's document production is substantially complete. We thus disagree with Bionpharma's position
       that our requests to withdraw the deposition notices are "entirely premature." We are at an impasse.
2. SDNY docs
    a. Bionpharma's May 2 production contained only the Krishnan declarations and exhibits. As you know,
       these documents have been publicly available in redacted form for over a year. See Bionpharma Inc. v.
       CoreRx, Inc. 1:21-cv-10656-JGK-VF (S.D.N.Y.) at ECF Nos. 10 at 41.
    b. Bionpharma has produced no documents responsive to any of the RFPs listed in Agenda Item 3 (i.e., RFP
       Nos. 121, 122, 123, and 129). These requests unambiguously seek transcripts, expert reports, and
       internal documents.
    c. You state that Bionpharma "has been producing documents from the SDNY action." This small
       production of publicly available documents does nothing to address the concerns raised during our
       previous meet and confers. Is your production substantially complete?  If so, please confirm because
       then it is clear that the parties are at an impasse.  If not, identify the date certain in the very near future
       by which Bionpharma's production will be substantially complete.
3. Docs from third parties
    a. As discussed on the M&C, our primary goal in raising this was to confirm that Bionpharma had not
       received any materials via Rule 45 subpoenas. We understand Bionpharma's representation that it has
       not received any such materials and as such, we will hold this request in abeyance for now.
4. Docs re: ANDA suppliers

       a.  We have not been able to locate these documents. Please identify their Bates range in your production.

5.  De-list product from website

       a.  We agree that the parties are at impasse on this issue.

6.  Krishnan declaration

       a.  As explained above, Bion's production of publicly available documents does not "end[] any dispute" over RFP Nos. 69 and 70. Bionpharma produced only the Krishnan declarations and exhibits, not "documents and communications related to" the declaration. If Bionpharma continues to refuse to make any such production, Azurity will approach the Court for relief.

7.  Patent Depositions

       a.  Azurity stands on the responses set forth in our April 28 email, below.

8.  Org structure

       a.  We are checking with our client to identify "any organizational charts for itself available for production." In addition, we understand that Azurity is not in possession of either (1) organizational charts for QHP and CoreRx; or (2) documents sufficient to show Azurity's relationship with CoreRx and CoreRx's relationship with QHP. Azurity and CoreRx are each portfolio companies of QHP, and there is no corporate relationship between them. We are confirming that our client is not in possession of these documents and will revert when we hear back.

       b.  We are disappointed that Bionpharma continues to take Azurity's November 1, 2022 email out of context. Azurity stated it would produce documents on a "sufficient to show" basis. We did not represent whether responsive documents existed as to each and every possible interpretation of Bionpharma's broad request. Azurity has been doing its diligence and searching for responsive materials since before Bionpharma's discovery stay, and continues to do so as Bionpharma specifies its requests through the meet and confer process.

9.  Annora Docs

       a.  To the extent Bionpharma seeks expert reports, expert discovery is ongoing and Azurity stands on its earlier responses. Once expert discovery has concluded, Azurity will determine Annora's position on Bionpharma's request. To the extent Bionpharma is now seeking discovery responses, please confirm. If Bionpharma is now seeking discovery responses, Azurity is willing to produce those documents as discovery is now closed, so long as Annora consents. We will ask Annora for its position.

10.  Paragraph 3

       a.  We have already explained our view that none of our Board members have responsive or relevant materials. We further direct you to the decisions in the related New York Action, along with Bionpharma's concessions on the record as to at least certain members of Azurity's board of directors. See, e.g., Bionpharma Inc. v. CoreRx, Inc. 1:21-cv-10656-JGK-VF (S.D.N.Y.) ECF Nos. 186 and 192. We confirm impasse.

11.  Privilege Logs

       a.  Azurity is willing to commit to a mutual exchange of privilege logs for documents from the Third Suit produced through March 2023.

Best,
Alex

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Monday, May 8, 2023 12:08 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - lshannon@taftlaw.com

---

Alex:

Further to my email from last Tuesday, we write to follow up on the other addenda items from the April 27 meet and confer, and a few additional matters.

**Azurity's request for Bionpharma to withdraw the Blackburn deposition notice (Agenda Item No. 2):**

For the same reasons set forth in my email from Tuesday, we believe that Azurity's request for Bionpharma to withdraw the Blackburn deposition notice is entirely premature, including because Azurity has yet to substantially complete its document production.  Thus, we will not withdraw the Blackburn deposition notice at this point, but will hold it in abeyance pending substantial completion of Azurity's antitrust document production.

**Azurity's request for documents from the SDNY case (Agenda Item No. 3):**

As you should know, Bionpharma has been producing documents from the SDNY action, including documents Bionpharma produced in the SDNY action concerning its efforts to secure a new supplier, and including the Krishnan declarations filed in the SDNY action and documents pertaining to same.  We anticipate producing additional documents from the SDNY case, including documents pertaining to the MMSA; however, we maintain our overbreadth and relevancy objections to Azurity's requests concerning documents from the SDNY case.  Specifically, it appears that Azurity seeks production of ***everything*** exchanged and filed in the SDNY action (*see, e.g.*, May 8, 2023 Ltr. from J. Bank to L. Shannon)—Bionpharma believes this is entirely too broad and captures documents that have no or very little relevance to the instant Third Wave Suits.  As such, we suggest that Azurity continue to review Bionpharma's production and, to the extent it believes there is something specific from the SDNY action that is missing from Bionpharma's production that it believes should be produced, we can revisit this agenda item then.

**Documents from other parties produced in the Third Wave Suits (Agenda Item No. 4):**

Bionpharma is not presently aware of any documents responsive to Azurity's RFP No. 105 in its possession, custody, or control.  Bionpharma maintains that Azurity RFP No. 105 is entirely overbroad, as its limits are nearly impossible to delineate.  Would a voicemail from a media reporter inquiring about the Third Wave Suits fall within the scope of Azurity RFP No. 105?  An invoice from an e-discovery vendor that Bionpharma utilizes in connection with these Third Wave Suits?  Bionpharma will stand on it overbreadth and relevancy objections to Azurity's RFP No. 105.  This is our final pronouncement on this issue—if Azurity decides to move to compel, we will not dispute that the parties are at an impasse and have satisfied their meet and confer obligations.

**Documents relating to orders from Bionpharma's ANDA product suppliers (Agenda Item No. 5):**

Please check Bionpharma's production, as we believe such documents have been produced or are in the process of being produced.

**Documents pertaining to Bionpharma's alleged "decision to list or de-list information relating to the ANDA product on its website" (Agenda Item No. 6):**

We continue to fail to see how any documents responsive to Azurity's RFP Nos. 62 and 63—to the extent they even exist—have any relevance to the claims and defenses in these cases.  Moreover, any documents responsive Azurity RFP Nos. 62 and 63 would most likely be privileged, as any decision to list (or de-list) information on a

website regarding a product that is in the midst of litigation would most certainly implicate attorney-client privileged communications.  We are thus at an impasse, and Azurity is free to move on the RFPs underlying this item.

**Documents concerning the Krishnan declaration (Agenda Item No. 7):**

Please see our production from last Tuesday, as well as our production from our First Wave Suits (*e.g.*, Bionpharma's ANDA).  We trust that this ends any dispute over Azurity RFP Nos. 69, 70.

**Azurity's refusal to proceed with patent depositions (Agenda Item No. 8):**

Azurity has come forward with no legitimate basis to refuse to proceed with the Paniker, Punji, and Murthy depositions.  Again, we are chronicling all of Azurity's delays and intend on presenting them to the Court at the appropriate time.

**Documents sufficient to show:  the organizational structure of Azurity, NovaQuest, and CoreRx; the ownership of and corporate relationships between NovaQuest and CoreRx; and the corporate relationship between Azurity and CoreRx (Agenda Item No. 9):**

The documents you point to in response to in response to Azurity's November 11, 2022 commitment to produce this information at best show the ownership of Azurity and its relationship to QHP (NovaQuest).  You have failed to produce organizational charts for Azurity, CoreRx, and QHP.  We find it hard to believe that Azurity does not have organizational charts for itself available for production—please confirm that Azurity has such charts but is refusing to produce them.  With respect to organizational charts for QHP and CoreRx, and documents sufficient to show Azurity's relationship with CoreRx and CoreRx's relationship with QHP, please confirm whether Azurity has these documents but is refusing to produce them, or simply does not have these documents (despite its November 11, 2022 representation to the contrary).

**Azurity's refusal to timely supplement its production with invalidity/infringement documents recently served/produced/filed in related litigation (Agenda Item No. 12):**

Rule 26(e) requires timely supplementation, and Azurity has refused to commit to a reasonable time frame as to when it will produce these documents.  Given that Azurity's past positions on scheduling and extensions, Bionpharma will simply not wait until the final few weeks of the current fact discovery schedule to receive these documents.  Moreover, Bionpharma needs these documents now to prepare for fact depositions and to prepare expert reports.  In the case of recent responsive documents from the Annora case, Azurity has these documents handy and can easily produce them at a moment's notice, but for some reason is refusing to do so, and that is insufficient.  The parties are therefore at an impasse, and we will circulate a draft letter requesting a discovery dispute teleconference on this item for your review shortly.  Finally, Azurity's third party confidentiality concerns—even if they were legally legitimate—are a red herring, as Bionpharma and Annora have reciprocally agreed to Azurity's production of their invalidity/infringement documents to the other party, under the conditions outlined in Todd Werner's September 22, 2022 email (*see also* October 11, 2022 email from R. Shrestha).

*      *      *

Additionally, we are in receipt of Azurity's Supplemental Delaware Default Rule 3 initial disclosures from last Friday, and they appear deficient to us as none of Azurity's board members are identified as custodians, despite the fact that certain of Azurity's board members are identified and implicated in Bionpharma's antitrust counterclaims, including in connection with Bionpharma's allegations concerning the sham CoreRx suits.  Why is this?  We would like to meet and confer on this issue and Azurity's delinquent antitrust production (as outlined in my email from last Tuesday afternoon) this week.

Finally, we propose that the parties exchange privilege logs for documents produced through March 2023 and agree to timely supplement those logs with any privileged documents produced thereafter.  Please let us know if Azurity will agree to this proposal and is in a position to make such an exchange by Friday, May 12, 2023.

We are generally available tomorrow afternoon and Wednesday for a meet and confer.  Please provide us with your availability and we will circulate a dial-in.

Best regards,
Luke

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Tuesday, May 2, 2023 1:18 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Alex:

Bionpharma will agree to hold in abeyance its depositions notices, but only because Azurity has yet to substantially complete its antitrust document production and to supplement its Delaware Default Rule 3 initial disclosures.  As you well know, shortly after the stay was lifted in these cases on February 7, we wrote to you demanding that Azurity supplement, *inter alia*, its responses to Bionpharma's antitrust discovery requests (which were served back in March of 2022) and its initial disclosures.  *See* Feb. 21, 2023 Ltr. from L. Shannon to G. Kaufman.  Despite repeated follow up requests for Azurity to move forward with its antitrust discovery obligations, it was not until March 28, 2023 that Azurity *finally* supplemented its responses to Bionpharma's antitrust requests for production, where it stated that it would produce, or will search for and produce, numerous categories of antitrust documents.  *See generally* Azurity's Supplemental Objections and Resps. to Bionpharma's First Set of Requests for Production of Documents and Things.  We still have yet to receive this antitrust document production that Azurity has promised in its supplemental responses— where is it?  We remain deeply concerned that Azurity has yet to produce these documents given its repeated representation to the Court that fact discovery in these cases could be closed by May 5, 2023—*this Friday*.  *See, e.g.*, 21-1286 D.I. 264, JSS at 1-5.  And, of course, *we have yet to even receive* Azurity's supplemental Delaware Default Rule 3 initial disclosures identifying custodians whose ESI Azurity will be searching through.  All of these delinquencies—*with just 3 days left in the fact discovery schedule Azurity emphatically advocated for in February*—confirms what we knew all along during the parties' scheduling dispute in February:  that Azurity was misrepresenting to the Court its ability to carry out its discovery obligations and close out fact discovery in these cases by May 5.  Again, rest assured, we are chronicling all of this to present to the Court, including in connection with remedies phase of these cases and our requests for fees and costs.

For the same reasons, Azurity's request that Bionpharma withdraw its Rule 30(b)(1) deposition notices for Azurity's board members under the apex doctrine is entirely premature, as we cannot adequately assess Azurity's position without first seeing its belated antitrust document production (as well as its belated supplemental Delaware Default Rule 3 initial disclosures).

Thus, while Bionpharma will agree to hold its depositions notices in abeyance until, *inter alia*, Azurity substantially completes its antitrust document production, Bionpharma will not withdraw those notices, and disputes that they are in any way improper.

11

We will be responding in writing to the other points raised in your April 28th email shortly.

Best regards,
Luke

---

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Tuesday, May 2, 2023 9:48 AM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

We understand that Bionpharma is cancelling today's meet and confer. The first of Bionpharma's 30(b)(1) depositions is noticed for next Tuesday, May 9, but Bionpharma has not responded to our request that you withdraw these notices. We can reschedule the call on other issues for later this week—we are available Thursday at 2 PM ET or Friday at 1 PM ET. But given the timing, we need an answer tomorrow on the 30(b)(1) notices. If Bionpharma does not agree to withdraw them or at least hold them in abeyance while discussions remain pending, we will circulate a draft joint discovery dispute letter on our motion for a protective order.

Additionally, we had planned to discuss two additional items on today's call. First, as Azurity is continuing to review Bionpharma's Friday April 21 production of 16,000 documents, we can now confirm that Azurity also asks Bionpharma to withdraw its subpoenas to Vern Davenport and Jeff Edwards, citing at least the same arguments we articulated in writing and during the call. Second, as Bionpharma no doubt knows given its silence on the subject, Azurity will not be putting up a 30(b)(6) witness on the May 5 date in Bionpharma's notice. We will serve responses and objections shortly and can be available to meet and confer regarding scope, witnesses, and dates next week.

Best,
Alex

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Monday, May 1, 2023 11:06 AM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - lshannon@taftlaw.com

---

Alex:

We are no longer available to meet and confer tomorrow, as we're still looking into several items that were discussed during our call last week.  We'll get back to you later this week with our availability for a meet and confer.

Best regards,
Luke

---

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Friday, April 28, 2023 10:00 AM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

Thanks again for meeting with us yesterday.

## Agenda

We discussed each item on the agenda in turn.

1. Whether Bionpharma will withdraw its 30(b)(1) deposition notices to Azurity board members Nailesh Bhatt, Frank Leo, and Dave Ritchie;
2. Whether Bionpharma will withdraw its 30(b)(1) deposition notice to Azurity's CEO Richard Blackburn;
3. Bionpharma's refusal to produce documents from the SDNY case (RFP Nos. 121, 122, 123, and 129);
4. Bionpharma's refusal to produce documents received from third parties (RFP No. 105);
5. Bionpharma's refusal to produce documents relating to orders from Bionpharma's supplier (RFP Nos. 59, 60)
6. Bionpharma's refusal to produce documents relating to Bionpharma's decision to list or de-list information relating to the ANDA product on its website (RFP Nos. 62, 63)
7. Bionpharma's refusal to produce documents concerning the Krishnan Declaration (RFP Nos. 69, 70)
8. Azurity's refusal to proceed with the Paniker, Punji, and Murthy depositions in May
9. Azurity's refusal to honor its November 1, 2022 commitment to produce documents sufficient to show:  the organizational structure of Azurity, NovaQuest, and CoreRx; the ownership of and corporate relationships between NovaQuest and CoreRx; and the corporate relationship between Azurity and CoreRx
10. Azurity's refusal to exchange supplemental damages interrogatory responses prior to May 11
11. Azurity's refusal to serve its supplemental its Delaware Default Rule 3 disclosures prior to May 5
12. Azurity's refusal to timely supplement its production with invalidity/infringement documents recently served/produced/filed in related litigation

## Azurity's Topics

You stated you would have to take agenda items 1-4 and 6-7 back to your team for discussion. We agreed to meet again on Tuesday at 3 PM ET / 2PM CT. Please let me know if you did not receive the meeting invite I sent. For agenda item number 5, we explained that we have identified some potentially relevant documents in Bionpharma's Friday May 21 production.  Please advise on our next call if Bionpharma has changed its prior refusal to produce documents in response to RFP Nos. 59 and 60.

## Bionpharma's Topics

13

Next, we discussed the depositions Bionpharma scheduled for May. We explained that, while Azurity will take these depositions at the appropriate time, it is still working through Bionpharma's May 21 production of 16,000 documents (60,000 pages) and needs time to prepare for the depositions. Bionpharma stated its view that the production contains a "manageable" amount of documents to review in the intervening time. Azurity disagreed, noting, e.g., that Bionpharma's EVP Supply Chain & Projects, Mr. Phanindranath Punji's name appears in over 6,000 documents in this set. Azurity stated it will inform Bionpharma when it has completed its review of the recently produced documents and is able to take the depositions in question. For agenda item number 9, Azurity confirmed that it believes it has satisfied its obligation on a sufficient to show basis and confirmed impasse. Azurity also confirmed that, with respect to agenda items numbers 10 and 11, Azurity will supplement at the dates we have noted. Azurity explained that it is not beholden to Bionpharma's unilaterally imposed deadlines. Bionpharma asked Azurity to explain its reasoning for the dates it set. Azurity explained that that reasoning is privileged. Finally, for agenda item 12, we re-affirmed our position as set forth in previous correspondence. Specifically, we stated that initial opening expert reports were served less than two weeks ago and that expert discovery is ongoing. Bionpharma stated that their request encompasses other materials including all interrogatory responses and contentions served this year. Azurity replied that Bionpharma raised this issue around one week prior to our meeting, and so we reject any characterization of our response as untimely. Azurity agreed to take agenda item 12 back for further discussion.

We look forward to continuing our conversation on Tuesday. We will follow up in advance with our agenda items (which will include 1-4 and 6-7 above). Please provide us with any topics Bionpharma wishes to discuss. Hope you and your team enjoy the weekend.

Best,
Alex

---

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Thursday, April 27, 2023 12:20 PM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

We disagree with the vast majority of your email, needless to say, which largely repeats prior emails.  Thus, we address only new points.

We understand that Bionpharma will not make the representations Azurity requested regarding Bionpharma's production. Accordingly, as we stated previously, because Azurity is still in the process of reviewing the 60,000 pages of documents Bionpharma produced less than a week ago, our position remains unchanged.

We have already "explain[ed] in writing why Azurity has proposed its agenda items" in the email you received yesterday. We note, however, that Azurity is under no obligation to provide lengthy, detailed arguments for each of its positions in advance of the meet and confer, and that it is in fact the purpose of the meet and confer process that parties make "a reasonable effort [] to reach agreement" through good faith dialogue. Del. L.R. 7.1.1.

Thank you in advance for attending the call today. We disagree that the meeting will be "of very little value."  We will speak then.

Best,
Alex

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Thursday, April 27, 2023 9:40 AM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma
(505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E.
<mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann
<BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron
<AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan
Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - lshannon@taftlaw.com

Alex,

Your email advances no rational justification for why Azurity cannot proceed with the Paniker, Punji, and Murthy
depositions in May.  Bionpharma has already represented that much of the production it made last week pertains to its
efforts to secure a new supplier.  Moreover, the document requests you identify below pertain to damages and antitrust
issues.  You fail to explain how two individuals in Bionpharma's regulatory affairs department (Paniker, Murthy) could
have discoverable testimony concerning those issues.  Mr. Punji deals with manufacturing and supply chain issues.  At
best, these witnesses *might* have discoverable information concerning the patent issues in these cases.  Azurity should
know all of this—it was Azurity, after all, who noticed up these depositions, and presumably had a reason to do so.  And
Azurity has repeatedly represented to the Court that patent discovery is substantially complete.  Azurity's refusal to
proceed with these depositions under the dubious excuse that it still needs damages and antitrust production from
Bionpharma appears to be yet another stall tactic.  Rest assured, we are chronicling all of Azurity's delay tactics, and
they will be presented to the Court in connection with a schedule extension request should an extension be
needed.  Your repeated mischaracterization of an order on a scheduling dispute *that Azurity lost on* cannot change the
facts regarding Azurity's dilatory conduct.

Next, your email contains new information from Azurity and Azurity's supposed justifications for the positions it has
taken.  The fact that we received your email after close of business the evening before our scheduled meet-and-confer
has foreclosed our ability to consider Azurity's position on, for example, Bionpharma's deposition notices and Azurity's
demand for production from the *Bionpharma v. CoreRx* suit, and to, if necessary, consult with our client prior to our
call.  This was the predictable result of your failure to convey your positions and rationales promptly, as we've
repeatedly requested from you.  As such, it is likely that our meet and confer today will be of very little value, as we
simply will not have answers for you on many of Azurity's agenda items.  Nevertheless, we will attend the call and hear
you out, but we will need to take your positions back to our team and, if necessary, our client, before we can provide
you with Bionpharma's positions on Azurity's agenda items.  We suggest a more efficient approach would be to
reschedule the call until a date after you explain in writing why Azurity has proposed its agenda items, and why it
believes that the discovery it seeks in connection with those discovery items is, in fact, discoverable.

Best regards,
Luke

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Wednesday, April 26, 2023 5:33 PM

**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

Thank you for your additions to the agenda. In this writing, we respond to both your April 25 5:38 PM ET email and your April 26 1:45 PM ET email.

### Shannon Email, April 25

1. Bionpharma produced over 60,000 pages of documents last Friday, April 21. Understandably, Azurity has not had time to review these documents in full. Will Bionpharma represent what is in the production? Will Bionpharma represent for which RFPs Bionpharma's production is substantially complete? Has Bionpharma, e.g., produced documents responsive to RFP Nos. 33-35, 59-60, 80, or other damages and ANI/Novitium related requests? If so, Azurity will consider whether it has the requisite documents to proceed with the three depositions. Absent such representations, Bionpharma's discovery gamesmanship is self-evident.

2. The record shows, and the Court has recognized, that Bionpharma is the party that is delaying discovery, not Azurity. D.I. 293 at ¶ 30. Azurity will not endlessly relitigate this issue with Bionpharma.

3. Azurity will supplement by May 11. Azurity is under no obligation to abide by Bionpharma's arbitrary and unilateral deadlines.

4. Bionpharma's "impression that Azurity is reneging on its commitment" is incorrect. SLVGT-EPA_0122018 and SLVGT-EPA_0122946 satisfy Azurity's stated commitment on a sufficient to show basis.

5. Bionpharma refused to even discuss confidentiality designations with Azurity. Azurity, in the interest of cooperation and civility, agreed to re-produce the seven outstanding documents in this case and has since done so. Please confirm receipt. This item is, accordingly, moot.

6. We will be prepared to discuss tomorrow. Briefing in the Annora case is ongoing. Furthermore, the productions in that case contain Annora confidential information, so we cannot commit to producing unredacted copies by any certain date absent Annora's consent.

7. Azurity stands on its previous representation and again asks Bionpharma to detail the supposed deficiencies in Azurity's production.

8. We listed specific RFPs for discussion in my 4/25 email at 5:47 PM ET, which came minutes after your email.

### Shannon Email, April 26

1. Azurity believes that Bionpharma should withdraw its notices for the Bhatt, Leo, and Ritchie depositions at least because they are apex witnesses. Azurity has already represented that Amit Patel, current Executive Chairman and former CEO of Azurity, will sit for a deposition in this case. Even if Bhatt, Leo, and Ritchie were to possess any relevant information (and we have no reason to believe that they do), Mr. Patel is better situated to provide such information. Richard Blackburn is also an apex witness. As he was appointed CEO of Azurity on February 14, 2022 – three days before Bionpharma filed its antitrust counterclaims – he cannot and does not have any first-hand knowledge of any relevant information. And, even if he did, Mr. Patel is better situated to provide such information.

2. It is our understanding that Mr. Jim Gale is being represented independently by your co-counsel at Holland & Knight. Please let us know if that is no longer true and if we should be discussing his Rule 45 subpoena with Taft.

3. Without conceding any obligation to do so, Azurity notes that it has raised many of these issues in the Kaufman Letter dated March 7, 2023 and the Poonai Letters dated March 10 and February 27. To be clear, however,

Azurity does not assert "that Bionpharma's objections and responses to the document requests referenced in item numbers 3-7 are deficient." Instead, we note that Bionpharma conclusively states that it "will not produce documents and things responsive" to many of Azurity's RFPs. We seek to understand Bionpharma's positions and its bases for refusing to produce documents.

4.  For example, with respect to agenda item 3, Bionpharma has refused to produce while objecting for relevance, under the protective order in the New York Action, and because it alleges that the documents are already in Azurity's possession, custody, or control. These documents are clearly relevant at least because of Bionpharma's allegation that it has a license to Azurity's patents under the MMSA and its allegation that Azurity directed CoreRx to renegotiate the MMSA. In addition, Magistrate Judge Figueredo has recognized the overlap between the cases. Azurity is not aware of any bars to it receiving this discovery under the protective order in the New York Action. And, as we have stated numerous times, Azurity is not CoreRx's "corporate sister" and so is not in possession of these documents.

Best,
Alex

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Wednesday, April 26, 2023 1:45 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wc.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - lshannon@taftlaw.com

---

Alex,

Thank you for your proposed agenda.  We note that a number of items you have proposed for discussion have never heretofore been raised with Bionpharma, which leaves us with little ability to prepare for a meaningful discussion on those particular items.  For example, Azurity has never previously approached Bionpharma with a request to withdraw its deposition notices to Messrs. Bhatt, Leo, Ritchie, and Blackburn, and has never explained why it believes those notices are improper and/or should be withdrawn (particularly in light of the fact that Azurity has itself noticed up, and/or issued subpoenas for, the deposition Bionpharma board members, *see, e.g.*, 11/2/22 Atherton email enclosing Gale, Goodman subpoenas).  Similarly, we have not received any discovery correspondence from Azurity explaining why Azurity believes that Bionpharma's objections and responses to the document requests referenced in item numbers 3-7 are deficient.  Again, without a more detailed explanation from Azurity as to these items prior to any meet and confer, we will have very limited ability to address Azurity's concerns in connection with these items in an efficient manner.

The items Bionpharma intends to raise on Thursday's meet and confer—which, in contrast to Azurity's proposed items for discussion, Bionpharma has previously raised with Azurity—and that Azurity should be prepared to discuss, are as follows:

8.  Azurity's refusal to proceed with the Paniker, Punji, and Murthy depositions in May
9.  Azurity's refusal to honor its November 1, 2022 commitment to produce documents sufficient to show:  the organizational structure of Azurity, NovaQuest, and CoreRx; the ownership of and corporate relationships between NovaQuest and CoreRx; and the corporate relationship between Azurity and CoreRx
9.  Azurity's refusal to exchange supplemental damages interrogatory responses prior to May 11

    10.  Azurity's refusal to serve its supplemental its Delaware Default Rule 3 disclosures prior to May 5
    11.  Azurity's refusal to timely supplement its production with invalidity/infringement documents recently served/produced/filed in related litigation

Best regards,
Luke

---

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Tuesday, April 25, 2023 4:47 PM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

We will follow up with a more complete reply to your below email. Please see the below agenda for Thursday's meet and confer. In advance of the call, please add the specific agenda items Bion would like to discuss.

1.  Whether Bionpharma will withdraw its 30(b)(1) deposition notices to Azurity board members Nailesh Bhatt, Frank Leo, and Dave Ritchie;
2.  Whether Bionpharma will withdraw its 30(b)(1) deposition notice to Azurity's CEO Richard Blackburn;
3.  Bionpharma's refusal to produce documents from the SDNY case (RFP Nos. 121, 122, 123, and 129);
4.  Bionpharma's refusal to produce documents received from third parties (RFP No. 105);
5.  Bionpharma's refusal to produce documents relating to orders from Bionpharma's supplier (RFP Nos. 59, 60)
6.  Bionpharma's refusal to produce documents relating to Bionpharma's decision to list or de-list information relating to the ANDA product on its website (RFP Nos. 62, 63)
7.  Bionpharma's refusal to produce documents concerning the Krishnan Declaration (RFP Nos. 69, 70)
8.  [**Placeholder for Bionpharma additions**]

Best,
Alex

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Tuesday, April 25, 2023 5:38 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - lshannon@taftlaw.com

Alex,

We are confused by your refusal to proceed with the Paniker, Punji, and Murthy depositions on the dates we have provided in May. Two of these witnesses (Paniker and Murthy) are in the regulatory affairs department at Bionpharma, Nath Punji is the EVP – Manufacturing, Supply Chain, and Projects at Bionpharma. These witnesses could only have discoverable information pertaining to the patent issues in these cases---not the antitrust issues. Azurity has repeatedly represented to the Court that "patent discovery is largely complete." 21-1286 D.I. 264, JSS at 4. Thus, Bionpharma sees no reason why Azurity cannot and will not proceed with these depositions in May. Your email references "outstanding discovery deficiencies," including "Bionpharma's refusal to answer several of Azurity's interrogatories," but you fail to identify what Bionpharma interrogatory responses impact Azurity's ability to prepare for and proceed with these depositions. Your attempt to hold the scheduling of these depositions hostage unless and until certain unidentified discovery responses are supplemented is improper, particularly given Azurity's repeated representation regarding patent discovery being "largely complete." Your email in no way indicates that any outstanding antitrust discovery from Bionpharma could be useful in preparing for or proceeding with these depositions. Your email references the documents Bionpharma recently produced, but those documents generally relate to Bionpharma's antitrust counterclaims (*e.g.*, Bionpharma's efforts to secure a new supplier). In short, there is no reason Azurity cannot take these depositions now, and we need to schedule those depositions soon in order to accommodate those individuals' busy schedules. If Azurity refuses to move forward with these depositions, Bionpharma will bring that refusal to the Court's attention in the event the schedule needs to be extended. Indeed, Azurity previously pointed to those depositions as a supposed indication of Azurity's diligence. *Id.* at 4 ("Azurity has been proceeding diligently to complete fact discovery. For example, Azurity has noticed seven depositions to Bionpharma and its personnel."). But now, Azurity is in fact using those depositions to forestall discovery.

Moreover, Azurity's apparent inability (or unwillingness) to advance discovery promptly is directly at odds with what Azurity told the Court. In advocating for an expedited case schedule, Azurity told the Court, "that all remining [sic] antitrust discovery can be completed by May 5, 2023." *Id.* In the last two months, Azurity has delayed providing antitrust discovery to which Bionpharma is entitled. Again, in the event an extension of the fact discovery deadline becomes necessary, Bionpharma will make clear to the Court that Azurity's delay is the sole cause of any need for an extension.

In response to your email's remaining points, first, we do not see why Azurity believes it needs to May 11, 2023 (nearly three weeks after our meet-and-confer) before it can exchange supplemental response for damages interrogatories (*i.e.*, Azurity's supplemental responses to Bionpharma ROG Nos. 5, 7-9 and Bionpharma's supplemental responses to Azurity's ROG Nos. 5-10). Azurity was pushing to exchange supplemental damages interrogatory responses last November (*see* 10/28/22 email from G. Kaufman) and, again, two months ago, Azurity told the Court that "patent discovery is largely complete, [and] [d]epositions are the main item yet to be accomplished." 21-1286 D.I. 254, JSS at 4. Now, Azurity apparently is unable even to supplement its own interrogatory responses by its requested May 5, 2023 close of fact discovery. Coupled with Azurity's refusal to proceed with patent fact depositions, Azurity's dilatory tactics are clear, and we intend on chronicling all of this for the Court should a schedule extension become necessary. We ask that Azurity reconsider its refusal to exchange supplemental damages interrogatory responses before May 11—Bionpharma stands ready to exchange supplemental damages interrogatory responses now.

With respect to SLVT-EPA_0122018, your email seems to imply that you believe you have satisfied your obligation and commitment to produce documents sufficient to show the ownership of, organizational structure of, and corporate relationship s between Azurity, NovaQuest, and CoreRx. *See* 11/1/22 email from G. Kaufman ("Azurity is willing to produce documents sufficient to show the ownership of, organizational structure of, and corporate relationships between Azurity, NovaQuest, and CoreRx and answer the related interrogatory."). The production of a single chart showing ownership of Azurity is not a complete or adequate responses to Bionpharma's document requests on this topic and falls short of what Azurity represented at the eleventh hour that it would produce to Bionpharma in order to avoid a motion to compel. *See id.* Now that the parties are nearly seven months past Azurity's representation about the discovery that would be forthcoming on this topic, Bionpharma is left with the impression that Azurity is reneging on its commitment. Please be ready to discuss this issue at the meet and confer we have currently scheduled for Thursday.

Next, your email seems to take issue with our recognition that the "seven outstanding documents" from the *Bionpharma v. CoreRx* suit have been "previously been withheld." Make no mistake, those documents were previously withheld from production *in these Delaware Third Wave Suits*, ostensibly due to Azurity's desire to sidestep the structure of the protective order in this case. Ultimately, Bionpharma's Delaware counsel did not receive those documents until the very day of Amit Patel's deposition. As we've made clear to you, we reserve the right to approach the Court in these Third Wave Suits to seek leave to further question Mr. Patel regarding the sham CoreRx suits in light of Azurity's dilatory production of documents, including Azurity refusal to produce the "seven outstanding documents" to Bionpharma's Delaware counsel prior to Mr. Patel's deposition.

We have yet to receive any supplemental production from Azurity concerning invalidity/non-infringement documents recently served or produced in related litigation, including in the Annora litigation. *See* 4/19/23 email from R. Shrestha. As these documents have been recently served/produced/filed (*see, e.g.*, 21-196 D.I. 208-209, 222-227), we do not understand why Azurity is delaying production of these documents. Please be ready to discuss this issue on Thursday.

Regarding my March 7, 2023 letter, we take your representations during our call and in your email to indicate that unless the documents articulated in my March 7 letter are those that you specifically refused to produce in Azurity's Responses and Objections to Bionpharma's First Set of Document Requests, Azurity will produce those documents to the extent they exist. We will follow up with you in the event Azurity's production remains deficient. To that end, please confirm when you will produce these documents. Again, Azurity's unexplained delay here is apparent, and is particularly striking given its representation to the Court: "Azurity respectfully submits that all remaining antitrust discovery can be completed by May 5, 2023." 21-1286 D.I. 264, JSS at 4.

As I indicated during our call and in my email on Friday, we are available to meet and confer on Thursday, at which point we will expect answers to the questions above. In the meantime, we have yet to receive information from Azurity elucidating what if anything it believes remains deficient in Bionpharma's discovery responses—your delay in providing this information hinders our ability to prepare adequately and to provide Azurity on Thursday with Bionpharma's positions as to the alleged, but yet unidentified, deficiencies. This does not make for an efficient meet and confer process. We ask that you provide us with a specific identification of any alleged deficiencies in Bionpharma's discovery requests responses soon so that we can adequately prepare for Thursday's meet and confer.

Best regards,
Luke

---

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Monday, April 24, 2023 4:42 PM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

We are in receipt of your email. We respond to your points below:

- Azurity commits to supplement its damages interrogatory responses by Thursday May 11. Azurity commits to supplement its Delaware Default Standard Paragraph 3 disclosures to include any custodians likely to have documents and ESI responsive to Bionpharma's antitrust counterclaims, and Azurity's defenses to those counterclaims, by Friday, May 5.
- Thank you for confirming receipt of SLVGT-EPA_0122018, which was re-produced from the related SDNY case to this case on February 21. Thus, Azurity has already produced responsive documents. As stated on the call and as previously communicated to your co-counsel, we will be re-producing the seven outstanding documents under the highest confidentiality designation available in the in Delaware case. We also note that Bionpharma likely already has responsive material in its possession, custody, or control because it, along with Signet, sold CoreRx to NovaQuest.
- Thank you for confirming receipt of SLVGT-EPA_0122876.
- Azurity stated that it will reproduce the seven documents, which contain board meeting minutes. Azurity reserves all rights and will produce these documents subject to its responses and objections.
- Bionpharma mischaracterizes the seven outstanding documents as having "previously been withheld." Bionpharma has been in possession of these documents since Azurity originally produced them in the related SDNY action on February 3.
- With regards to the categories of documents discussed in your weeks-old letter and in your email below, we refer you to our prior discovery responses and note that to the extent we agreed to produce documents, we have done so or will do so.  We note that this issue was not on the agenda for the meet and confer—indeed, Bionpharma did not respond to my email setting the meet and confer agenda with a list of topics Bionpharma wished to cover. Moreover, upon further review, we note that several of these categories are overbroad and do not seem to relate to the claims and defenses at issue in this case.  Nevertheless, we can confirm that, to the extent documents falling into those categories you enumerated were pulled by the search conducted consistent with our discovery responses, we did not withhold such documents from production.  If Bionpharma is asking something different, we are available to further meet and confer on this point on Thursday.  Additionally, we reiterate our invitation to review our production and come back to us with specific and discrete categories of documents which Bionpharma believes it needs.
- With regards to the depositions, due to Bionpharma's outstanding discovery deficiencies—including, *inter alia*, Bionpharma's refusal to answer several of Azurity's interrogatories—Azurity cannot, and is under no obligation to, move forward with depositions on Bionpharma's unilaterally set dates. Moreover, Azurity has not yet reviewed the 60,000 pages Bionpharma produced at 1:30 AM on the day of our meet and confer, and thus cannot assess whether Bionpharma is in compliance with its discovery obligations. Azurity intends to resolve or raise with the Court Bionpharma's discovery deficiencies before committing to depositions.
- We thank you for agreeing to meet this Thursday at 2 PM ET / 1 PM CT. I have sent you a calendar invite, please let me know if you did not receive it. We will follow up with a list of topics for discussion. We ask Bionpharma to add any specific issues it would like to discuss. Incorporating lengthy and numerous attorney correspondence by reference does not provide Azurity sufficient notice to prepare to discuss topics and have a productive meeting.

In addition to the above, we note that Bionpharma confirmed that the parties are at impasse with respect to Bionpharma's interrogatory non-responses.


Best,
Alex


**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Friday, April 21, 2023 7:23 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron

<AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - lshannon@taftlaw.com

Counsel:

Thank you for you availability to meet and confer this afternoon.  To recap a few points from our discussion:

By Monday, April 24, Azurity will provide by email a date certain by which it will be in position to supplement its interrogatory responses regarding damages.  Ideally, that date certain is no later than May 8.  As we discussed, if Azurity cannot commit to supplementation by that date, we will understand the parties to be at an impasse and will bring this to the Court's attention for redress.  Azurity will also provide by April 24 a date by which it will supplement its Delaware Default Standard Paragraph 3 disclosures to include custodians likely to have documents and ESI responsive to Bionpharma's antitrust counterclaims.

You confirmed that Azurity has already produced or will produce documents sufficient to show the ownership of, organizational structure of, and corporate relationship s between Azurity, NovaQuest, and CoreRx (as it previously agreed to do late last year, see Nov. 1, 2022 email from G. Kaufman).  You stated that these documents, at least in part, have recently been produced.  We have located SLVGT-EPA_0122018, which appears to show ownership of Azurity and the corporate relationship between Azurity and NovaQuest.  We have, however, been unable to locate other documents Azurity has agreed to produce from this category of documents, such as sufficient to show the organizational structure of Azurity, NovaQuest, and CoreRx, documents sufficient to show the ownership of and corporate relationships between NovaQuest and CoreRx, and documents sufficient to show the corporate relationship between Azurity and CoreRx.  Please confirm that Azurity will be producing these documents (as it has already agreed to do).

You stated that the Amneal settlement has been produced at SLVGT-EPA_0122876.  We can confirm that we are in possession of this document and it appears to be the Azurity-Amneal settlement agreement; thank you for your assistance in locating this document.

You confirmed that Azurity will produce documents relating to actual or potential generic competition with Epaned, including but not limited to board meeting minutes; internal emails, correspondence, and memoranda; and correspondence with third parties regarding generic competition with Epaned.  We reserve our right to follow up with you again in the event Azurity's production is deficient.

You confirmed that Azurity will produce the "seven outstanding documents" from the Bionpharma v. CoreRx suit in the Southern District of New York, referenced in Alex's February 21, 2023 and my March 1, 2023 letters, which had previously been withheld.

You confirmed that you are not withholding from production the following categories of documents, outlined in my March 7, 2023 letter:  documents detailing any price competition between Epaned and other branded drugs; projections of market share estimates of Epaned; documents detailing the timing of entry of other branded blood pressure medications, including any documents detailing potential impact on Epaned of such entry; documents detailing the timing of market entry of other generic blood pressure medications, including documents detailing potential impact on Epaned of such entry; projections of AB-rated generic enalapril market entry, including any projections of anticipated Epaned and/or generic pricing and Epaned and/or generic sales and/or market share following generic entry; documents detailing the amount of, and reasons for, discounts, rebates, or other price concessions (if any) paid by Azurity on Epaned ; Epaned sales (invoice) data sufficient to show, for each sales transaction, the product, strength, gross price, net price, quantity sold, customer name, and customer ID; forecasts of AB-rated generic launch by Azurity, including forecasts of associated impact to Epaned pricing and volume; forecasts of AB-rated generic launched by other

manufacturers, including forecasts of associated impact to Epaned pricing and volume; documents detailing the timing of Paragraph IV ANDA submissions with respect to Epaned made by generic manufacturers other than Bionpharma; documents detailing Azurity's internal estimates of the launch timing of each enalapril Paragraph IV ANDA filer; and Azurity's business plans and other strategic planning documents for Epaned, including but not limited to any that address the prospects for, and effects of, potential generic competition.

Late last year, Azurity noticed up the depositions of Latha Paniker, Nath Punji, and Nithya Murthy and, on Wednesday of this week, we provided you with dates of availability for these witnesses:  May 16 (Paniker), May 17 (Punji), and May 19 (Murthy), 2023.  We asked you to confirm that Azurity will proceed with these depositions on the dates provided.  You indicated that you would get back to us on this soon.  The dates we have proposed for these witnesses are a little over 3 weeks away, and these witnesses carry busy schedules—please get back to us on this as soon as possible.

You suggested that you may believe that certain of Bionpharma's responses to Azurity's documents requests and either Bionpharma's Rule 26(a)(1) initial disclosures or its Default Standard Paragraph 3 disclosures may be, in your view, deficient.  We remain available to discuss on Thursday, April 27, at 2:00 pm ET / 1:00 pm CT.  As we discussed on today's call, in order to ensure that we can be prepared to discuss what you believe may be deficient, and to properly set up the meet and confer, we expect that you will set forth by letter or email the specific document requests and responses at issue, as well as the relevant initial disclosures, and the bases for your conclusion that any deficiencies exist.  We look forward to receiving that letter or email sufficiently in advance of Thursday to allow us time to consider Azurity's positions and prepare for Thursday's call.

We look forward to hearing from you by Monday, April 24.

Best regards,
Luke

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Monday, April 17, 2023 4:48 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Alex,

Thanks for confirming your availability.  Within the times you provided, we are available at 3:00 pm CT / 4:00 ET, Friday, April 21, and will look forward to speaking with you then.  For the call, we can use the following dial in:

Join Zoom Meeting
https://taftlaw.zoom.us/j/3161014543

Meeting ID: 316 101 4543
One tap mobile
+13126266799,,3161014543# US (Chicago)
+13092053325,,3161014543# US

Dial by your location

23

+1 312 626 6799 US (Chicago)

Your email's gratuitous attempt to pin blame on Bionpharma for Azurity's delay serves no purpose other than to risk distraction.  Your email misrepresents the Consolidation and Scheduling Order (Case No. 21-1286, D.I. 293), involving a scheduling dispute that Azurity lost on.  In fact, in that Order, the Court explicitly acknowledged Bionpharma's legitimate concern stemming from the fact that Azurity refused to engage in antitrust discovery during the bulk of 2022.  The parties' communications (see the trailing emails below) illustrates what we fear is Azurity's continued attempts to avoid Bionpharma's efforts to complete discovery, further jeopardizing the case schedule.  For example, while we appreciate you finally getting back to us on Azurity's availability to meet and confer, Azurity continues to dodge Bionpharma's offer to exchange supplemental damages interrogatory responses.  We ask again: Will Azurity agree to a mutual exchange of supplemental damages interrogatory responses tomorrow, Tuesday, April 18, by 5:00 pm ET?

We look forward to hearing from you.

Best regards,
Luke

---

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Friday, April 14, 2023 3:33 PM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

We are available to meet and confer Friday between 12 PM - 2 PM ET or from 3 PM - 5 PM ET. Please be prepared to discuss:

1. Whether Bionpharma should provide an answer to any of Azurity's antitrust Interrogatories Nos. 11-15;
2. Whether Bionpharma should begin producing antitrust discovery;
3. Whether Bionpharma should amend its initial disclosures to identify more than one individual having or likely to have information relating to Bionpharma's antitrust counterclaims;
4. Whether Bionpharma should produce certain categories of documents related to damages it has previously consented to producing;
5. Whether Bionpharma should supplement its answers to certain interrogatories relating to damages which it has previously agreed to supplement; and
6. Whether Bionpharma should be compelled to answer certain interrogatories from prior litigation between the parties as required by the Court's Scheduling Order.

We note that, as has been the case throughout antitrust discovery in these matters, Bion's sudden rush to meet and confer is "belated and inconsistent." D.I. 293 at 30. Azurity asked Bionpharma to meet and confer in multiple letters over the course of months. Bion refused to set a time to meet, instead insisting that Azurity should meet Bion's numerous, arbitrary, and unsupported preconditions before Bion would agree to a simple phone call. We are glad to see that Bion now, like the Court, finally "agree[s] with Azurity that further delay should be minimized." *Id.*

Best,

Alex

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Thursday, April 13, 2023 7:11 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - lshannon@taftlaw.com

---

Alex:

We still have not heard back from you on our repeated requests to meet and confer regarding the deficiencies outlined in my February 24, March 1, and March 7, 2023 letters, and Azurity's continued refusal to supplement its Delaware Default Rule 3 initial disclosures (as well as our proposal for a mutual exchange of supplemental damages interrogatory responses). Azurity's apparent decision to ignore our requests is improper. By close of business tomorrow, April 14, please provide your availability for a meet and confer Monday, Thursday, or Friday of next week. If we fail to hear from you by tomorrow, we will plan to submit a letter to the Court early next week requesting a discovery conference and notifying the Court that Azurity refuses to comply with the meet and confer requirements provided by the scheduling order.

Best regards,
Luke

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Friday, April 7, 2023 5:56 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Alex:

We never heard back from you on our proposal for a meet and confer this Tuesday, April 4. Please provide us with your availability to meet and confer next week regarding the deficiencies outlined in my February 24, March 1, and March 7, 2023 letters, and Azurity's continued refusal to supplement its Delaware Default Rule 3 initial disclosures.

Further, as mentioned in my email from last Wednesday (below), Bionpharma is ready to move forward with an exchange of supplemental responses to damages interrogatories that the parties had discussed late last year prior to the stay. We had proposed a mutual exchange for last Friday, March 31, at 1 PM EDT, but never heard back from Azurity on this. Please get back to us on this as soon as possible.

Best regards,
Luke

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Wednesday, March 29, 2023 10:12 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Alex:

We can be available for a meet and confer next Tuesday, April 4 at 1 PM EDT.  Please circulate a dial in.  And please be prepared to discuss the issues raised in my February 24, March 1, and March 7, 2023 letters, including Azurity's continued refusal to supplement its Delaware Default Rule 3 initial disclosures, as well.

Also, Bionpharma would like to move forward with an exchange of Bionpharma's supplemental responses to Azurity ROG Nos. 5-10, and Azurity's supplemental responses to Bionpharma ROG Nos. 5 and 7-9.  We propose a mutual exchange this Friday, March 31, at 1 PM EDT—please confirm that works for Azurity.

Best regards,
Luke

**Luke T. Shannon,** Of Counsel
Intellectual Property
Direct: 312.836.4115 | Office Ext: 34115
Taft Office: Chicago

Jaffe has joined Taft. Now over 800 attorneys strong.
Learn more **here.**

---

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Tuesday, March 28, 2023 11:44 AM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

We were on the line at the time we proposed below, but Bionpharma did not join. Please propose another time when Bionpharma will be available to discuss its discovery obligations. We suggest this Friday, March 31, at 1:30 PM ET. We are available to discuss Azurity's discovery obligations at another time. Please propose a date for that meeting.

Best,
Alex

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Friday, March 24, 2023 3:19 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - lshannon@taftlaw.com

Alex,

Thanks for proposing a time to meet and confer.  By "these issues," presumably you include Azurity's failure to supplement its responses to Bionpharma's first sets of discovery requests, which we served over a year ago and include Bionpharma's antitrust discovery requests, as explained in, *e.g.*, my Feb. 21, 2023 letter.  As we've explained in the past, we need those supplemented responses in order to know whether and to what extent a dispute exists between the parties concerning the antitrust discovery that Bionpharma seeks from Azurity; in other words, we need your supplementation before any meet and confer in order to ensure that our meet and confer can be fruitful.  **Can you commit to providing those supplemented discovery request responses (including any supplemented interrogatory responses noted in my March 22, 2023 letter) before March 28?**

Best regards,
Luke

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Thursday, March 23, 2023 4:32 PM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

We would like to meet and confer on these issues. We are available Tuesday, March 28 between 9:30 AM ET and 12 PM ET. We will send a calendar invite, and if you are not available, please propose another time.

Best,
Alex

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Wednesday, March 22, 2023 10:49 AM
**To:** Kaufman, Granville <gkaufman@wsgr.com>; Poonai, Alexander <apoonai@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - lshannon@taftlaw.com

---

Counsel,

Please see the attached.

Best regards,
Luke

---

**From:** Kaufman, Granville <gkaufman@wsgr.com>
**Sent:** Tuesday, March 7, 2023 8:36 PM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Counsel,

Please see the attached correspondence.

Regards,

**Granville Clay Kaufman| Associate | Wilson Sonsini Goodrich & Rosati, Professional Corporation**
12235 El Camino Real | San Diego, CA 92130 | T: 213-369-3593 | gkaufman@wsgr.com | www.wsgr.com

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Friday, February 24, 2023 2:30 PM
**To:** Kaufman, Granville <gkaufman@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld,

Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron
<AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan
Haney <mch@PMHDELaw.com>
**Subject:** Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - lshannon@taftlaw.com

Granville,

Please see the attached.

Best regards,
Luke

**Luke T. Shannon**
Of Counsel
LShannon@taftlaw.com
**Dir:** 312.836.4115
**Tel:** 312.527.4000   |   **Fax:** 312.527.4011
111 E. Wacker Drive, Suite 2600
Chicago, Illinois 60601-4208

**taftlaw.com**

Jaffe has joined Taft. Now over 800 attorneys strong.
Learn more **here.**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If
you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in
error, please notify the sender by reply e-mail and delete the message and any attachments.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole
use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by
others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and
permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole
use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by

others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

Draft

May 17, 2023

**VIA CM/ECF**
The Honorable Mitchell S. Goldberg
United States District Court
for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street – Room 7614
Philadelphia, PA 19106-1797

      Re:    *Azurity Pharm., Inc., v. Bionpharma Inc.,* C.A. No. 21-1286-MSG (D. Del.)
              (consolidated)

Dear Judge Goldberg:

The parties to the above-referenced actions write to request a teleconference to resolve the below disputes pursuant to paragraph 7(h) of the Scheduling Order (D.I. 126).

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer by telephone on April 27, 2023 and again on May 15, 2023.  Counsel also conferred via email.

For Plaintiff Azurity Pharmaceuticals, Inc. ("Azurity"):
Granville Kaufman
Alexander Poonai
Megan E. Dellinger

For Defendant Bionpharma Inc. ("Bionpharma"):
Luke T. Shannon
Aaron Johnson
Jack Phillips

Bionpharma respectfully submits that the disputes requiring judicial attention are as follows:

- Whether, after supplementing its objections and responses to Bionpharma's first set of Rule 34 requests for production ("RFP[s]") on March 28, 2023, and agreeing to search for and produce antitrust documents in response to 30 of those RFPs (Bionpharma RFP Nos. 11-14, 20-24, 27-29, 44-47, 49-51, 53-58, 60, 63-66), and then subsequently reneging on its agreement (erroneously claiming that its antitrust production was already "substantially

The Honorable Mitchell S. Goldberg
May 17, 2023
Page 2

complete"), Azurity should be compelled to produce documents in response to those 30 RFPs (Bionpharma RFP Nos. 11-14, 20-24, 27-29, 44-47, 49-51, 53-58, 60, 63-66).

- Whether Azurity should be compelled to supplement its Delaware Default Rule 3 initial disclsoures to identify its board members expressly named in Bionpharma's antitrust counterclaims (Messrs. Bhatt, Davenport, Edwars, Leo, and Ritchie, *see, e.g.*, 21-1286 D.I. 135, Bionpharma's Counterclaims ¶¶ 18-26) as ESI custodians in whose files it will search for discoverable ESI.

- Whether, in view of Rule 26(e) requirement for timely supplementation, and in view of Azurity's insistence on an expedited schedule and the need to close out fact discovery as quickly as possible (*see*, *inter alia*, 21-1286 D.I. 264, Joint Submission Regarding Proposed Schedule at 1-5), Azurity should be compelled to immediately supplement its production with recent invalidity and infringement-related documents served, produced, or filed in *Azurity Pharmaceuticals, Inc. v. Annora Pharma Private Limited, et al.*, Case No. 1:21-cv-00196-MSG (D. Del.) (the "Annora Litigation").

Azurity respectfully submits that the disputes requiring judicial attention are as follows:

- Whether Bionpharma should be compelled to produce the deposition transcripts, hearing transcripts, and expert reports produced in the, now-settled, related breach of contract case, *Bionpharma Inc. v. CoreRx, Inc.*, Case No. 1:21-cv-10656-JGK (S.D.N.Y.) in response to Azurity RFP Nos. 121, 122, 123, and 129.

- Azurity's request for a protective order regarding Bionpharma's Rule 30(b)(1) deposition notices to six of the seven members of Azurity's board of directors: Nailesh Bhatt, Frank Leo, Dave Ritchie, Vern Davenport, and Jeff Edwards, and Richard Blackburn.

The parties respectfully request that a hearing be set to address the foregoing disputes. The parties intend to submit letter briefs in accordance with paragraph 7(h) of the Scheduling Order. Specifically, the parties will submit opening letter briefs (limited to 3 pages) 48 hours before the hearing on the disputes they are moving to compel on, and will submit answering letter briefs (limited to 3 pages) 24 hours before responding to the other party's opening letter brief, unless otherwise ordered by the Court.

Counsel are available at the convenience of the Court should Your Honor have any questions.

Respectfully,

_____

The Honorable Mitchell S. Goldberg
May 17, 2023
Page 3


/s/ John C. Phillips, Jr.