IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AZURITY PHARMACEUTICALS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 21-1286 (MSG) ) CONSOLIDATED ) |
| BIONPHARMA INC., et al., | ) ) ) |
| Defendants. | ) REDACTED - PUBLIC VERSION |

**AZURITY'S LETTER BRIEF TO THE HONORABLE MITCHELL S. GOLDBERG
REGARDING DISCOVERY DISPUTES**

OF COUNSEL:

Wendy L. Devine
Kristina M. Hanson
Jody Karol
WILSON SONSINI GOODRICH & ROSATI, P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2000

Natalie J. Morgan
Evan Sumner
Granville C. Kaufman
WILSON SONSINI GOODRICH & ROSATI, P.C.
12235 El Camino Real, Suite 200
San Diego, CA 92130
(858) 350-2300

Jeffrey C. Bank
Alexander Poonai
WILSON SONSINI GOODRICH & ROSATI, P.C.
1700 K Street NW, Fifth Floor
Washington, DC 20006
(202) 973-8800

June 1, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiff Azurity
Pharmaceuticals, Inc.*

Ty W. Callahan
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
(323) 210-2900

Dear Judge Goldberg:

Pursuant to the Court's Order (D.I. 318[1]), Plaintiff Azurity Pharmaceuticals, Inc. ("Azurity") respectfully writes to request an order compelling Bionpharma to produce deposition and hearing transcripts, exhibits, and expert reports and exhibits produced in the now-settled, related case, *Bionpharma Inc. v. CoreRx, Inc.*, No. 1:21-cv-10656 (S.D.N.Y.) ("New York Action"), which relates to Bionpharma's antitrust counterclaims. Separately, Azurity requests a Protective Order to prevent the undue burden, expense, and harassment that would be caused by Bionpharma's duplicative deposition notices to six of the seven members of Azurity's board of directors. A Proposed Order is attached.

I. **Bionpharma Should Be Compelled to Produce Materials from the Related New York Action that Are Relevant to this Case**

Although Bionpharma has produced limited document discovery[2] exchanged in the New York Action, it has refused to produce the deposition transcripts, hearing transcripts, and expert reports sought in Azurity's RFP Nos. 121, 122, 123, and 129. *See* Exhibit 1.

In this case against Azurity, Bionpharma has alleged that its contract manufacturer, CoreRx, refused to supply it with generic Epaned as a result of a settlement between CoreRx and Azurity. In the New York Action, Bionpharma sought damages from CoreRx for the same failure to supply.[3] In both actions, Bionpharma has pursued its (incorrect) theory that somehow Azurity and CoreRx improperly decided (between them or with a common private equity investor) to take action against Bionpharma.[4] Given the clear overlap between Bionpharma's claims in the New York Action and Bionpharma's antitrust counterclaims in this case, there can be no question as to the relevance of the materials sought. Further demonstrating the overlap between the cases, Bionpharma subpoenaed documents and testimony from Azurity in the New York Action. The magistrate judge in the New York Action also recognized this overlap as she ordered that Azurity's executive chairman sit for deposition *only once* for purposes of *both* actions on overlapping topics related to CoreRx.[5] The relevance of the New York materials to this case is indisputable.

During the parties' meet and confers, Bionpharma refused to identify the deponents, hearing subjects, or experts from the New York Action. But, from public filings, Azurity is aware that such

---

[1] Citations to docket entries are to the docket for C.A. No. 21-1286-MSG unless otherwise noted.
[2] To the extent Bionpharma intends to produce the full requested set of documents, as Azurity understands from the meet and confer process, the parties do not yet have a dispute about these documents. However, if Bionpharma intends to withhold documents, Azurity reserves the right to seek relief.
[3] *Bionpharma Inc. v. CoreRx, Inc.*, No. 1:21-cv-10656 (S.D.N.Y.) (the "New York Action") (Ex. 2, ¶ 23 ("CoreRx procured its purported inability to supply Product to Bionpharma through an agreement with Azurity."))
[4] Azurity denies such allegations, as did CoreRx in the now-settled New York Action.
[5] Ex. 3 at 2 ("Bionpharma is directed to coordinate with Azurity so that Mr. Patel is deposed once concerning the one common issue between the litigation here and in Delaware.")

The Honorable Mitchell S. Goldberg                                                                                     Page 2
June 1, 2023

materials include at least: depositions of CoreRx executives and its outside counsel concerning arms-length negotiations with Azurity (which contradicts Bionpharma's theory); declarations and discovery disputes concerning the lack of involvement in the settlement by the common private equity investor (which ruins Bionpharma's attempts to blame that investor); discovery from a large wholesaler as to Bionpharma's actual sales (which undermines Bionpharma's lost profits claim). Bionpharma had no response to any of these points when pressed during a meet and confer, instead proclaiming that Azurity's request is overbroad because it would capture motions to seal in the New York Action. Even though Azurity's counsel agreed that motions to seal are likely not relevant or necessary to be produced in this action, and Bionpharma did not identify any other allegedly irrelevant responsive material, it still refused to produce the New York materials.

## II.  Bionpharma's Deposition Notices to Six of Azurity's Board Members Are Burdensome and Duplicative

Bionpharma noticed depositions for six of the seven members of Azurity's board: Messrs. Dave Ritchie (D.I. 269); Nailesh Bhatt (D.I. 271); Vern Davenport (D.I. 272); Richard Blackburn (D.I. 274); Jeff Edwards (D.I. 276); and Frank Leo (D.I. 277) (collectively, the "Board Members"). As described above, Bionpharma has already deposed Azurity's seventh board member, former CEO and current Executive Chairman, Mr. Amit Patel concerning CoreRx-related issues; Azurity agreed that Mr. Patel will sit for a second deposition concerning any additional relevant topics.[6]

Under the apex doctrine, there is a "rebuttable presumption" that the depositions of high-ranking corporate officials like the Board Members constitutes "good cause" for a protective order. *United States ex rel. Galmines v. Novartis Pharms. Corp.*, No. 06-03213, 2015 WL 4973626, at *2 (E.D. Pa. Aug. 20, 2015) (cleaned up) (precluding deposition of an Executive Chairman and CEO under Rule 26(c)(1)). The party seeking apex depositions must show that the requested deponents "have particularly relevant information to offer that is not equally available from other, less burdensome sources." *British Telecomms. PLC v. IAC/Interactivecorp*, No. 18-366-WCB, 2020 WL 1043974, at * 8 (D. Del. Mar. 4, 2020).

Bionpharma has failed to make any such showing. Bionpharma has only stated that its "position [is] that Azurity's demand for withdrawal of Bionpharma's deposition notices [is] entirely premature." Ex. 5 at 1. Nor do Bionpharma's antitrust counterclaims explain why the depositions are necessary, as they do not make any specific allegations regarding the individual conduct of any of the Board Members. This is because the Board Members had no responsibility for the decisions to file patent infringement lawsuits against either Bionpharma or CoreRx, or to settle the CoreRx Suits, and so lack "first-hand knowledge of relevant information." Messrs. Davenport and Edwards each submitted declarations in the New York Action testifying that they "did not have anything to do with" the CoreRx Suits or their settlement. Exs. 6, 7. In fact, any relevant information they may have (without conceding that any or all do have such information) would have been reported to

---

[6] Ex. 4 at 31:9-17 (Counsel for Azurity stating: "There are other issues relating to the antitrust counterclaims such as alleged objective baselessness of the patent infringement suit against Bion. So Mr. Patel may need to be deposed again in the Delaware litigation on those issues, and we're not contesting that . . . )

The Honorable Mitchell S. Goldberg  Page 3
June 1, 2023

them by Mr. Patel, who was serving as CEO during the relevant time period. In his deposition,  In his sworn declaration, Mr. Patel further stated that "Novaquest was not involved in Azurity's decision to initiate litigation against CoreRx and took no positions on whether the companies pursued or reached settlement. Moreover, Bionpharma has speculated that CoreRx and Azurity are working in collusion to protect one-another's interests. This is absolutely false – both parties are only looking towards their own interests." Ex. 9, ¶ 12. Thus, any responsive information is "equally available" from Mr. Patel, who has already testified and will testify again to serve as the requisite "less burdensome source[]." *British Telecomms.*, 2020 WL 1043974 at *8.

To the extent Bionpharma argues that testimony from the Board Members is needed because some (but not all) also serve on CoreRx's board or have positions at the common private equity investor (QHP), that fact does not justify the depositions. Indeed, Bionpharma already unsuccessfully sought to depose Messrs. Davenport and Edwards in the related New York Action, where the court granted a motion for a protective order to prevent their depositions. That court cited declarations from the two board members about their lack of involvement in the conduct at issue and denied Bionpharma's request for a motion to compel their depositions because Bionpharma had failed to show that either director "would have any relevant knowledge, let alone unique knowledge with regard to the [CoreRx] negotiations." Ex. 4 at 14:22-15:3. Bionpharma has offered no reason to revisit that court's decision. Similarly, Bionpharma voluntarily dropped its pursuit of Mr. Leo's deposition in the New York Action. Accordingly, Bionpharma is precluded from now arguing that depositions of any of the Board Members are justified. *See Pace-O-Matic, Inc. v. Eckert, Seamans Cherin & Mellott, LLC*, No. 1:20-cv-00292, 2022 WL 2441556, at *3-5 (M.D. Pa., July 5, 2022) (finding that a litigant was judicially estopped from taking a position in a discovery dispute that was inconsistent in a related litigation).

Furthermore, Bionpharma has not demonstrated why it would be necessary to depose *all six* of the noticed Board Members. Even if it could justify deposing any one of them – and it cannot for the reasons stated above – courts must limit the extent of discovery where it is "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i). Moreover, while all the notices are improper, the deposition notice to Mr. Blackburn is particularly unwarranted, because he joined Azurity as CEO on February 14, 2022 – only three days before Bionpharma filed its antitrust counterclaims and well after any of the conduct at issue occurred.

Allowing depositions of each and every member of Azurity's Board of Directors would work a "clearly defined and serious injury" by tying-up all six Board Members and Azurity's in-house counsel for days of preparation and depositions, thereby imposing undue burden on them and Azurity. *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1114 (3d. Cir. 1986) (defining the "good cause" standard). Even if any of the individuals possessed relevant information – and Bionpharma has not provided a basis to assume they do – the information would be cumulative and duplicative of discovery available from other sources, including Mr. Patel.

The Honorable Mitchell S. Goldberg                                                          Page 4
June 1, 2023

                                     Respectfully,

                                     */s/ Megan E. Dellinger*

                                     Megan E. Dellinger (#5739)

MED/bac
Attachments

Cc:      All Counsel of Record (via electronic mail; w/attachments)