# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| AZURITY PHARMACEUTICALS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>BIONPHARMA INC. AND NOVITIUM<br>PHARMA, LLC,<br><br>*Defendants*. | C.A. No. 21-1286-MSG<br>(consolidated) |

**DEFENDANT BIONPHARMA'S OBJECTIONS AND RESPONSES TO PLAINTIFF**
**AZURITY'S SIXTH SET OF**
**REQUESTS FOR PRODUCTION TO BIONPHARMA (Nos. 121-129)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Bionpharma Inc. ("Bionpharma") hereby objects and responds to Plaintiff Azurity Pharmaceuticals, Inc.'s ("Plaintiff" or "Azurity") Sixth Set of Requests For Production of Documents (Nos. 121-129). These objections and responses are based on Bionpharma's current understanding, knowledge and belief. As discovery is still progressing and these cases, Bionpharma's factual investigation and trial preparation is ongoing. Bionpharma reserves the right to supplement its responses as discovery progresses in this action.

**GENERAL OBJECTIONS**

Bionpharma hereby incorporates by reference, as though fully set forth herein, the General Objections and Objections to Plaintiff's Definitions and Instructions in Defendant Bionpharma's Objections and Response to Plaintiff Azurity's First Set of Requests of Production (Nos. 1-32) and Defendant Bionpharma's Objections and Responses to Plaintiff's First Set of Interrogatories (Nos. 1-10), both served on June 9, 2022. Bionpharma also hereby incorporates by reference, as though fully set forth herein, the General Objections and Objections to Plaintiff's Definitions and

Instructions in Defendant Bionpharma's Objections and Responses to Plaintiff Azurity's Second

Set of Requests of Production (Nos. 33-35), served on July 7, 2022.  Bionpharma also hereby

incorporates by reference, as though fully set forth herein, the General Objections and Objections

in Defendant Bionpharma's Objections and Responses to Plaintiff's Third Set of Requests for

Production (Nos. 36-70), served on November 10, 2022, and in Defendant Bionpharma's

Objections and Responses to Plaintiff's Fourth Set of Requests for Production (Nos. 71-80), served

on November 28, 2022, and in Defendant Bionpharma's Objections and Responses to Plaintiff's

Fifth Set of Request for Production (Nos. 81-120), served on December 1, 2022.

## SPECIFIC OBJECTIONS AND RESPONSES TO
## PLAINTIFF'S REQUESTS FOR PRODUCTION

### REQUEST NO. 121:

All transcripts (and exhibits), including rough and final versions, as well as errata, and
video and audio recordings of all depositions conducted in *Bionpharma Inc. v. CoreRx, Inc.*, Case
No. 1:21-cv-10656-JGK (S.D.N.Y.).

### RESPONSE TO REQUEST NO. 121:

In addition to its general objections, incorporated herein by reference, Bionpharma objects

on the ground that it is overly broad and as seeking information not relevant to any claim or defense

in these cases.  *Bionpharma Inc. v. CoreRx, Inc.*, Case No. 1:21-cv-10656-JGK (S.D.N.Y.)

("*Bionpharma v. CoreRx*") is a breach of contract suit between Bionpharma and the former

supplier for its ANDA product, which happens to be Azurity's corporate sister.  The instant suits

involve patent and antitrust claims.  Moreover, Azurity is not a party in the *Bionpharma v. CoreRx*

suit, and CoreRx is not a party to the instant Third Wave Suits.  Thus, the instant Third Wave Suits

and the *Bionpharma v. CoreRx* suits are not related and involve different claims and parties.  As

such, many of the documents sought through this request have no or very little relevance to the

patent and antitrust claims and defenses in these Third Wave Suits, and requiring Bionpharma to

gather and produce documents responsive to this Request would be disproportional to the needs of the case, particularly given the overbroad nature of this Request.

Bionpharma also objects to this Request on the grounds that it seeks the production of documents and things that are confidential and subject to a protective order and/or other restrictions on access.

Bionpharma further objects to this Request on the ground that it seeks documents already with Azurity's possession, custody, or control.  Specifically, CoreRx is Azurity's corporate sister, and therefore the documents sought through this Request are already in Azurity's control.

Pursuant to and without waiving the foregoing objections, Bionpharma will not produce documents and things responsive to this Request.

## REQUEST NO. 122:

All transcripts (and exhibits), including rough and final versions, as well as errata, of all proceedings, including trials and hearings, held in *Bionpharma Inc. v. CoreRx, Inc.*, Case No. 1:21-cv-10656-JGK (S.D.N.Y.).

## RESPONSE TO REQUEST NO. 122:

In addition to its general objections, incorporated herein by reference, Bionpharma objects on the ground that it is overly broad and as seeking information not relevant to any claim or defense in these cases.  *Bionpharma Inc. v. CoreRx, Inc.*, Case No. 1:21-cv-10656-JGK (S.D.N.Y.) ("*Bionpharma v. CoreRx*") is a breach of contract suit between Bionpharma and the former supplier for its ANDA product, which happens to be Azurity's corporate sister.  The instant suits involve patent and antitrust claims.  Moreover, Azurity is not a party in the *Bionpharma v. CoreRx* suit, and CoreRx is not a party to the instant Third Wave Suits.  Thus, the instant Third Wave Suits and the *Bionpharma v. CoreRx* suits are not related and involve different claims and parties.  As such, many of the documents sought through this request have no or very little relevance to the

patent and antitrust claims and defenses in these Third Wave Suits, and requiring Bionpharma to gather and produce documents responsive to this Request would be disproportional to the needs of the case, particularly given the overbroad nature of this Request.  For example, the transcript of a hearing on a request for leave to move for partial summary judgment on a contract damages claim has absolutely nothing to do with the patent and antitrust claims and defenses in these Third Wave Suits.  Similarly, the transcript of a hearing dealing with scheduling has nothing to do with the issues in these Third Wave Suits.

Bionpharma also objects to this Request on the grounds that it seeks the production of documents and things that are confidential and subject to a protective order and/or other restrictions on access.

Bionpharma further objects to this Request on the ground that it seeks documents already with Azurity's possession, custody, or control.  Specifically, CoreRx is Azurity's corporate sister, and therefore the documents sought through this Request are already in Azurity's control.

Pursuant to and without waiving the foregoing objections, Bionpharma will not produce documents and things responsive to this Request.

**REQUEST NO. 123:**

All expert reports and exhibits produced in *Bionpharma Inc. v. CoreRx, Inc.*, Case No. 1:21-cv-10656-JGK (S.D.N.Y.).

**RESPONSE TO REQUEST NO. 123:**

In addition to its general objections, incorporated herein by reference, Bionpharma objects on the ground that it is overly broad and as seeking information not relevant to any claim or defense in these cases.  *Bionpharma Inc. v. CoreRx, Inc.*, Case No. 1:21-cv-10656-JGK (S.D.N.Y.) ("*Bionpharma v. CoreRx*") is a breach of contract suit between Bionpharma and the former supplier for its ANDA product, which happens to be Azurity's corporate sister.  The instant suits

- 4 -

involve patent and antitrust claims.  Moreover, Azurity is not a party in the *Bionpharma v. CoreRx* suit, and CoreRx is not a party to the instant Third Wave Suits.  Thus, the instant Third Wave Suits and the *Bionpharma v. CoreRx* suits are not related and involve different claims and parties.  As such, many of the documents sought through this request have no or very little relevance to the patent and antitrust claims and defenses in these Third Wave Suits, and requiring Bionpharma to gather and produce documents responsive to this Request would be disproportional to the needs of the case, particularly given the overbroad nature of this Request.

Bionpharma also objects to this Request on the grounds that it seeks the production of documents and things that are confidential and subject to a protective order and/or other restrictions on access.

Bionpharma further objects to this Request on the ground that it seeks documents already with Azurity's possession, custody, or control.  Specifically, CoreRx is Azurity's corporate sister, and therefore the documents sought through this Request are already in Azurity's control.

Pursuant to and without waiving the foregoing objections, Bionpharma will not produce documents and things responsive to this Request.

**REQUEST NO. 124:**

Documents and communications between You and CoreRx relating to Signet.

**RESPONSE TO REQUEST NO. 124:**

In addition to its general objections, incorporated herein by reference, Bionpharma objects to this Request as seeking documents that have no relevance to the claims and defenses in these cases.  Specifically, any communications between Bionpharma and CoreRx pertaining to Signet—an investor in Bionpharma that is not a party to the instant Third Wave Suits—have no apparent relevance to the claims and defenses in these cases.

5 years would be disproportional to the needs of the case, given that Azurity already has in its possession documents concerning Bionpharma's legal expenditures as outlined herein.

No further documents will be produced in response to this Request.

**REQUEST NO. 128:**

Your receipts, bills, or invoices substantiating Your claimed damages relating to litigation costs.

**RESPONSE TO REQUEST NO. 128:**

In addition to its general objections, incorporated herein by reference, Bionpharma objects to this Request on the ground that it is essentially duplicative of Request No. 127, and Bionpharma hereby incorporates its objections and responses to that Request as if fully set forth herein.

**REQUEST NO. 129:**

All documents and communications between You and CoreRx related to the November 2020 Bionpharma-CoreRx Master Manufacturing Supply Agreement, the CoreRx Suits, or *Bionpharma Inc. v. CoreRx, Inc.*, Case No. 1:21-cv-10656-JGK (S.D.N.Y.), including but not limited to any proposed or agreed-upon indemnification provision.

**RESPONSE TO REQUEST NO. 129:**

In addition to its general objections, incorporated herein by reference, Bionpharma objects to this Request as being essentially duplicative of Request Nos. 91, 121-123, and 124, and Bionpharma hereby incorporates its objections and responses to that Request as if fully set forth herein.

Dated: April 17, 2023

/s/ *Megan C. Haney*
John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE  19806

(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Of Counsel*:

Andrew M. Alul
Roshan P. Shrestha, Ph.D.
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
312-527-4000
aalul@taftlaw.com
rshrestha@taftlaw.com

Aaron M. Johnson
TAFT STETTINIUS & HOLLISTER LLP
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
612-977-8400
ajohnson@taftlaw.com

Christopher J. Kelly
MAYER BROWN LLP
Two Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2112
(650) 331-2000
cjkelly@mayerbrown.com

Wilson Sonsini Goodrich & Rosati
1700 K Street, NW, Fifth Floor
Washington, DC 20006
jbank@wsgr.com
apoonai@wsgr.com

Azuritybionpharma505@wsgr.com

                                        /s/ Megan C. Haney
                                        Megan C. Haney (No. 5016)

2

# EXHIBIT 2

HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Phone: (212) 513-3200
Fax:    (212) 385-9010

*Attorneys for Plaintiff,*
*Bionpharma, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BIONPHARMA INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| CORERX, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff Bionpharma Inc. ("Bionpharma"), by way of complaint against defendant

CoreRx, Inc. ("CoreRx"), alleges and says:

### THE PARTIES

1.      Plaintiff Bionpharma is a Delaware corporation with its principal place of

business at 600 Alexander Road, Suite 2-4B, Princeton, New Jersey.

2.      Defendant CoreRx is a Florida corporation with its principal place of business at

14205 Myerlake Circle, Clearwater, Florida.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) and

28 U.S.C. § 2201(a).  Complete diversity of citizenship exists because this action involves a

dispute between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

4.      This Court has personal jurisdiction over CoreRx at least because CoreRx consented to jurisdiction in this Court (Exhibit A, Section 16.8).

5.      Venue is proper based in this district at least because CoreRx consented to venue in this Court (Exhibit A, Section 16.8).

## **BACKGROUND**

6.      In November 2020, Bionpharma and CoreRx entered into that certain Master Manufacturing Supply Agreement (the "Agreement") concerning in part terms under which (i) CoreRx is to supply Bionpharma's requirements of enalapril solution (the "Product") generic to the branded product Epaned, and (ii) Bionpharma is to purchase its requirements of the Product from CoreRx (Exhibit A, Section 5.1). A copy of the Agreement, with financial terms and nonpublic information concerning the Product omitted, is annexed hereto as Exhibit A.

7.      The purpose of the Agreement is for Bionpharma to acquire Product for resale in the wholesale market for generic pharmaceuticals.

8.      Bionpharma holds approved Abbreviated New Drug Application ("ANDA") A212408 for the Product, and commenced selling the Product pursuant to that approval on or about August 17, 2021.

9.      Pursuant to 21 U.S.C. § 355(j)(5)(B)(iv), no other ANDA based on Epaned as the reference listed drug may be approved prior to February 13, 2022. Accordingly, at least until that date, Bionpharma enjoys a period during which the Product is the only approved generic to Epaned in the United States.

10.     In order to obtain approval of its ANDA for the Product and maintain freedom to

sell the Product, Bionpharma expended and continues to expend significant resources to defeat claims for patent infringement filed against it by Azurity Pharmaceuticals, Inc. ("Azurity"), which holds the marketing authorization for Epaned, and Azurity's predecessor Silvergate Pharmaceuticals, Inc. ("Silvergate").

11.     In December 2018, Silvergate (subsequently Azurity) sued Bionpharma in the U.S. District Court for the District of Delaware for infringement of several patents on account of Bionpharma's submission of an ANDA seeking approval to sell the Product.  That case went to trial, and on April 27, 2021, the district court ruled that the Product did not infringe the remaining asserted patents.  *Silvergate Pharms., Inc. v. Bionpharma Inc.*, C.A., No. 18-1962-LPS (D. Del.), ECF No. 257, Apr. 27, 2021 Op.; *Silvergate Pharms. Inc. v. Bionpharma Inc.*, C.A. No. 19-1067-LPS (D. Del.), ECF No. 244, Apr. 27, 2021 Op.; *Silvergate Pharms., Inc. v. Bionpharma Inc.*, No. CV 18-1962-LPS 2021, WL 1751148 (D. Del., April 29, 2021) (redacted public version of Apr. 27, 2021 Op. in C.A. Nos. 18-1962-LPS and 19-1067-LPS (D. Del.) ("First Wave Suits")).  On April 29, 2021, the district court entered final judgment in Bionpharma's favoring the First Wave Suits.  *Silvergate Pharms., Inc. v. Bionpharma Inc.*, C.A., No. 18-1962-LPS (D. Del.), ECF No. 270, Final J.; *Silvergate Pharms., Inc. v. Bionpharma Inc.*, C.A., No. 19-1067-LPS (D. Del.), ECF No. 257, Final J.  A related action that Azurity filed against Bionpharma on September 18, 2020 involving later-issued patents in the same family— *Silvergate Pharmaceuticals, Inc. v. Bionpharma Inc.*, C.A. No. 20-1256-LPS (D. Del.) ("Second Wave Suit")—was dismissed with prejudice absent a ruling on appeal of the First Wave Suits eliminating collateral estoppel.

12.     Having lost the First and Second Wave Suits in Delaware, Azurity decided to try its luck in a different jurisdiction, and filed a new case in June 2021 against Bionpharma in the

U.S. District Court for the District of New Jersey, alleging that sale of the Product would infringe yet another patent.  Azurity sought a preliminary injunction, which Bionpharma opposed.  Recognizing Azurity's forum shopping, the District of New Jersey granted Bionpharma's motion to transfer the case to the District of Delaware.  After the case was transferred, the District of Delaware denied Azurity's motion for a preliminary injunction on November 10, 2021, finding, *inter alia*, that Azurity had not shown a likelihood of success on the merits.  *Azurity Pharms., Inc. v. Bionpharma Inc.*, No. 21-cv-01286-LPS (D. Del.), ECF No. 87, Nov. 10, 2021 Oral Order.  On October 15, 2021, Azurity filed yet another suit against Bionpharma involving yet another continuation patent.  *Azurity Pharms., Inc. v. Bionpharma Inc.*, C.A. No. 21-1455-LPS (D. Del.).  Both C.A. Nos. 21-1286-LPS and 21-1455-LPS (D. Del.) ("Third Wave Suits") remain pending.

13.    Not content to litigate only against Bionpharma, Azurity in October 2021 also filed two substantially identical suits against CoreRx, alleging that CoreRx's actions in manufacturing the Product for Bionpharma infringed two patents that Azurity was already asserting against Bionpharma in connection with the Third Wave Suits.  *Azurity Pharms., Inc. v. CoreRx, Inc.*, 1:21-cv-01522 (D. Del.); *Azurity Pharms., Inc. v. CoreRx, Inc.*, 8:21-cv-02515 (M.D. Fla.).

14.    On or about November 26 and 29, 2021, Azurity voluntarily dismissed both of its suits against CoreRx.  ECF No. 6, *Azurity Pharms., Inc. v. CoreRx, Inc.*, 1:21-cv-01522 (D. Del.); ECF No. 16, *Azurity Pharms., Inc. v. CoreRx, Inc.*, 8:21-cv-02515 (M.D. Fla.).

15.    By virtue of the dismissals of the two cases filed against it by Azurity, CoreRx cannot have a reasonable apprehension that it might face liability to Azurity on account of purported patent infringement arising from CoreRx manufacturing the Product for Bionpharma. FED. R. CIV. P. 41(a)(1)(B).

16.     Further, the terms of the Agreement generally provide for indemnification by Bionpharma of CoreRx for claims for patent infringement arising from CoreRx's manufacture of the Product for Bionpharma.  (Exhibit A Sections 13.1 and 13.3).

17.     On November 30, 2021, CoreRx sent a fax to Bionpharma stating "as of December 1, 2021, CoreRx will be unable to supply enalapril maleate for" the Product.  A copy of that notice is annexed hereto as Exhibit B.

18.     In response to that fax, Bionpharma requested that CoreRx advise Bionpharma why CoreRx was not able to supply the Product, demanded that CoreRx continue to supply the Product, and gave notice of CoreRx's breach of the Agreement.  A copy of Bionpharma's correspondence to CoreRx is annexed hereto as Exhibit C.

19.     On or about August 26, 2021, Bionpharma had placed an order with CoreRx for a quantity of Product in accordance with the forecasts provided to CoreRx.  A copy of the order, with financial terms and nonpublic information concerning the Product omitted, is annexed hereto as Exhibit D.

20.     The order referred to in paragraph 19 above is a Firm Order pursuant to the Agreement (Exhibit A Section 5.3), and complies with all contractual formalities and requirements.

21.     CoreRx has manufactured and Bionpharma has taken possession of approximately 30% of the ordered Product from the order referred to in paragraph 19. The balance remains outstanding. These bottles of Product had been scheduled to be shipped by CoreRx to Bionpharma on December 28, 2021.

22.     In addition to the correspondence in Exhibit B, CoreRx has advised Bionpharma that it will not manufacture and ship to Bionpharma the remaining approximately bottles of

Product that are the subject of the Firm Order.

23.     Upon information and belief, based on the following, CoreRx procured its purported inability to supply Product to Bionpharma through an agreement with Azurity, which is now a sister company of CoreRx under private equity control:

a.      In or around January 2021, CoreRx was purchased by Novaquest Investment Management or an affiliate ("Novaquest").

b.      Novaquest also owns Azurity.

c.      Of the seven members of the board of directors of CoreRx, five are also on the board of directors of Azurity (the "Overlapping Directors"), and several also have positions at Novaquest:

1.      Frank Leo – board member of CoreRx; chairman of the board of Azurity.

2.      Nailesh Bhatt – board member of CoreRx; board member of Azurity.

3.      Jeff Edwards – board member of CoreRx; board member of Azurity; founder and investment committee member of Novaquest.

4.      Ashton Poole – board member of CoreRx; board member of Azurity; partner at Novaquest.

5.      Vern Davenport – board member of CoreRx; board member of Azurity; partner and member of the private equity investment committee at Novaquest.

d.      The five Overlapping Directors named above also constitute a majority of the seven-member board of Azurity.

e.      In addition to the Overlapping Directors, Ajay Damani, who became CEO and a board member of CoreRx in October 2021, was immediately prior to that a Strategic Advisor with Novaquest.

f.      The fax from CoreRx to Bionpharma stating that CoreRx would no longer supply Product to Bionpharma was sent on November 30, 2021, *i.e.*, one day after the dismissal of the second suit against CoreRx by Azurity, which was filed on November 26, 2021, suggesting a connection between dismissal of Azurity's complaints against CoreRx and CoreRx's refusal to continue supplying Bionpharma.

g.      On December 7, 2021, Azurity filed a letter in one of the Third Wave Suits against Bionpharma (21-1286-LPS (D. Del.)) stating that "Azurity's dismissals against CoreRx Inc., Bionpharma's manufacturer, were resolved and dismissed by mutual agreement."  A copy of the letter is annexed hereto as Exhibit E.

h.      The cessation of generic competition for Epaned resulting from CoreRx's refusal to supply Product to Bionpharma directly benefits Azurity, which is related to CoreRx through Novaquest.

i.      Other than seeking to benefit its related company Azurity, there is no apparent economic or business reason for CoreRx to discontinue supply of Product to Bionpharma under the Agreement.

j.      On or about November 19, 2021, CoreRx complained to Bionpharma that the price it had negotiated for supply of Product in the Agreement was too low, and that it wanted Bionpharma to agree to a substantial price increase, even

though the price in the Agreement had been negotiated just one year ago, and

even though the costs of materials and manufacturing had not substantially

increased between the time the Agreement was entered into in November 2020

and CoreRx's demand for a price increase in November 2021.

k.      CoreRx has refused to tell Bionpharma the reason why it is purportedly

unable to continue supply of Product to Bionpharma under the Agreement.

l.      CoreRx has not experienced a Force Majeure Event under the Agreement

(Exhibit A Section 16.9).

## COUNT 1 – BREACH OF CONTRACT

24.     Bionpharma incorporates all prior allegations as if set forth fully herein.

25.     Bionpharma has performed its obligations under the Agreement.

26.     By refusing to supply Product to Bionpharma under the terms set forth in the

Agreement, CoreRx has breached and is in breach of the Agreement.

27.     Bionpharma will suffer damages on account of CoreRx's breach of the

Agreement.

28.     Manufacture and sale of the Product is subject to and regulated under the federal

Food, Drug & Cosmetic Act, and implementing regulations adopted by the U.S. Food &

Administration.

29.     Given that CoreRx gave Bionpharma only one day notice that CoreRx would not

continue to supply Product under the Agreement, Bionpharma cannot secure an alternate supplier

of Product before it exhausts the inventory of Product it has on hand.

30.     If CoreRx does not continue to supply Product under the Agreement until

Bionpharma is able to secure an alternate supplier, Bionpharma will suffer irreparable injury.

## COUNT 2 – DECLARATORY JUDGMENT

31.     Bionpharma incorporates all prior allegations as if set forth fully herein.

32.     By virtue of the foregoing, there is an actual and present controversy between

Bionpharma and CoreRx that is amenable to resolution by declaratory judgment.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Bionpharma demands judgment against defendant CoreRx as

follows:

A.     For injunctive relief compelling CoreRx to continue to supply Product for the

duration of the Agreement under the terms thereof, or at least until Bionpharma is able to arrange

for, and secure sufficient quantities of Product from an alternate supplier.

B.     Declaring that CoreRx is in breach of the Agreement, and that it is required to

continue to supply Product for the duration of the Agreement under the terms thereof.

C.     Awarding Bionpharma its actual damages.

D.     Awarding costs of suit and reasonable attorneys' fees.

E.     Awarding such other and further relief as may be appropriate.

DATED:  December 13, 2021

**HOLLAND & KNIGHT LLP**

By: _/s/  Charles A. Weiss_
Charles A. Weiss
Marisa Marinelli
31 West 52nd Street
New York, NY 10019
Telephone:  (212) 513-3200
charles.weiss@hklaw.com
marisa.marinelli@hklaw.com

_Attorneys for Plaintiff,_
_Bionpharma, Inc._

# EXHIBIT 3

**WILSON**
**SONSINI**

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1700 K Street NW
Fifth Floor
Washington, D.C. 20006-3817

O: 202.973.8800
F: 866.974.7329

February 17, 2023

**VIA CM/ECF**

The Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *Bionpharma Inc. v. CoreRx, Inc.*, No. 1:21-cv-10656-JGK-VF

Dear Judge Figueredo:

   We represent Azurity Pharmaceuticals, Inc. ("Azurity") in the above-captioned action. We write in response to the Court's February 14 Order (ECF No. 186) (the "Order").

   The Order directed Bionpharma, Inc. ("Bion") "to meet and confer with counsel for Azurity Pharmaceuticals to coordinate the deposition of Mr. Patel on the one common issue between the litigation in this Court and Bionpharma's litigation with Azurity in Delaware – specifically, the lawsuit and settlement involving CoreRx." *Id*. Furthermore, the Order directed the parties to inform the Court by today whether the parties had resolved the only outstanding issue – a time limit for the deposition. *Id*.

   Azurity proposed to Bion that the deposition be limited to 3 hours and 30 minutes, which is consistent with its prior proposal, Bion's acknowledgment that the issues to be covered are limited, and the fact that party depositions in this litigation have also been relatively short. Azurity also proposed times to meet and confer yesterday and today. Bion refused to make any proposal regarding a time limit, and it did not agree to meet and confer. Despite having told Your Honor on Tuesday that it could revert with its position on a time limit by today, Bion now insists that – although it and its New York counsel already have the pertinent Azurity documents – its Delaware counsel need time to review the documents before even proposing a time limit or coordinating on logistics. *See* Exhibit A. Moreover, Bion appears to be attempting to re-litigate whether the deposition should be coordinated at all, stating "Bion's Delaware counsel would need to receive and review those documents before they could determine *if coordination is appropriate*." *Id*. at 3 (emphasis added).

   Azurity is preparing the re-production to Bion of the documents for early next week, but that is beside the point. For months, Azurity has asked Bion to coordinate among its counsel to ensure a single deposition on the overlapping issues between the litigations, and Bion has refused to engage, even following this Court's Order. Azurity respectfully requests that the Court again

**WILSON SONSINI**

Hon. Valerie Figueredo
February 17, 2023
Page 2

order Bionpharma to coordinate a single deposition on the overlapping issue identified in ECF No. 186, and issue an order limiting the deposition to 3 hours and 30 minutes.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*s/ Jeffrey C. Bank*
Jeffrey C. Bank

*Counsel for Azurity Pharmaceuticals, Inc.*

SO ORDERED

VALERIE FIGUEREDO
United States Magistrate Judge
Dated: 2-22-2023

Consistent with the discussion at the conference on February 14, 2023 and the order at ECF No. 186, Bionpharma is directed to coordinate with Azurity so that Mr. Patel is deposed once concerning the one common issue between the litigation here and in Delaware: the lawsuit between Bionpharma and CoreRX, and the settlement between Azurity and CoreRx. The parties should meet and confer to determine an appropriate time limit for the deposition.

# EXHIBIT 4

```
                     UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF NEW YORK

In re:                                  :
                                            Docket #21cv10656
BIONPHARMA INC.,                        : 1:21-cv-10656-VF

                      Plaintiff,        :

   - against -                          :

CORERX, INC.,                           : New York, New York
                                          February 14, 2023
                      Defendant.        :

------------------------------------ :

                        PROCEEDINGS BEFORE
                THE HONORABLE VALERIE FIGUEREDO,
                 UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For Plaintiff:            HOLLAND & KNIGHT LLP
                          BY:  CHARLES WEISS, ESQ.
                          31 East 52nd Street
                          New York, New York 10019

For Defendants:           NORTON ROSE FULBRIGHT US LLP
                          BY:  MARK ROBERTSON, ESQ.
                               MATTHEW NISS, ESQ.
                          1301 Avenue of the Americas
                          New York, New York 10019-6022


For Intervenor Azurity    WILSON SONSINI GOODRICH & ROSATI
Pharmaceuticals, Inc.:    BY:  JEFFREY BANK, ESQ.
                          1301 Avenue of the Americas, 40th Fl.
                          New York, New York 10019


Transcription Service: Carole Ludwig, Transcription Services
                       155 East Fourth Street #3C
                       New York, New York 10009
                       Phone:  (212) 420-0771
                       Email:  Transcription420@aol.com


Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.
```

14

1
2     served after the discovery cutoff, if he was served at
3     all and, you know, on top of that I know the Second
4     Circuit, I haven't gotten to research this, but the
5     Second Circuit I know disfavors outside counsel from
6     being deposed, and so, you know, we would certainly
7     fight all of that.

8            So to the extent that the Court is, you know,
9     considering how to make a decision on this, I would, I
10    would say that we would object to a basis of that being
11    his, Mr. Khanna's deposition, as we will fight that and
12    fight it strongly.

13           THE COURT:  I understand, I didn't, I wasn't,
14    and I apologize if I meant this, it's just that I was
15    trying to get a sense of whether there was, and I think
16    Mr. Weiss also indicated that there's the potential for
17    the Patel deposition, and I just wanted to get a sense
18    of whether there was the opportunity, should there be
19    any other depositions or other discovery taken that
20    might potentially allow them to show that Davenport or
21    Edwards have some knowledge, any knowledge.

22           I think as may have become apparent from my
23    questioning, I'm going to deny the request at the
24    moment given what's been put before me because I don't
25    believe that Bionpharma has shown that either Davenport

15

or Edwards would have any relevant knowledge, let alone unique knowledge with regard to the negotiations. But that being said, if either the deposition of someone else, Patel, Khanna or whoever, or if there's other evidence uncovered that shows that they may potentially have some unique knowledge, then I would, I would not -- I would welcome, at least I wouldn't, I'm open to having Bionpharma renew a motion.

MR. ROBERTSON: Judge, it's Mark Robertson, I just want to clear up the record because you say you deny the request, I actually am making a request for a protective order, so I just want to make sure --

THE COURT: Yes, my, that was my mistake. I'm going to grant Corerx' motion for a protective order based on what's been shown to me. Should Bionpharma be able to point to different information after subsequent depositions or any other discovery, Bionpharma can then file a motion to compel the depositions again.

MR. WEISS: Thank you, Your Honor --

MR. ROBERTSON: Thank you, Judge.

MR. WEISS: May I ask, if I could, Your Honor, it's Charles Weiss, one additional thing. The service of a subpoena is obviously the beginning of a process. We have no question about Corerx filing a motion to

31

deposition of Mr. Patel in both litigations.  And

we've, and we've offered to work with them in terms of

modifying whatever protective orders are necessary to

ensure that the transcript can be used in both cases.

THE COURT:  And is the only common issue the

question of a lawsuit against Corerx and the settlement

with Corerx?

MR. BANK: I believe so.  There are other

issues relating to the antitrust counterclaims such as

alleged objective baselessness of the patent

infringement suit against Bion. So Mr. Patel may need

to be deposed again in the Delaware litigation on those

issues and we're not contesting that, we're simply

saying that on this set of issues, the Corerx

litigation and settlement, which is common to both

litigations, he ought to be deposed once.

THE COURT:  Mr. Weiss, what bout potentially

trying to come up with an agreement by which Azurity

represents that it's turned over in the Delaware action

everything that you've requested that's related to this

common issue, the lawsuit against Corerx and the

settlement with Corerx and then there's a deposition on

that common issue that would be used in both

litigations?

37

C E R T I F I C A T E

I, Carole Ludwig, certify that the foregoing
transcript of proceedings in the United States District
Court, Southern District of New York, Bionpharma Inc.
versus Corerx, Inc., Docket No. 21cv10656, was prepared
using digital electronic transcription equipment and is
a true and accurate record of the proceedings.

Signature _____

_Carole Ludwig_

CAROLE LUDWIG

Date:  February 20, 2023

# EXHIBIT 5

| | |
|---|---|
| **From:** | Shannon, Luke T. <LShannon@taftlaw.com> |
| **Sent:** | Wednesday, May 17, 2023 6:30 PM |
| **To:** | Poonai, Alexander; Kaufman, Granville; wsgr - Azurity/Bionpharma (505); MNAT Internal; Dellinger, Megan E.; Blumenfeld, Jack; Chard, Beth Ann |
| **Cc:** | Alul, Andrew M.; Shrestha, Roshan P.; Johnson, Aaron; Christopher Kelly; Jack Phillips; Megan Haney |
| **Subject:** | RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies |
| **Attachments:** | 051723 Draft Joint Ltr. Requesting Discovery Dispute Telecon.DOCX |

EXT - lshannon@taftlaw.com

---

Alex:

There are no mischaracterizations in my email from Monday.  In response to your demand that Bionpharma withdraw its deposition notices for Azurity's board members, I expressly raised Azurity's supplemental responses to Bionpharma's antitrust discovery requests, served on March 28, in which Azurity expressly stated that it was going to search for and produce numerous categories of antitrust documents—this was an unmistakable reference to Azurity's supplemental responses to Bionpharma RFP Nos. 11-14, 20-24, 27-29, 44-47, 49-51, 53-58, 60, 63-66.  I even expressly highlighted for your attention at least three of those supplemental responses—Azurity's supplemental responses to Bionpharma RFP Nos. 21, 22, and 23—as examples of documents that Azurity has expressly stated that it will produce or search for and produce, but has thus far refused to produce.  In light of Azurity's supplemental responses, I reiterated Bionpharma's position that Azurity's demand for withdrawal of Bionpharma's deposition notices was entirely premature.  Even if Azurity intends to switch course and produce the antitrust documents it expressly stated on March 28 that it would produce at some point later on in fact discovery, **the parties are at an impasse with respect to timing**—if Azurity is going to move for a protective order in connection with Bionpharma's deposition notices, then Azurity must produce the documents it promised it would produce on March 28 **right now**, and Bionpharma intends to bring Azurity's refusal to do so to the Court's attention.  We dispute any notation that this was not made clear to you during our phone call on Monday (**and in prior correspondence**, *see* my May 2, 2023 email to you), and we intend on raising this with the Court— as such, we have rejected your deletion of this dispute from the letter.  Bionpharma has indisputably satisfied its meet and confer obligations on this issue, but if you feel a quick phone call would provide you with any further clarity on this issue, by all means, **please call me right away**.  If I am unable to pick up, leave me a message.

We also disagree with your assertion that there is no dispute regarding the Annora invalidity/infringement documents.  Again, the parties are at an impasse on timing here, as Azurity has refused to commit to a date certain as to when it will produce these documents.  Azurity has been adamant about expediting discovery in these cases, and has indicated that it will oppose any further extensions of the schedule.  Thus, Biopharma needs these documents right away so that it may start preparing for depositions.  And we have already told you, Azurity already has Annora's permission to produce these documents.  *See* Todd Werner's September 22, 2022 email; October 11, 2022 email from R. Shrestha.  Moreover, as **we have always maintained**, third-party confidentiality is not a proper ground to refuse to produce otherwise discoverable information.  We addressed this issue with your team last September:

> Regarding infringement and invalidity documents served or filed in the related cases, the parties are simply at an impasse on this issue, as Azurity maintains that confidentiality concerns are a proper reason to withhold these documents from production.  Bionpharma is not required to go out and seek consent from the parties in the related actions—Azurity must produce the documents, or we will secure an order from the Court compelling Azurity to do so.  Given that Azurity will not produce these documents without an order, we intend to raise this issue with the Court.

Sept. 21, 2022 Email from A. Johnson.  As I clearly conveyed on our call and in prior correspondence, we are at an impasse on the timing of this production.  We have thus rejected your deletion of this dispute from the letter, and intend to raise it with the Court.

We've also separated the disputes based on which party will be moving on them, and specified that each party will file an opening letter on the disputes it is moving on, which will be followed by the other party's response letter.

Please provide us with any further edits, although we ask that you refrain from deleting any of the disputes that Bionpharma intends to raise with the Court—for the reasons expressed above, Bionpharma intends on moving on those disputes.  Again, Bionpharma believes that the parties have satisfied their meet and confer obligations with respect to each of the disputes identified in the attached draft letter—to the extent you disagree, feel free to give me a call this evening.

Best regards,
Luke

---

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Wednesday, May 17, 2023 3:52 PM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

Your email egregiously mischaracterizes our meet and confer. It is categorically untrue that we discussed your new list of thirty (30) RFPs during Monday's conversation. In reality, Azurity opened the call by asking for Bionpharma's response to agenda item 1: "Deposition Notices." (See Email from A. Poonai May 9, 2023 4:29 PM). We asked Bion to explain its position that Azurity's request that Bion withdraw its deposition notices is "entirely premature" given Azurity's representation that its document production is substantially complete. (*Id.* at 1.a.). You replied by saying, for the first time, that Bionpharma had a list of RFPs for which it alleged Azurity's document production is deficient, such that Bionpharma could not decide whether to withdraw its deposition notices. You also stated that Bionpharma would provide us with the list after the call, but agreed that we were at impasse on the issue of Bionpharma's deposition notices given Azurity's representation that its document production is substantially complete. We did not, however, reach impasse on Bionpharma's new, unannounced list of supposed document production deficiencies. We have revised your draft letter accordingly.

We have also edited the letter to remove the bullet regarding the supposed dispute over documents from the Annora Litigation. As we explained during the call, we have represented that we will produce the documents in question as soon as Annora provides their consent. We have asked them. They have yet to respond. Bionpharma argued that Azurity already has Annora's consent, citing an email from over a year ago that discusses entirely different documents. This legal conclusion is incorrect, and Azurity will not assume the risk of violating any applicable protective orders on Bionpharma's mere say so. Has Bionpharma contacted Annora and asked them to offer their consent? If not, why not? Furthermore, Azurity repeats that it will produce expert reports from the Annora Litigation once expert discovery closes (which is occurring soon) and after Annora consents to production of the documents. Thus, there is no dispute to take to the Court. If you disagree, please explain what is in dispute.

We confirm impasse on Azurity's requests regarding the related New York Action. We have included that issue in the draft letter, attached. We note, however, that your email continues to mischaracterize our meeting. While you did ask us to "identify specific items from the SDNY action that [we] believe Azurity is entitled to, "I did not "decline[]" to do so. In fact, I specified, as our RFPs unambiguously state, Azurity seeks all deposition transcripts, hearing transcripts, expert reports and exhibits from the related New York Action. I even offered two specific examples: the deposition transcripts of AmerisourceBergen Corporation and Mr. Rajiv Khanna. In response, Bion noted that certain motions to seal might not be relevant, but did not argue that any of the other materials we identified were irrelevant, or that they were "publicly available on the docket" of the related New York Action.

Finally, as you requested during the meet and confer, Azurity will be producing additional org chart documents. As a result of your request, Azurity is now aiming to make a production by the end of this week.

Best,
Alex

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Monday, May 15, 2023 8:35 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - lshannon@taftlaw.com

Alex:

Please see the attached joint letter requesting a discovery dispute teleconference.  This is essentially the same letter I sent you last Wednesday but has been revised to include an additional dispute for court resolution based on our meet and confer today:  Azurity's refusal to produce documents responsive to Bionpharma RFP Nos. 11-14, 20-24, 27-29, 44-47, 49-51, 53-58, 60, 63-66, despite previously agreeing to search for and produce documents responsive to those RFPs, and, relatedly, Azurity's dubious insistence that its antitrust document production is "substantially complete."  We'd like to get this letter on file by no later than COB this Thursday.  Please provide us any Azurity edits as soon as possible.

Furthermore, I write to address a few additional items from our meet and confer today.  First, regarding Azurity's demand that Bionpharma produce from the SDNY action against CoreRx ("the SDNY action") all dep transcripts, hearing transcripts, and other materials that Bionpharma believes are relevant, we reject your demand.  We have agreed to produce certain documents that Bionpharma produced to CoreRx in the SDNY action, as well as the Krishnan declaration and attachments thereto.  Many pleadings and filings from the SDNY action are publicly available on the docket of that case, and Azurity is free to retrieve those pleadings and filings.  But Bionpharma maintains that Azurity's demand for a  production of everything from the SDNY action is entirely too broad and disproportional to the needs of the Delaware Third Wave Suits, and Bionpharma stands by that objection as well as its relevancy objections.  Furthermore, we note that there is a protective order entered in the SDNY action, and many documents and transcripts from that action have been marked confidential by CoreRx; thus, Azurity's wholesale demand for all documents exchanged or filed in the SDNY action is additionally objectionable because many of the documents implicate third-party confidentiality concerns.  During today's call, as a practical attempt to resolve this dispute, I invited you to identify specific items from the SDNY action that you believe Azurity is entitled to, and we would consider that kind of specific request in an effort to avoid burdening the Court; you declined to identify any such items.  Bionpharma believes the parties are at an impasse

with respect Azurity RFP Nos. RFP Nos. 121, 122, 123, and 129 (with respect to Azurity RFP No. 129, as you should know, Bionpharma is producing documents and communications between Bionpharma and CoreRx pertaining to the 2020 MMSA).

Second, regarding "documents from third parties," we reiterate our position that the parties are at an impasse on this, and your attention is directed to my email from last Tuesday for our reasons.  The same with respect to documents regarding "delisting from Bionpharma's website" and the SDNY Krishnan declarations—Bionpharma will not produce any further documents beyond what it has already produced for the reasons expressed in my email from last Tuesday; to the extent Azurity seeks anything else in connection with these categories of documents, the parties are at an impasse.

We look forward to receiving Azurity's edits to the attached draft letter as soon as possible.

Best regards,
Luke

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Thursday, May 11, 2023 2:20 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Alex,

I'm sorry to learn that you no longer have availability today.  Regardless, we are available Monday, May 15, at 12:30 pm CT / 1:30 pm ET and will plan to speak with you then.

For the call, we can use the same dial in:

Join Zoom Meeting
https://taftlaw.zoom.us/j/3161014543

Meeting ID: 316 101 4543
One tap mobile
+13126266799,,3161014543# US (Chicago)
+13092053325,,3161014543# US

Dial by your location
        +1 312 626 6799 US (Chicago)
        +1 309 205 3325 US

Best regards,
Luke

---

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Thursday, May 11, 2023 9:01 AM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr -

Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

We did not receive a response to our offer until we received your email last night, after close of business. We now have a conflict at this time, but are available to meet Monday after 1:30 PM ET.

With respect to item number 8 in our May 9 email, we can now represent that Azurity is not in possession of organizational charts for QHP and CoreRx or documents sufficient to show Azurity's relationship with CoreRx and CoreRx's relationship with QHP. We were able to locate Azurity organizational charts, however, and will produce them early next week.

Best,
Alex

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Wednesday, May 10, 2023 7:32 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - lshannon@taftlaw.com

---

Alex:

Suffice it to say, Bionpharma disagrees with much of your email correspondence from yesterday, and we look to correcting your numerous inaccuracies and mischaracterizations during our call tomorrow at 4 PM EDT.  To facilitate that call, please see the attached joint discovery dispute teleconference request letter.   Please use the following dial-in information:

Join Zoom Meeting
https://taftlaw.zoom.us/j/3161014543

Meeting ID: 316 101 4543
One tap mobile
+13126266799,,3161014543# US (Chicago)
+13092053325,,3161014543# US

Dial by your location
        +1 312 626 6799 US (Chicago)

+1 309 205 3325 US

Best regards,
Luke

---

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Tuesday, May 9, 2023 4:29 PM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

Azurity responds to your email below. We are available to meet and confer Thursday at 4 PM ET.

1. Deposition Notices
   a. Azurity's document production is substantially complete. We thus disagree with Bionpharma's position that our requests to withdraw the deposition notices are "entirely premature." We are at an impasse.
2. SDNY docs
   a. Bionpharma's May 2 production contained only the Krishnan declarations and exhibits. As you know, these documents have been publicly available in redacted form for over a year. See Bionpharma Inc. v. CoreRx, Inc. 1:21-cv-10656-JGK-VF (S.D.N.Y.) at ECF Nos. 10 at 41.
   b. Bionpharma has produced no documents responsive to any of the RFPs listed in Agenda Item 3 (i.e., RFP Nos. 121, 122, 123, and 129). These requests unambiguously seek transcripts, expert reports, and internal documents.
   c. You state that Bionpharma "has been producing documents from the SDNY action." This small production of publicly available documents does nothing to address the concerns raised during our previous meet and confers. Is your production substantially complete? If so, please confirm because then it is clear that the parties are at an impasse. If not, identify the date certain in the very near future by which Bionpharma's production will be substantially complete.
3. Docs from third parties
   a. As discussed on the M&C, our primary goal in raising this was to confirm that Bionpharma had not received any materials via Rule 45 subpoenas. We understand Bionpharma's representation that it has not received any such materials and as such, we will hold this request in abeyance for now.
4. Docs re: ANDA suppliers
   a. We have not been able to locate these documents. Please identify their Bates range in your production.
5. De-list product from website
   a. We agree that the parties are at impasse on this issue.
6. Krishnan declaration
   a. As explained above, Bion's production of publicly available documents does not "end[] any dispute" over RFP Nos. 69 and 70. Bionpharma produced only the Krishnan declarations and exhibits, not "documents and communications related to" the declaration. If Bionpharma continues to refuse to make any such production, Azurity will approach the Court for relief.
7. Patent Depositions
   a. Azurity stands on the responses set forth in our April 28 email, below.
8. Org structure

a. We are checking with our client to identify "any organizational charts for itself available for production." In addition, we understand that Azurity is not in possession of either (1) organizational charts for QHP and CoreRx; or (2) documents sufficient to show Azurity's relationship with CoreRx and CoreRx's relationship with QHP. Azurity and CoreRx are each portfolio companies of QHP, and there is no corporate relationship between them. We are confirming that our client is not in possession of these documents and will revert when we hear back.

b. We are disappointed that Bionpharma continues to take Azurity's November 1, 2022 email out of context. Azurity stated it would produce documents on a "sufficient to show" basis. We did not represent whether responsive documents existed as to each and every possible interpretation of Bionpharma's broad request. Azurity has been doing its diligence and searching for responsive materials since before Bionpharma's discovery stay, and continues to do so as Bionpharma specifies its requests through the meet and confer process.

9. Annora Docs

a. To the extent Bionpharma seeks expert reports, expert discovery is ongoing and Azurity stands on its earlier responses. Once expert discovery has concluded, Azurity will determine Annora's position on Bionpharma's request. To the extent Bionpharma is now seeking discovery responses, please confirm. If Bionpharma is now seeking discovery responses, Azurity is willing to produce those documents as discovery is now closed, so long as Annora consents. We will ask Annora for its position.

10. Paragraph 3

a. We have already explained our view that none of our Board members have responsive or relevant materials. We further direct you to the decisions in the related New York Action, along with Bionpharma's concessions on the record as to at least certain members of Azurity's board of directors. See, e.g., Bionpharma Inc. v. CoreRx, Inc. 1:21-cv-10656-JGK-VF (S.D.N.Y.) ECF Nos. 186 and 192.  We confirm impasse.

11. Privilege Logs

a. Azurity is willing to commit to a mutual exchange of privilege logs for documents from the Third Suit produced through March 2023.

Best,
Alex

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Monday, May 8, 2023 12:08 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - lshannon@taftlaw.com

---

Alex:

Further to my email from last Tuesday, we write to follow up on the other addenda items from the April 27 meet and confer, and a few additional matters.

**Azurity's request for Bionpharma to withdraw the Blackburn deposition notice (Agenda Item No. 2):**

For the same reasons set forth in my email from Tuesday, we believe that Azurity's request for Bionpharma to withdraw the Blackburn deposition notice is entirely premature, including because Azurity has yet to substantially complete its document production.  Thus, we will not withdraw the Blackburn deposition notice at this point, but will hold it in abeyance pending substantial completion of Azurity's antitrust document production.

**Azurity's request for documents from the SDNY case (Agenda Item No. 3):**

As you should know, Bionpharma has been producing documents from the SDNY action, including documents Bionpharma produced in the SDNY action concerning its efforts to secure a new supplier, and including the Krishnan declarations filed in the SDNY action and documents pertaining to same.  We anticipate producing additional documents from the SDNY case, including documents pertaining to the MMSA; however, we maintain our overbreadth and relevancy objections to Azurity's requests concerning documents from the SDNY case.  Specifically, it appears that Azurity seeks production of *everything* exchanged and filed in the SDNY action (*see, e.g.*, May 8, 2023 Ltr. from J. Bank to L. Shannon)—Bionpharma believes this is entirely too broad and captures documents that have no or very little relevance to the instant Third Wave Suits.  As such, we suggest that Azurity continue to review Bionpharma's production and, to the extent it believes there is something specific from the SDNY action that is missing from Bionpharma's production that it believes should be produced, we can revisit this agenda item then.

**Documents from other parties produced in the Third Wave Suits (Agenda Item No. 4):**

Bionpharma is not presently aware of any documents responsive to Azurity's RFP No. 105 in its possession, custody, or control.  Bionpharma maintains that Azurity RFP No. 105 is entirely overbroad, as its limits are nearly impossible to delineate.  Would a voicemail from a media reporter inquiring about the Third Wave Suits fall within the scope of Azurity RFP No. 105?  An invoice from an e-discovery vendor that Bionpharma utilizes in connection with these Third Wave Suits?  Bionpharma will stand on it overbreadth and relevancy objections to Azurity's RFP No. 105.  This is our final pronouncement on this issue—if Azurity decides to move to compel, we will not dispute that the parties are at an impasse and have satisfied their meet and confer obligations.

**Documents relating to orders from Bionpharma's ANDA product suppliers (Agenda Item No. 5):**

Please check Bionpharma's production, as we believe such documents have been produced or are in the process of being produced.

**Documents pertaining to Bionpharma's alleged "decision to list or de-list information relating to the ANDA product on its website" (Agenda Item No. 6):**

We continue to fail to see how any documents responsive to Azurity's RFP Nos. 62 and 63—to the extent they even exist—have any relevance to the claims and defenses in these cases.  Moreover, any documents responsive Azurity RFP Nos. 62 and 63 would most likely be privileged, as any decision to list (or de-list) information on a website regarding a product that is in the midst of litigation would most certainly implicate attorney-client privileged communications.  We are thus at an impasse, and Azurity is free to move on the RFPs underlying this item.

**Documents concerning the Krishnan declaration (Agenda Item No. 7):**

Please see our production from last Tuesday, as well as our production from our First Wave Suits (*e.g.*, Bionpharma's ANDA).  We trust that this ends any dispute over Azurity RFP Nos. 69, 70.

**Azurity's refusal to proceed with patent depositions (Agenda Item No. 8):**

Azurity has come forward with no legitimate basis to refuse to proceed with the Paniker, Punji, and Murthy depositions.  Again, we are chronicling all of Azurity's delays and intend on presenting them to the Court at the appropriate time.

**Documents sufficient to show:  the organizational structure of Azurity, NovaQuest, and CoreRx; the ownership of and corporate relationships between NovaQuest and CoreRx; and the corporate relationship between Azurity and CoreRx (Agenda Item No. 9):**

The documents you point to in response to in response to Azurity's November 11, 2022 commitment to produce this information at best show the ownership of Azurity and its relationship to QHP (NovaQuest).  You have failed to produce organizational charts for Azurity, CoreRx, and QHP.  We find it hard to believe that Azurity does not have organizational charts for itself available for production—please confirm that Azurity has such charts but is refusing to produce them.  With respect to organizational charts for QHP and CoreRx, and documents sufficient to show Azurity's relationship with CoreRx and CoreRx's relationship with QHP, please confirm whether Azurity has these documents but is refusing to produce them, or simply does not have the documents (despite its November 11, 2022 representation to the contrary).

**Azurity's refusal to timely supplement its production with invalidity/infringement documents recently served/produced/filed in related litigation (Agenda Item No. 12):**

Rule 26(e) requires timely supplementation, and Azurity has refused to commit to a reasonable time frame as to when it will produce these documents.  Given that Azurity's past positions on scheduling and extensions, Bionpharma will simply not wait until the final few weeks of the current fact discovery schedule to receive these documents.  Moreover, Bionpharma needs these documents now to prepare for fact depositions and to prepare expert reports.  In the case of recent responsive documents from the Annora case, Azurity has these documents handy and can easily produce them at a moment's notice, but for some reason is refusing to do so, and that is insufficient.  The parties are therefore at an impasse, and we will circulate a draft letter requesting a discovery dispute teleconference on this item for your review shortly.  Finally, Azurity's third party confidentiality concerns—even if they were legally legitimate—are a red herring, as Bionpharma and Annora have reciprocally agreed to Azurity's production of their invalidity/infringement documents to the other party, under the conditions outlined in Todd Werner's September 22, 2022 email (*see also* October 11, 2022 email from R. Shrestha).

*        *        *

Additionally, we are in receipt of Azurity's Supplemental Delaware Default Rule 3 initial disclosures from last Friday, and they appear deficient to us as none of Azurity's board members are identified as custodians, despite the fact that certain of Azurity's board members are identified and implicated in Bionpharma's antitrust counterclaims, including in connection with Bionpharma's allegations concerning the sham CoreRx suits.  Why is this?  We would like to meet and confer on this issue and Azurity's delinquent antitrust production (as outlined in my email from last Tuesday afternoon) this week.

Finally, we propose that the parties exchange privilege logs for documents produced through March 2023 and agree to timely supplement those logs with any privileged documents produced thereafter.  Please let us know if Azurity will agree to this proposal and is in a position to make such an exchange by Friday, May 12, 2023.

We are generally available tomorrow afternoon and Wednesday for a meet and confer.  Please provide us with your availability and we will circulate a dial-in.

Best regards,
Luke

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Tuesday, May 2, 2023 1:18 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Alex:

Bionpharma will agree to hold in abeyance its depositions notices, but only because Azurity has yet to substantially complete its antitrust document production and to supplement its Delaware Default Rule 3 initial disclosures.  As you well know, shortly after the stay was lifted in these cases on February 7, we wrote to you demanding that Azurity supplement, *inter alia*, its responses to Bionpharma's antitrust discovery requests (which were served back in March of 2022) and its initial disclosures.  *See* Feb. 21, 2023 Ltr. from L. Shannon to G. Kaufman.  Despite repeated follow up requests for Azurity to move forward with its antitrust discovery obligations, it was not until March 28, 2023 that Azurity *finally* supplemented its responses to Bionpharma's antitrust requests for production, where it stated that it would produce, or will search for and produce, numerous categories of antitrust documents.  *See generally* Azurity's Supplemental Objections and Resps. to Bionpharma's First Set of Requests for Production of Documents and Things.  We still have yet to receive this antitrust document production that Azurity has promised in its supplemental responses— where is it?  We remain deeply concerned that Azurity has yet to produce these documents given its repeated representation to the Court that fact discovery in these cases could be closed by May 5, 2023—*this Friday*.  *See, e.g.*, 21-1286 D.I. 264, JSS at 1-5.  And, of course, ***we have yet to even receive*** Azurity's supplemental Delaware Default Rule 3 initial disclosures identifying custodians whose ESI Azurity will be searching through.  All of these delinquencies—***with just 3 days left in the fact discovery schedule Azurity emphatically advocated for in February***—confirms what we knew all along during the parties' scheduling dispute in February:  that Azurity was misrepresenting to the Court its ability to carry out its discovery obligations and close out fact discovery in these cases by May 5.  Again, rest assured, we are chronicling all of this to present to the Court, including in connection with remedies phase of these cases and our requests for fees and costs.

For the same reasons, Azurity's request that Bionpharma withdraw its Rule 30(b)(1) deposition notices for Azurity's board members under the apex doctrine is entirely premature, as we cannot adequately assess Azurity's position without first seeing its belated antitrust document production (as well as its belated supplemental Delaware Default Rule 3 initial disclosures).

Thus, while Bionpharma will agree to hold its depositions notices in abeyance until, *inter alia*, Azurity substantially completes its antitrust document production, Bionpharma will not withdraw those notices, and disputes that they are in any way improper.

We will be responding in writing to the other points raised in your April 28th email shortly.

Best regards,
Luke

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Tuesday, May 2, 2023 9:48 AM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr -

Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

We understand that Bionpharma is cancelling today's meet and confer. The first of Bionpharma's 30(b)(1) depositions is noticed for next Tuesday, May 9, but Bionpharma has not responded to our request that you withdraw these notices. We can reschedule the call on other issues for later this week—we are available Thursday at 2 PM ET or Friday at 1 PM ET. But given the timing, we need an answer tomorrow on the 30(b)(1) notices. If Bionpharma does not agree to withdraw them or at least hold them in abeyance while discussions remain pending, we will circulate a draft joint discovery dispute letter on our motion for a protective order.

Additionally, we had planned to discuss two additional items on today's call. First, as Azurity is continuing to review Bionpharma's Friday April 21 production of 16,000 documents, we can now confirm that Azurity also asks Bionpharma to withdraw its subpoenas to Vern Davenport and Jeff Edwards, citing at least the same arguments we articulated in writing and during the call. Second, as Bionpharma no doubt knows given its silence on the subject, Azurity will not be putting up a 30(b)(6) witness on the May 5 date in Bionpharma's notice. We will serve responses and objections shortly and can be available to meet and confer regarding scope, witnesses, and dates next week.

Best,
Alex

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Monday, May 1, 2023 11:06 AM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - lshannon@taftlaw.com

---

Alex:

We are no longer available to meet and confer tomorrow, as we're still looking into several items that were discussed during our call last week.  We'll get back to you later this week with our availability for a meet and confer.

Best regards,
Luke

---

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Friday, April 28, 2023 10:00 AM

**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

Thanks again for meeting with us yesterday.

<u>**Agenda**</u>
We discussed each item on the agenda in turn.

1. Whether Bionpharma will withdraw its 30(b)(1) deposition notices to Azurity board members Nailesh Bhatt, Frank Leo, and Dave Ritchie;
2. Whether Bionpharma will withdraw its 30(b)(1) deposition notice to Azurity's CEO Richard Blackburn;
3. Bionpharma's refusal to produce documents from the SDNY case (RFP Nos. 121, 122, 123, and 129);
4. Bionpharma's refusal to produce documents received from third parties (RFP No. 105);
5. Bionpharma's refusal to produce documents relating to orders from Bionpharma's supplier (RFP Nos. 59, 60)
6. Bionpharma's refusal to produce documents relating to Bionpharma's decision to list or de-list information relating to the ANDA product on its website (RFP Nos. 62, 63)
7. Bionpharma's refusal to produce documents concerning the Krishnan Declaration (RFP Nos. 69, 70)
8. Azurity's refusal to proceed with the Paniker, Punji, and Murthy depositions in May
9. Azurity's refusal to honor its November 1, 2022 commitment to produce documents sufficient to show:  the organizational structure of Azurity, NovaQuest, and CoreRx; the ownership of and corporate relationships between NovaQuest and CoreRx; and the corporate relationship between Azurity and CoreRx
10. Azurity's refusal to exchange supplemental damages interrogatory responses prior to May 11
11. Azurity's refusal to serve its supplemental its Delaware Default Rule 3 disclosures prior to May 5
12. Azurity's refusal to timely supplement its production with invalidity/infringement documents recently served/produced/filed in related litigation

<u>**Azurity's Topics**</u>
You stated you would have to take agenda items 1-4 and 6-7 back to your team for discussion. We agreed to meet again on Tuesday at 3 PM ET / 2PM CT. Please let me know if you did not receive the meeting invite I sent. For agenda item number 5, we explained that we have identified some potentially relevant documents in Bionpharma's Friday May 21 production.  Please advise on our next call if Bionpharma has changed its prior refusal to produce documents in response to RFP Nos. 59 and 60.

<u>**Bionpharma's Topics**</u>
Next, we discussed the depositions Bionpharma scheduled for May. We explained that, while Azurity will take these depositions at the appropriate time, it is still working through Bionpharma's May 21 production of 16,000 documents (60,000 pages) and needs time to prepare for the depositions. Bionpharma stated its view that the production contains a "manageable" amount of documents to review in the intervening time. Azurity disagreed, noting, e.g., that Bionpharma's EVP Supply Chain & Projects, Mr. Phanindranath Punji's name appears in over 6,000 documents in this set. Azurity stated it will inform Bionpharma when it has completed its review of the recently produced documents and is able to take the depositions in question. For agenda item number 9, Azurity confirmed that it believes it has satisfied its obligation on a sufficient to show basis and confirmed impasse. Azurity also confirmed that, with respect to agenda items numbers 10 and 11, Azurity will supplement at the dates we have noted. Azurity explained that it is not beholden to Bionpharma's unilaterally imposed deadlines. Bionpharma asked Azurity to explain its reasoning for the dates it set.

Azurity explained that that reasoning is privileged. Finally, for agenda item 12, we re-affirmed our position as set forth in previous correspondence. Specifically, we stated that initial opening expert reports were served less than two weeks ago and that expert discovery is ongoing. Bionpharma stated that their request encompasses other materials including all interrogatory responses and contentions served this year. Azurity replied that Bionpharma raised this issue around one week prior to our meeting, and so we reject any characterization of our response as untimely. Azurity agreed to take agenda item 12 back for further discussion.

We look forward to continuing our conversation on Tuesday. We will follow up in advance with our agenda items (which will include 1-4 and 6-7 above). Please provide us with any topics Bionpharma wishes to discuss. Hope you and your team enjoy the weekend.

Best,
Alex

---

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Thursday, April 27, 2023 12:20 PM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

We disagree with the vast majority of your email, needless to say, which largely repeats prior emails.  Thus, we address only new points.

We understand that Bionpharma will not make the representations Azurity requested regarding Bionpharma's production. Accordingly, as we stated previously, because Azurity is still in the process of reviewing the 60,000 pages of documents Bionpharma produced less than a week ago, our position remains unchanged.

We have already "explain[ed] in writing why Azurity has proposed its agenda items" in the email you received yesterday. We note, however, that Azurity is under no obligation to provide lengthy, detailed arguments for each of its positions in advance of the meet and confer, and that it is in fact the purpose of the meet and confer process that parties make "a reasonable effort [] to reach agreement" through good faith dialogue. Del. L.R. 7.1.1.

Thank you in advance for attending the call today. We disagree that the meeting will be "of very little value."  We will speak then.

Best,
Alex

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Thursday, April 27, 2023 9:40 AM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron

<AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - lshannon@taftlaw.com

---

Alex,

Your email advances no rational justification for why Azurity cannot proceed with the Paniker, Punji, and Murthy depositions in May.  Bionpharma has already represented that much of the production it made last week pertains to its efforts to secure a new supplier.  Moreover, the document requests you identify below pertain to damages and antitrust issues.  You fail to explain how two individuals in Bionpharma's regulatory affairs department (Paniker, Murthy) could have discoverable testimony concerning those issues.  Mr. Punji deals with manufacturing and supply chain issues.  At best, these witnesses **might** have discoverable information concerning the patent issues in these cases.  Azurity should know all of this—it was Azurity, after all, who noticed up these depositions, and presumably had a reason to do so.  And Azurity has repeatedly represented to the Court that patent discovery is substantially complete.  Azurity's refusal to proceed with these depositions under the dubious excuse that it still needs damages and antitrust production from Bionpharma appears to be yet another stall tactic.  Rest assured, we are chronicling all of Azurity's delay tactics, and they will be presented to the Court in connection with a schedule extension request should an extension be needed.  Your repeated mischaracterization of an order on a scheduling dispute **that Azurity lost on** cannot change the facts regarding Azurity's dilatory conduct.

Next, your email contains new information from Azurity and Azurity's supposed justifications for the positions it has taken.  The fact that we received your email after close of business the evening before our scheduled meet-and-confer has foreclosed our ability to consider Azurity's position on, for example, Bionpharma's deposition notices and Azurity's demand for production from the *Bionpharma v. CoreRx* suit, and to, if necessary, consult with our client prior to our call.  This was the predictable result of your failure to convey your positions and rationales promptly, as we've repeatedly requested from you.  As such, it is likely that our meet and confer today will be of very little value, as we simply will not have answers for you on many of Azurity's agenda items.  Nevertheless, we will attend the call and hear you out, but we will need to take your positions back to our team and, if necessary, our client, before we can provide you with Bionpharma's positions on Azurity's agenda items.  We suggest a more efficient approach would be to reschedule the call until a date after you explain in writing why Azurity has proposed its agenda items, and why it believes that the discovery it seeks in connection with those discovery items is, in fact, discoverable.

Best regards,
Luke

---

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Wednesday, April 26, 2023 5:33 PM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

Thank you for your additions to the agenda. In this writing, we respond to both your April 25 5:38 PM ET email and your April 26 1:45 PM ET email.

<u>Shannon Email, April 25</u>

1. Bionpharma produced over 60,000 pages of documents last Friday, April 21. Understandably, Azurity has not had time to review these documents in full. Will Bionpharma represent what is in the production? Will Bionpharma represent for which RFPs Bionpharma's production is substantially complete? Has Bionpharma, e.g., produced documents responsive to RFP Nos. 33-35, 59-60, 80, or other damages and ANI/Novitium related requests? If so, Azurity will consider whether it has the requisite documents to proceed with the three depositions. Absent such representations, Bionpharma's discovery gamesmanship is self-evident.

2. The record shows, and the Court has recognized, that Bionpharma is the party that is delaying discovery, not Azurity. D.I. 293 at ¶ 30. Azurity will not endlessly relitigate this issue with Bionpharma.

3. Azurity will supplement by May 11. Azurity is under no obligation to abide by Bionpharma's arbitrary and unilateral deadlines.

4. Bionpharma's "impression that Azurity is reneging on its commitment" is incorrect. SLVGT-EPA_0122018 and SLVGT-EPA_0122946 satisfy Azurity's stated commitment on a sufficient to show basis.

5. Bionpharma refused to even discuss confidentiality designations with Azurity. Azurity, in the interest of cooperation and civility, agreed to re-produce the seven outstanding documents in this case and has since done so. Please confirm receipt. This item is, accordingly, moot.

6. We will be prepared to discuss tomorrow. Briefing in the Annora case is ongoing. Furthermore, the productions in that case contain Annora confidential information, so we cannot commit to producing unredacted copies by any certain date absent Annora's consent.

7. Azurity stands on its previous representation and again asks Bionpharma to detail the supposed deficiencies in Azurity's production.

8. We listed specific RFPs for discussion in my 4/25 email at 5:47 PM ET, which came minutes after your email.

<u>Shannon Email, April 26</u>

1. Azurity believes that Bionpharma should withdraw its notices for the Bhatt, Leo, and Ritchie depositions at least because they are apex witnesses. Azurity has already represented that Amit Patel, current Executive Chairman and former CEO of Azurity, will sit for a deposition in this case. Even if Bhatt, Leo, and Ritchie were to possess any relevant information (and we have no reason to believe that they do), Mr. Patel is better situated to provide such information. Richard Blackburn is also an apex witness. As he was appointed CEO of Azurity on February 14, 2022 – three days before Bionpharma filed its antitrust counterclaims – he cannot and does not have any first-hand knowledge of any relevant information. And, even if he did, Mr. Patel is better situated to provide such information.

2. It is our understanding that Mr. Jim Gale is being represented independently by your co-counsel at Holland & Knight. Please let us know if that is no longer true and if we should be discussing his Rule 45 subpoena with Taft.

3. Without conceding any obligation to do so, Azurity notes that it has raised many of these issues in the Kaufman Letter dated March 7, 2023 and the Poonai Letters dated March 10 and February 27. To be clear, however, Azurity does not assert "that Bionpharma's objections and responses to the document requests referenced in item numbers 3-7 are deficient." Instead, we note that Bionpharma conclusively states that it "will not produce documents and things responsive" to many of Azurity's RFPs. We seek to understand Bionpharma's positions and its bases for refusing to produce documents.

4. For example, with respect to agenda item 3, Bionpharma has refused to produce while objecting for relevance, under the protective order in the New York Action, and because it alleges that the documents are already in Azurity's possession, custody, or control. These documents are clearly relevant at least because of Bionpharma's allegation that it has a license to Azurity's patents under the MMSA and its allegation that Azurity directed CoreRx to renegotiate the MMSA. In addition, Magistrate Judge Figueredo has recognized the overlap between the cases. Azurity is not aware of any bars to it receiving this discovery under the protective order in the New

York Action. And, as we have stated numerous times, Azurity is not CoreRx's "corporate sister" and so is not in possession of these documents.

Best,
Alex

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Wednesday, April 26, 2023 1:45 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - lshannon@taftlaw.com

---

Alex,

Thank you for your proposed agenda. We note that a number of items you have proposed for discussion have never heretofore been raised with Bionpharma, which leaves us with little ability to prepare for a meaningful discussion on those particular items. For example, Azurity has never previously approached Bionpharma with a request to withdraw its deposition notices to Messrs. Bhatt, Leo, Ritchie, and Blackburn, and has never explained why it believes those notices are improper and/or should be withdrawn (particularly in light of the fact that Azurity has itself noticed up, and/or issued subpoenas for, the deposition Bionpharma board members, *see, e.g.*, 11/2/22 Atherton email enclosing Gale, Goodman subpoenas). Similarly, we have not received any discovery correspondence from Azurity explaining why Azurity believes that Bionpharma's objections and responses to the document requests referenced in item numbers 3-7 are deficient. Again, without a more detailed explanation from Azurity as to these items prior to any meet and confer, we will have very limited ability to address Azurity's concerns in connection with these items in an efficient manner.

The items Bionpharma intends to raise on Thursday's meet and confer—which, in contrast to Azurity's proposed items for discussion, Bionpharma has previously raised with Azurity—and that Azurity should be prepared to discuss, are as follows:

8.  Azurity's refusal to proceed with the Paniker, Punji, and Murthy depositions in May
9.  Azurity's refusal to honor its November 1, 2022 commitment to produce documents sufficient to show: the organizational structure of Azurity, NovaQuest, and CoreRx; the ownership of and corporate relationships between NovaQuest and CoreRx; and the corporate relationship between Azurity and CoreRx
9.  Azurity's refusal to exchange supplemental damages interrogatory responses prior to May 11
10. Azurity's refusal to serve its supplemental its Delaware Default Rule 3 disclosures prior to May 5
11. Azurity's refusal to timely supplement its production with invalidity/infringement documents recently served/produced/filed in related litigation

Best regards,
Luke

---

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Tuesday, April 25, 2023 4:47 PM

**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; wsgr - Azurity/Bionpharma (505) <Azuritybionpharma505@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

We will follow up with a more complete reply to your below email. Please see the below agenda for Thursday's meet and confer. In advance of the call, please add the specific agenda items Bion would like to discuss.

1. Whether Bionpharma will withdraw its 30(b)(1) deposition notices to Azurity board members Nailesh Bhatt, Frank Leo, and Dave Ritchie;
2. Whether Bionpharma will withdraw its 30(b)(1) deposition notice to Azurity's CEO Richard Blackburn;
3. Bionpharma's refusal to produce documents from the SDNY case (RFP Nos. 121, 122, 123, and 129);
4. Bionpharma's refusal to produce documents received from third parties (RFP No. 105);
5. Bionpharma's refusal to produce documents relating to orders from Bionpharma's supplier (RFP Nos. 59, 60)
6. Bionpharma's refusal to produce documents relating to Bionpharma's decision to list or de-list information relating to the ANDA product on its website (RFP Nos. 62, 63)
7. Bionpharma's refusal to produce documents concerning the Krishnan Declaration (RFP Nos. 69, 70)
8. **[Placeholder for Bionpharma additions]**

Best,
Alex

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Tuesday, April 25, 2023 5:38 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - lshannon@taftlaw.com

---

Alex,

We are confused by your refusal to proceed with the Paniker, Punji, and Murthy depositions on the dates we have provided in May. Two of these witnesses (Paniker and Murthy) are in the regulatory affairs department at Bionpharma, Nath Punji is the EVP – Manufacturing, Supply Chain, and Projects at Bionpharma. These witnesses could only have discoverable information pertaining to the patent issues in these cases---not the antitrust issues. Azurity has repeatedly represented to the Court that "patent discovery is largely complete." 21-1286 D.I. 264, JSS at 4. Thus, Bionpharma sees no reason why Azurity cannot and will not proceed with these depositions in May. Your email references "outstanding discovery deficiencies," including "Bionpharma's refusal to answer several of Azurity's interrogatories," but you fail to identify what Bionpharma interrogatory responses impact Azurity's ability to prepare for and proceed with these

depositions.  Your attempt to hold the scheduling of these depositions hostage unless and until certain unidentified discovery responses are supplemented is improper, particularly given Azurity's repeated representation regarding patent discovery being "largely complete."  Your email in no way indicates that any outstanding antitrust discovery from Bionpharma could be useful in preparing for or proceeding with these depositions.  Your email references the documents Bionpharma recently produced, but those documents generally relate to Bionpharma's antitrust counterclaims (*e.g.*, Bionpharma's efforts to secure a new supplier).  In short, there is no reason Azurity cannot take these depositions now, and we need to schedule those depositions soon in order to accommodate those individuals' busy schedules.  If Azurity refuses to move forward with these depositions, Bionpharma will bring that refusal to the Court's attention in the event the schedule needs to be extended.  Indeed, Azurity previously pointed to those depositions as a supposed indication of Azurity's diligence.  *Id.* at 4 ("Azurity has been proceeding diligently to complete fact discovery.  For example, Azurity has noticed seven depositions to Bionpharma and its personnel.").  But now, Azurity is in fact using those depositions to forestall discovery.

Moreover, Azurity's apparent inability (or unwillingness) to advance discovery promptly is directly at odds with what Azurity told the Court.  In advocating for an expedited case schedule, Azurity told the Court, "that all remining [sic] antitrust discovery can be completed by May 5, 2023."  *Id.*  In the last two months, Azurity has delayed providing antitrust discovery to which Bionpharma is entitled.  Again, in the event an extension of the fact discovery deadline becomes necessary, Bionpharma will make clear to the Court that Azurity's delay is the sole cause of any need for an extension.

In response to your email's remaining points, first, we do not see why Azurity believes it needs to May 11, 2023 (nearly three weeks after our meet-and-confer) before it can exchange supplemental response for damages interrogatories (*i.e.*, Azurity's supplemental responses to Bionpharma ROG Nos. 5, 7-9 and Bionpharma's supplemental responses to Azurity's ROG Nos. 5-10).   Azurity was pushing to exchange supplemental damages interrogatory responses last November (*see* 10/28/22 email from G. Kaufman) and, again, two months ago, Azurity told the Court that "patent discovery is largely complete, [and] [d]epositions are the main item yet to be accomplished." 21-1286 D.I. 254, JSS at 4.  Now, Azurity apparently is unable even to supplement its own interrogatory responses by its requested May 5, 2023 close of fact discovery. Coupled with Azurity's refusal to proceed with patent fact depositions, Azurity's dilatory tactics are clear, and we intend on chronicling all of this for the Court should a schedule extension become necessary.  We ask that Azurity reconsider its refusal to exchange supplemental damages interrogatory responses before May 11—Bionpharma stands ready to exchange supplemental damages interrogatory responses now.

With respect to SLVT-EPA_0122018, your email seems to imply that you believe you have satisfied your obligation and commitment to produce documents sufficient to show the ownership of, organizational structure of, and corporate relationship s between Azurity, NovaQuest, and CoreRx.  *See* 11/1/22 email from G. Kaufman ("Azurity is willing to produce documents sufficient to show the ownership of, organizational structure of, and corporate relationships between Azurity, NovaQuest, and CoreRx and answer the related interrogatory.").  The production of a single chart showing ownership of Azurity is not a complete or adequate responses to Bionpharma's document requests on this topic and falls short of what Azurity represented at the eleventh hour that it would produce to Bionpharma in order to avoid a motion to compel.  *See id.*  Now that the parties are nearly seven months past Azurity's representation about the discovery that would be forthcoming on this topic, Bionpharma is left with the impression that Azurity is reneging on its commitment.  Please be ready to discuss this issue at the meet and confer we have currently scheduled for Thursday.

Next, your email seems to take issue with our recognition that the "seven outstanding documents" from the *Bionpharma v. CoreRx* suit have been "previously been withheld."  Make no mistake, those documents were previously withheld from production *in these Delaware Third Wave Suits*, ostensibly due to Azurity's desire to sidestep the structure of the protective order in this case.  Ultimately, Bionpharma's Delaware counsel did not receive those documents until the very day of Amit Patel's deposition.  As we've made clear to you, we reserve the right to approach the Court in these Third Wave Suits to seek leave to further question Mr. Patel regarding the sham CoreRx suits in light of Azurity's dilatory production of documents, including Azurity refusal to produce the "seven outstanding documents" to Bionpharma's Delaware counsel prior to Mr. Patel's deposition.

We have yet to receive any supplemental production from Azurity concerning invalidity/non-infringement documents recently served or produced in related litigation, including in the Annora litigation.  *See* 4/19/23 email from R. Shrestha.  As these documents have been recently served/produced/filed (*see, e.g.*, 21-196 D.I. 208-209, 222-227), we do not understand why Azurity is delaying production of these documents.  Please be ready to discuss this issue on Thursday.

Regarding my March 7, 2023 letter, we take your representations during our call and in your email to indicate that unless the documents articulated in my March 7 letter are those that you specifically refused to produce in Azurity's Responses and Objections to Bionpharma's First Set of Document Requests, Azurity will produce those documents to the extent they exist.  We will follow up with you in the event Azurity's production remains deficient.  To that end, please confirm when you will produce these documents.  Again, Azurity's unexplained delay here is apparent, and is particularly striking given its representation to the Court: "Azurity respectfully submits that all remaining antitrust discovery can be completed by May 5, 2023."  21-1286 D.I. 264, JSS at 4.

As I indicated during our call and in my email on Friday, we are available to meet and confer on Thursday, at which point we will expect answers to the questions above.  In the meantime, we have yet to receive information from Azurity elucidating what if anything it believes remains deficient in Bionpharma's discovery responses—your delay in providing this information hinders our ability to prepare adequately and to provide Azurity on Thursday with Bionpharma's positions as to the alleged, but yet unidentified, deficiencies.  This does not make for an efficient meet and confer process.  We ask that you provide us with a specific identification of any alleged deficiencies in Bionpharma's discovery requests responses soon so that we can adequately prepare for Thursday's meet and confer.

Best regards,
Luke

---

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Monday, April 24, 2023 4:42 PM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

We are in receipt of your email. We respond to your points below:

- Azurity commits to supplement its damages interrogatory responses by Thursday May 11. Azurity commits to supplement its Delaware Default Standard Paragraph 3 disclosures to include any custodians likely to have documents and ESI responsive to Bionpharma's antitrust counterclaims, and Azurity's defenses to those counterclaims, by Friday, May 5.
- Thank you for confirming receipt of SLVGT-EPA_0122018, which was re-produced from the related SDNY case to this case on February 21. Thus, Azurity has already produced responsive documents. As stated on the call and as previously communicated to your co-counsel, we will be re-producing the seven outstanding documents under the highest confidentiality designation available in the in Delaware case. We also note that Bionpharma likely already has responsive material in its possession, custody, or control because it, along with Signet, sold CoreRx to NovaQuest.
- Thank you for confirming receipt of SLVGT-EPA_0122876.

- Azurity stated that it will reproduce the seven documents, which contain board meeting minutes. Azurity reserves all rights and will produce these documents subject to its responses and objections.
- Bionpharma mischaracterizes the seven outstanding documents as having "previously been withheld." Bionpharma has been in possession of these documents since Azurity originally produced them in the related SDNY action on February 3.
- With regards to the categories of documents discussed in your weeks-old letter and in your email below, we refer you to our prior discovery responses and note that to the extent we agreed to produce documents, we have done so or will do so.  We note that this issue was not on the agenda for the meet and confer—indeed, Bionpharma did not respond to my email setting the meet and confer agenda with a list of topics Bionpharma wished to cover. Moreover, upon further review, we note that several of these categories are overbroad and do not seem to relate to the claims and defenses at issue in this case.  Nevertheless, we can confirm that, to the extent documents falling into those categories you enumerated were pulled by the search conducted consistent with our discovery responses, we did not withhold such documents from production. If Bionpharma is asking something different, we are available to further meet and confer on this point on Thursday.  Additionally, we reiterate our invitation to review our production and come back to us with specific and discrete categories of documents which Bionpharma believes it needs.
- With regards to the depositions, due to Bionpharma's outstanding discovery deficiencies—including, *inter alia*, Bionpharma's refusal to answer several of Azurity's interrogatories—Azurity cannot, and is under no obligation to, move forward with depositions on Bionpharma's unilaterally set dates. Moreover, Azurity has not yet reviewed the 60,000 pages Bionpharma produced at 1:30 AM on the day of our meet and confer, and thus cannot assess whether Bionpharma is in compliance with its discovery obligations. Azurity intends to resolve or raise with the Court Bionpharma's discovery deficiencies before committing to depositions.
- We thank you for agreeing to meet this Thursday at 2 PM ET / 1 PM CT. I have sent you a calendar invite, please let me know if you did not receive it. We will follow up with a list of topics for discussion. We ask Bionpharma to add any specific issues it would like to discuss. Incorporating lengthy and numerous attorney correspondence by reference does not provide Azurity sufficient notice to prepare to discuss topics and have a productive meeting.

In addition to the above, we note that Bionpharma confirmed that the parties are at impasse with respect to Bionpharma's interrogatory non-responses.

Best,
Alex

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Friday, April 21, 2023 7:23 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - lshannon@taftlaw.com

Counsel:

Thank you for you availability to meet and confer this afternoon.  To recap a few points from our discussion:

By Monday, April 24, Azurity will provide by email a date certain by which it will be in position to supplement its interrogatory responses regarding damages.  Ideally, that date certain is no later than May 8.  As we discussed, if Azurity cannot commit to supplementation by that date, we will understand the parties to be at an impasse and will bring this to the Court's attention for redress.  Azurity will also provide by April 24 a date by which it will supplement its Delaware Default Standard Paragraph 3 disclosures to include custodians likely to have documents and ESI responsive to Bionpharma's antitrust counterclaims.

You confirmed that Azurity has already produced or will produce documents sufficient to show the ownership of, organizational structure of, and corporate relationship s between Azurity, NovaQuest, and CoreRx (as it previously agreed to do late last year, see Nov. 1, 2022 email from G. Kaufman).  You stated that these documents, at least in part, have recently been produced.  We have located SLVGT-EPA_0122018, which appears to show ownership of Azurity and the corporate relationship between Azurity and NovaQuest.  We have, however, been unable to locate other documents Azurity has agreed to produce from this category of documents, such as sufficient to show the organizational structure of Azurity, NovaQuest, and CoreRx, documents sufficient to show the ownership of and corporate relationships between NovaQuest and CoreRx, and documents sufficient to show the corporate relationship between Azurity and CoreRx.  Please confirm that Azurity will be producing these documents (as it has already agreed to do).

You stated that the Amneal settlement has been produced at SLVGT-EPA_0122876.  We can confirm that we are in possession of this document and it appears to be the Azurity-Amneal settlement agreement; thank you for your assistance in locating this document.

You confirmed that Azurity will produce documents relating to actual or potential generic competition with Epaned, including but not limited to board meeting minutes; internal emails, correspondence, and memoranda; and correspondence with third parties regarding generic competition with Epaned.  We reserve our right to follow up with you again in the event Azurity's production is deficient.

You confirmed that Azurity will produce the "seven outstanding documents" from the Bionpharma v. CoreRx suit in the Southern District of New York, referenced in Alex's February 21, 2023 and my March 1, 2023 letters, which had previously been withheld.

You confirmed that you are not withholding from production the following categories of documents, outlined in my March 7, 2023 letter:  documents detailing any price competition between Epaned and other branded drugs; projections of market share estimates of Epaned; documents detailing the timing of entry of other branded blood pressure medications, including any documents detailing potential impact on Epaned of such entry; documents detailing the timing of market entry of other generic blood pressure medications, including documents detailing potential impact on Epaned of such entry; projections of AB-rated generic enalapril market entry, including any projections of anticipated Epaned and/or generic pricing and Epaned and/or generic sales and/or market share following generic entry; documents detailing the amount of, and reasons for, discounts, rebates, or other price concessions (if any) paid by Azurity on Epaned ; Epaned sales (invoice) data sufficient to show, for each sales transaction, the product, strength, gross price, net price, quantity sold, customer name, and customer ID; forecasts of AB-rated generic launch by Azurity, including forecasts of associated impact to Epaned pricing and volume; forecasts of AB-rated generic launched by other manufacturers, including forecasts of associated impact to Epaned pricing and volume; documents detailing the timing of Paragraph IV ANDA submissions with respect to Epaned made by generic manufacturers other than Bionpharma; documents detailing Azurity's internal estimates of the launch timing of each enalapril Paragraph IV ANDA filer; and Azurity's business plans and other strategic planning documents for Epaned, including but not limited to any that address the prospects for, and effects of, potential generic competition.

Late last year, Azurity noticed up the depositions of Latha Paniker, Nath Punji, and Nithya Murthy and, on Wednesday of this week, we provided you with dates of availability for these witnesses:  May 16 (Paniker), May 17 (Punji), and May 19 (Murthy), 2023.  We asked you to confirm that Azurity will proceed with these depositions on the dates provided.  You indicated that you would get back to us on this soon.  The dates we have proposed for these witnesses are a little over 3 weeks away, and these witnesses carry busy schedules—please get back to us on this as soon as possible.

You suggested that you may believe that certain of Bionpharma's responses to Azurity's documents requests and either Bionpharma's Rule 26(a)(1) initial disclosures or its Default Standard Paragraph 3 disclosures may be, in your view, deficient.  We remain available to discuss on Thursday, April 27, at 2:00 pm ET / 1:00 pm CT.  As we discussed on today's call, in order to ensure that we can be prepared to discuss what you believe may be deficient, and to properly set up the meet and confer, we expect that you will set forth by letter or email the specific document requests and responses at issue, as well as the relevant initial disclosures, and the bases for your conclusion that any deficiencies exist.  We look forward to receiving that letter or email sufficiently in advance of Thursday to allow us time to consider Azurity's positions and prepare for Thursday's call.

We look forward to hearing from you by Monday, April 24.

Best regards,
Luke

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Monday, April 17, 2023 4:48 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Alex,

Thanks for confirming your availability.  Within the times you provided, we are available at 3:00 pm CT / 4:00 ET, Friday, April 21, and will look forward to speaking with you then.  For the call, we can use the following dial in:

Join Zoom Meeting
https://taftlaw.zoom.us/j/3161014543

Meeting ID: 316 101 4543
One tap mobile
+13126266799,,3161014543# US (Chicago)
+13092053325,,3161014543# US

Dial by your location
    +1 312 626 6799 US (Chicago)

Your email's gratuitous attempt to pin blame on Bionpharma for Azurity's delay serves no purpose other than to risk distraction.  Your email misrepresents the Consolidation and Scheduling Order (Case No. 21-1286, D.I. 293), involving a scheduling dispute that Azurity lost on.  In fact, in that Order, the Court explicitly acknowledged Bionpharma's legitimate concern stemming from the fact that Azurity refused to engage in antitrust discovery during the bulk of 2022.  The parties' communications (see the trailing emails below) illustrates what we fear is Azurity's continued attempts to avoid Bionpharma's efforts to complete discovery, further jeopardizing the case schedule.  For example, while we appreciate you finally getting back to us on Azurity's availability to meet and confer, Azurity continues to dodge Bionpharma's offer to exchange supplemental damages interrogatory responses.  We ask again: Will Azurity agree to a mutual exchange of supplemental damages interrogatory responses tomorrow, Tuesday, April 18, by 5:00 pm ET?

22

We look forward to hearing from you.

Best regards,
Luke

---

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Friday, April 14, 2023 3:33 PM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

We are available to meet and confer Friday between 12 PM - 2 PM ET or from 3 PM - 5 PM ET. Please be prepared to discuss:

1. Whether Bionpharma should provide an answer to any of Azurity's antitrust Interrogatories Nos. 11-15;
2. Whether Bionpharma should begin producing antitrust discovery;
3. Whether Bionpharma should amend its initial disclosures to identify more than one individual having or likely to have information relating to Bionpharma's antitrust counterclaims;
4. Whether Bionpharma should produce certain categories of documents related to damages it has previously consented to producing;
5. Whether Bionpharma should supplement its answers to certain interrogatories relating to damages which it has previously agreed to supplement; and
6. Whether Bionpharma should be compelled to answer certain interrogatories from prior litigation between the parties as required by the Court's Scheduling Order.

We note that, as has been the case throughout antitrust discovery in these matters, Bion's sudden rush to meet and confer is "belated and inconsistent." D.I. 293 at 30. Azurity asked Bionpharma to meet and confer in multiple letters over the course of months. Bion refused to set a time to meet, instead insisting that Azurity should meet Bion's numerous, arbitrary, and unsupported preconditions before Bion would agree to a simple phone call. We are glad to see that Bion now, like the Court, finally "agree[s] with Azurity that further delay should be minimized." *Id.*

Best,
Alex

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Thursday, April 13, 2023 7:11 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan

Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - lshannon@taftlaw.com

---

Alex:

We still have not heard back from you on our repeated requests to meet and confer regarding the deficiencies outlined in my February 24, March 1, and March 7, 2023 letters, and Azurity's continued refusal to supplement its Delaware Default Rule 3 initial disclosures (as well as our proposal for a mutual exchange of supplemental damages interrogatory responses).  Azurity's apparent decision to ignore our requests is improper.  By close of business tomorrow, April 14, please provide your availability for a meet and confer Monday, Thursday, or Friday of next week.  If we fail to hear from you by tomorrow, we will plan to submit a letter to the Court early next week requesting a discovery conference and notifying the Court that Azurity refuses to comply with the meet and confer requirements provided by the scheduling order.

Best regards,
Luke

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Friday, April 7, 2023 5:56 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Alex:

We never heard back from you on our proposal for a meet and confer this Tuesday, April 4.  Please provide us with your availability to meet and confer next week regarding the deficiencies outlined in my February 24, March 1, and March 7, 2023 letters, and Azurity's continued refusal to supplement its Delaware Default Rule 3 initial disclosures.

Further, as mentioned in my email from last Wednesday (below), Bionpharma is ready to move forward with an exchange of supplemental responses to damages interrogatories that the parties had discussed late last year prior to the stay.  We had proposed a mutual exchange for last Friday, March 31, at 1 PM EDT, but never heard back from Azurity on this.  Please get back to us on this as soon as possible.

Best regards,
Luke

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Wednesday, March 29, 2023 10:12 PM
**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>

**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Alex:

We can be available for a meet and confer next Tuesday, April 4 at 1 PM EDT.  Please circulate a dial in.  And please be prepared to discuss the issues raised in my February 24, March 1, and March 7, 2023 letters, including Azurity's continued refusal to supplement its Delaware Default Rule 3 initial disclosures, as well.

Also, Bionpharma would like to move forward with an exchange of Bionpharma's supplemental responses to Azurity ROG Nos. 5-10, and Azurity's supplemental responses to Bionpharma ROG Nos. 5 and 7-9.  We propose a mutual exchange this Friday, March 31, at 1 PM EDT—please confirm that works for Azurity.

Best regards,
Luke

**Luke T. Shannon,** Of Counsel
Intellectual Property
Direct: 312.836.4115 | Office Ext: 34115
Taft Office: Chicago

Jaffe has joined Taft. Now over 800 attorneys strong.
Learn more **here.**

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Tuesday, March 28, 2023 11:44 AM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

We were on the line at the time we proposed below, but Bionpharma did not join. Please propose another time when Bionpharma will be available to discuss its discovery obligations. We suggest this Friday, March 31, at 1:30 PM ET. We are available to discuss Azurity's discovery obligations at another time. Please propose a date for that meeting.

Best,
Alex

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Friday, March 24, 2023 3:19 PM

**To:** Poonai, Alexander <apoonai@wsgr.com>; Kaufman, Granville <gkaufman@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - lshannon@taftlaw.com

---

Alex,

Thanks for proposing a time to meet and confer.  By "these issues," presumably you include Azurity's failure to supplement its responses to Bionpharma's first sets of discovery requests, which we served over a year ago and include Bionpharma's antitrust discovery requests, as explained in, *e.g.*, my Feb. 21, 2023 letter.  As we've explained in the past, we need those supplemented responses in order to know whether and to what extent a dispute exists between the parties concerning the antitrust discovery that Bionpharma seeks from Azurity; in other words, we need your supplementation before any meet and confer in order to ensure that our meet and confer can be fruitful.  **Can you commit to providing those supplemented discovery request responses (including any supplemented interrogatory responses noted in my March 22, 2023 letter) before March 28?**

Best regards,
Luke

---

**From:** Poonai, Alexander <apoonai@wsgr.com>
**Sent:** Thursday, March 23, 2023 4:32 PM
**To:** Shannon, Luke T. <LShannon@taftlaw.com>; Kaufman, Granville <gkaufman@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann <BChard@morrisnichols.com>
**Cc:** Alul, Andrew M. <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Johnson, Aaron <AJohnson@Taftlaw.com>; Christopher Kelly <cjkelly@mayerbrown.com>; Jack Phillips <JCP@PMHDELaw.com>; Megan Haney <mch@PMHDELaw.com>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Luke,

We would like to meet and confer on these issues. We are available Tuesday, March 28 between 9:30 AM ET and 12 PM ET. We will send a calendar invite, and if you are not available, please propose another time.

Best,
Alex

---

**From:** Shannon, Luke T. <LShannon@taftlaw.com>
**Sent:** Wednesday, March 22, 2023 10:49 AM
**To:** Kaufman, Granville <gkaufman@wsgr.com>; Poonai, Alexander <apoonai@wsgr.com>; WSGR - Silvergate - Bionpharma <silvergate_bionpharma@wsgr.com>; MNAT Internal <56518-0002.wilm@wcs.mnat.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Chard, Beth Ann

<[BChard@morrisnichols.com](mailto:BChard@morrisnichols.com)>
**Cc:** Alul, Andrew M. <[AAlul@taftlaw.com](mailto:AAlul@taftlaw.com)>; Shrestha, Roshan P. <[rshrestha@taftlaw.com](mailto:rshrestha@taftlaw.com)>; Johnson, Aaron <[AJohnson@Taftlaw.com](mailto:AJohnson@Taftlaw.com)>; Christopher Kelly <[cjkelly@mayerbrown.com](mailto:cjkelly@mayerbrown.com)>; Jack Phillips <[JCP@PMHDELaw.com](mailto:JCP@PMHDELaw.com)>; Megan Haney <[mch@PMHDELaw.com](mailto:mch@PMHDELaw.com)>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - [lshannon@taftlaw.com](mailto:lshannon@taftlaw.com)

Counsel,

Please see the attached.

Best regards,
Luke

**From:** Kaufman, Granville <[gkaufman@wsgr.com](mailto:gkaufman@wsgr.com)>
**Sent:** Tuesday, March 7, 2023 8:36 PM
**To:** Shannon, Luke T. <[LShannon@taftlaw.com](mailto:LShannon@taftlaw.com)>; WSGR - Silvergate - Bionpharma <[silvergate_bionpharma@wsgr.com](mailto:silvergate_bionpharma@wsgr.com)>; MNAT Internal <[56518-0002.wilm@wcs.mnat.com](mailto:56518-0002.wilm@wcs.mnat.com)>; Dellinger, Megan E. <[mdellinger@morrisnichols.com](mailto:mdellinger@morrisnichols.com)>; Blumenfeld, Jack <[JBlumenfeld@morrisnichols.com](mailto:JBlumenfeld@morrisnichols.com)>; Chard, Beth Ann <[BChard@morrisnichols.com](mailto:BChard@morrisnichols.com)>
**Cc:** Alul, Andrew M. <[AAlul@taftlaw.com](mailto:AAlul@taftlaw.com)>; Shrestha, Roshan P. <[rshrestha@taftlaw.com](mailto:rshrestha@taftlaw.com)>; Johnson, Aaron <[AJohnson@Taftlaw.com](mailto:AJohnson@Taftlaw.com)>; Christopher Kelly <[cjkelly@mayerbrown.com](mailto:cjkelly@mayerbrown.com)>; Jack Phillips <[JCP@PMHDELaw.com](mailto:JCP@PMHDELaw.com)>; Megan Haney <[mch@PMHDELaw.com](mailto:mch@PMHDELaw.com)>
**Subject:** RE: Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

Counsel,

Please see the attached correspondence.

Regards,

**Granville Clay Kaufman| Associate | Wilson Sonsini Goodrich & Rosati, Professional Corporation**
12235 El Camino Real | San Diego, CA 92130 | T: 213-369-3593 | [gkaufman@wsgr.com](mailto:gkaufman@wsgr.com) | [www.wsgr.com](http://www.wsgr.com)

**From:** Shannon, Luke T. <[LShannon@taftlaw.com](mailto:LShannon@taftlaw.com)>
**Sent:** Friday, February 24, 2023 2:30 PM
**To:** Kaufman, Granville <[gkaufman@wsgr.com](mailto:gkaufman@wsgr.com)>; WSGR - Silvergate - Bionpharma <[silvergate_bionpharma@wsgr.com](mailto:silvergate_bionpharma@wsgr.com)>; MNAT Internal <[56518-0002.wilm@wcs.mnat.com](mailto:56518-0002.wilm@wcs.mnat.com)>; Dellinger, Megan E. <[mdellinger@morrisnichols.com](mailto:mdellinger@morrisnichols.com)>; Blumenfeld, Jack <[JBlumenfeld@morrisnichols.com](mailto:JBlumenfeld@morrisnichols.com)>; Chard, Beth Ann <[BChard@morrisnichols.com](mailto:BChard@morrisnichols.com)>
**Cc:** Alul, Andrew M. <[AAlul@taftlaw.com](mailto:AAlul@taftlaw.com)>; Shrestha, Roshan P. <[rshrestha@taftlaw.com](mailto:rshrestha@taftlaw.com)>; Johnson, Aaron <[AJohnson@Taftlaw.com](mailto:AJohnson@Taftlaw.com)>; Christopher Kelly <[cjkelly@mayerbrown.com](mailto:cjkelly@mayerbrown.com)>; Jack Phillips <[JCP@PMHDELaw.com](mailto:JCP@PMHDELaw.com)>; Megan Haney <[mch@PMHDELaw.com](mailto:mch@PMHDELaw.com)>
**Subject:** Azurity v. Bionpharma, Nos. 21-1286, 21-1455 (D. Del.): Production Deficiencies

EXT - [lshannon@taftlaw.com](mailto:lshannon@taftlaw.com)

Granville,

Please see the attached.

Best regards,
Luke



**Luke T. Shannon**
Of Counsel
LShannon@taftlaw.com
Dir: 312.836.4115
Tel: 312.527.4000  |  Fax: 312.527.4011
111 E. Wacker Drive, Suite 2600
Chicago, Illinois 60601-4208

**taftlaw.com**

Jaffe has joined Taft. Now over 800 attorneys strong.
Learn more **here.**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by

others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

# EXHIBIT 6

# Exhibit B

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

BIONPHARMA INC.,
            Plaintiff,

v.                                                      Case No. 1:21-CV-10656-JGK

CORERX, INC.,
                Defendant.

## DECLARATION OF VERN DAVENPORT

I, Vern Davenport, state the following under penalty of perjury:

1.      I am a member of the board of directors of CoreRx, Inc. ("CoreRx").  I joined the
CoreRx Board subsequent to an acquisition of the majority of the stock of CoreRx by a fund
affiliated with NovaQuest Capital Management in January 2021.

2.      I am a member of the board of directors of Azurity Pharmaceuticals, Inc.
("Azurity").

3.      I have not been, and am not currently, involved in the daily management of CoreRx
or Azurity.  I did not make any decision about or provide any recommendation related to whether
CoreRx should or should not (a) manufacture enalapril maleate oral liquid solution for, (b) sell
enalapril maleate oral liquid solution to, or (c) stop manufacturing and selling enalapril maleate
oral liquid solution for and to Bionpharma Inc. ("Bionpharma").

4.      I had no advance knowledge that Azurity was planning to file any lawsuit against
CoreRx.  I did not learn about the lawsuit filed by Azurity against CoreRx in October 2021 until
after Azurity filed the lawsuit.  I did not learn about the lawsuit filed by Azurity against CoreRx
in April 2022 until after Azurity filed the lawsuit.

5.      After Azurity filed its lawsuit against CoreRx in October 2021, I discussed with

1

another CoreRx board member named Jeff Edwards that we should not be involved in decisions related to the lawsuit filed by Azurity because we were directors for both CoreRx and Azurity. We decided that CoreRx's CEO, Ajay Damani, should proceed in the manner that he thought would be in the best interest of CoreRx. I do not remember whether I informed Mr. Damani of that decision or if Mr. Edwards had that discussion with Mr. Damani.

6.      I did not have anything to do with CoreRx's decision to enter the November 24, 2021 Settlement Agreement between CoreRx and Azurity and did not have anything to do with determining the terms of the November 24, 2021 Settlement Agreement between CoreRx and Azurity. I did not discuss with anyone from CoreRx whether CoreRx should or should not settle with Azurity or the terms of any potential settlement. I did not know CoreRx and Azurity planned to enter a settlement agreement with each other until after they entered the November 24, 2021 Settlement Agreement.

7.      In order to perform my duties as a board member of CoreRx, CoreRx's management, including Ajay Damani, provides me with information regarding the status of the company. From the time when Mr. Damani was named as CEO of CoreRx until today, I do not believe I have any knowledge regarding CoreRx that Mr. Damani does not also possess.

8.      I serve as one of five partners at QHP Capital ("QHP"), formerly part of NovaQuest Capital Management. I am one of the people in charge of transaction origination and execution and investment policy for QHP. I sit on the Private Equity Investment Committee for QHP. It would be burdensome both for me personally and for QHP for me to prepare for and attend a deposition in this action.

9.      I reside in and my office is in North Carolina.

2

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January  27  , 2023.

Vern Davenport (Jan 27, 2023 14:46 EST)

Vern Davenport

# EXHIBIT 7

# Exhibit C

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

BIONPHARMA INC.,
               Plaintiff,

v.                                  Case No. 1:21-CV-10656-JGK

CORERX, INC.,
               Defendant.

### DECLARATION OF JEFF EDWARDS

I, Jeff Edwards, state the following under penalty of perjury:

1.    I am a member of the board of directors of CoreRx, Inc. ("CoreRx"). I joined the CoreRx Board subsequent to an acquisition of the majority of the stock of CoreRx by a fund affiliated with NovaQuest Capital Management in January 2021.

2.    I am a member of the board of directors of Azurity Pharmaceuticals, Inc. ("Azurity").

3.    I have not been, and am not currently, involved in the daily management of CoreRx or Azurity. I did not make any decision about or provide any recommendation related to whether CoreRx should or should not (a) manufacture enalapril maleate oral liquid solution for, (b) sell enalapril maleate oral liquid solution to, or (c) stop manufacturing and selling enalapril maleate oral liquid solution for and to Bionpharma Inc. ("Bionpharma").

4.    I had no advance knowledge that Azurity was planning to file any lawsuit against CoreRx. I did not learn about the lawsuit that I am told was filed by Azurity against CoreRx in October 2021 before it was filed. I did not learn about the lawsuit that I am told was filed by Azurity against CoreRx in April 2022 before it was filed.

5.    After Azurity filed its lawsuit against CoreRx in October 2021, CoreRx's CEO,

1

Ajay Damani, asked me what he should do in response to the lawsuit. I informed Mr. Damani that because I was a member of the boards of both CoreRx and Azurity, I could not be involved in any way with the lawsuit. I recommended that Mr. Damani proceed as CEO in the manner that he thought would be in the best interest of CoreRx.

6.     I did not have anything to do with CoreRx's decision to enter the November 24, 2021 Settlement Agreement between CoreRx and Azurity and did not have anything to do with determining the terms of the November 24, 2021 Settlement Agreement between CoreRx and Azurity. I did not discuss with anyone from CoreRx whether CoreRx should or should not settle with Azurity or the terms of any potential settlement. I did not know CoreRx and Azurity were going to enter a settlement agreement with each other until after they entered the November 24, 2021 Settlement Agreement.

7.     In order to perform my duties as a board member of CoreRx, CoreRx's management, including Ajay Damani, provides me with information regarding the company. From the time when Mr. Damani was named as CEO of CoreRx until today, I do not believe I have any knowledge regarding CoreRx that Mr. Damani does not also possess.

8.     I am one of five partners at QHP Capital ("QHP"), formerly part of NovaQuest Capital Management. I am one of the people in charge of transaction origination and execution, investment policy, and investor relations for QHP. I sit on the Private Equity Investment Committee for QHP. It would be burdensome both for me personally and for QHP for me to

2

prepare for and attend a deposition in this action.

9. I reside in and my office is in North Carolina.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 27, 2023.

Jeff Edwards

3

# EXHIBIT 8

REDACTED
IN ITS
ENTIRETY

# EXHIBIT 9

FILED UNDER SEAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BIONPHARMA INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:21-cv-10656-JGK |
| | ) | |
| v. | ) | **FILED UNDER SEAL** |
| | ) | |
| CORERX, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DECLARATION OF AMIT M. PATEL IN SUPPORT OF
AZURITY PHARMACEUTICALS, INC.'S MOTION TO INTERVENE TO MOVE FOR
RECONSIDERATION OF OR APPEAL ORDER GRANTING INJUNCTIVE RELIEF**

I, Amit M. Patel, declare as follows:

1.      I am currently the Chairman and Chief Executive Officer ("CEO") for Azurity Pharmaceuticals, Inc. ("Azurity"). Silvergate Pharmaceuticals, Inc. ("Silvergate") is wholly owned by Azurity. I refer to both collectively as "Azurity" in my declaration. My responsibilities include overseeing Azurity's development, operational, commercial, and corporate functions, and guiding product strategy for the company's portfolio (including Epaned®).

2.      I have been the CEO of Azurity since January 2020. I have been a member of the Board of Directors of Azurity since 2018.

3.      I have over twenty years of healthcare industry experience, including as Senior Vice President ("SVP") and President of Dosage Form Solutions at Capsugel, a company that provided products and services to pharmaceutical and nutritional companies, and as Executive Vice President and Head, North America, and SVP and Head, Global Corporate Development & Strategic Planning, at Dr. Reddy's Laboratories, Inc., a publicly-traded, global specialty-generic pharmaceutical company.

1

**FILED UNDER SEAL**

4.     In my role as CEO for Azurity, ████████████████████████████

███████████████████████████████████████████████████████████ █

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████

5.     I provide the facts set forth in this declaration based on my personal knowledge and, if called as a witness, I would be able to testify to those facts.

**I.     AZURITY AND EPANED®**

6.     Azurity is a specialty pharmaceutical drug company focused on developing medication for underserved populations, namely pediatric and elderly patients.  ████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████

7.     Azurity's Epaned® is an easy-to-swallow, enalapril liquid medication indicated for the treatment of hypertension, heart failure, and left ventricular dysfunction ("LVD") that is especially well-suited for pediatric and elderly patients.  Epaned® has been a brand and product many years in the making.  ████████████████████████████████████████

██████████████████████ Epaned® represents Azurity's unique solution to the decades-old "pill burden" associated with oral administration of solid enalapril tablets as well as the patient safety concerns that arise from compounding such oral tablets into solution.  In fact, it was the first FDA-approved ready-to-use enalapril solution.

FILED UNDER SEAL

8. 

9. Azurity owns several patents directed to stable oral liquid formulations of enalapril. These include U.S. Patent Nos. 9,669,008, 9,808,442, 10,039,745, 10,154,987, 10,772,868, 10,786,482, 10,799,476, 10,918,621, 11,040,023, 11,141,405, and 11,173,141.

## II.    BIONPHARMA'S ABBREVIATED NEW DRUG APPLICATION & CORERX

10.    Bionpharma Inc. ("Bionpharma") filed an Abbreviated New Drug Application ("ANDA") No. 212408, which is for a generic enalapril oral solution product to Azurity's Epaned®. While Bionpharma's ANDA was pending at FDA, Azurity sued Bionpharma for patent infringement by its generic drug product of several of the patents I identified above. Later, after additional patents issued, Azurity brought additional suits for Bionpharma's infringement of the newly obtained patents. Litigation concerning Bionpharma's infringement is ongoing.

11.    Following Bionpharma's sale of its ANDA product that was manufactured and supplied by CoreRx Inc. ("CoreRx"), Azurity sued CoreRx for patent infringement based on that manufacture and supply. Azurity sued CoreRx where it is located (M.D. Fla.) and where the rest of the dispute was already being litigated (D. Delaware). Azurity and CoreRx were able to negotiate a settlement between the parties for CoreRx's infringement and entered into a Litigation Settlement Agreement on November 24, 2021. Ex.[1] 7.

---

[1] Ex. refers to Exhibits in the Eli B. Richlin Declaration accompany this Declaration.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████

12.     I understand that Bionpharma has speculated that NovaQuest Capital Management L.L.C. ("Novaquest") participated in a strategy relating to Azurity's litigations against CoreRx and the settlement thereof.  That is not true.  Novaquest was not involved in Azurity's decision to initiate litigation against CoreRx and took no positions on whether the companies pursued or reached settlement.  Moreover, Bionpharma has speculated that CoreRx and Azurity are somehow working in collusion to protect one-another's interests. This is absolutely false – both parties are only looking towards their own interests.

13.     At this time, Azurity has not yet fully calculated its damages due to CoreRx's infringement prior to the date of the CoreRx Litigation Settlement Agreement.   Neither Bionpharma nor CoreRx have provided their sales records to-date ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

**FILED UNDER SEAL**

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████

14.     I understand that Bionpharma has asked this Court to order CoreRx to manufacture and supply 18,000 units for Bionpharma.  ████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████  ███████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████

15.     Azurity has also asserted and would continue to assert that the infringement has been willful and would continue to be, if resumed.  Under applicable law, a Court is likely to multiply damages up to three-times for willful infringement.  Three-times the damages amounts roughly estimated above ████████████████████████████████████

**FILED UNDER SEAL**

████████████████████████████████████████████████████████

████████████████████

### III.    IMPACT OF BIONPHARMA'S AT-RISK GENERIC LAUNCH

16.    Bionpharma launched its generic oral solution product to Azurity's Epaned® on or about August 16, 2021. ██████████████ ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████

17.    Because Bionpharma is no longer being supplied its generic version of enalapril maleate and barring any resumption of Bionpharma's supply or entry of another generic competitor, ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████

18.    ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████ ██████████████████████████ ██████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

**FILED UNDER SEAL**



**FILED UNDER SEAL**

22. 

23.

**FILED UNDER SEAL**

████████████████████████████ █████████████████████████████

███████

24.    Even if Azurity is able to secure a damages judgment for the infringement of its patents by Bionpharma's generic product, I have concern that Azurity would be able to collect that judgment from either Bionpharma or CoreRx.  I understand that CoreRx has represented that it would be unable to pay such damages and doubts Bionpharma's ability to indemnify it for the same, and damages would be significant.  ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

25.    ███████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

 2/2/2022
Date

Signature