# EXHIBIT 1

# NORTON ROSE FULBRIGHT

June 1, 2023

**VIA E-MAIL**
Brian P. Murray
Holland & Knight LLP
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60606

Jeffrey C. Bank
Wilson, Sonsini, Goodrich & Rosati
1700 K Street NW, Fifth Floor
Washington, D.C. 20006

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York  10019-6022
United States

**Mark A. Robertson**
**Partner**
Direct line +1 212 318 3304
Mark.robertson@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400
nortonrosefulbright.com

Re:  *Bionpharma Inc. v. CoreRx, Inc.*, Case No. 1:21-cv-10656-JGK-VF (S.D.N.Y.)
<u>*Azurity Pharms., Inc. v. Bionpharma Inc.*, C.A. Nos. 21-1286 and C.A. 21-1455 (D.Del.)</u>

Dear Brian and Jeff:

I write in response to Brian's letter dated May 25, 2023, in which he informed CoreRx that in the lawsuits styled *Azurity Pharms., Inc. v. Bionpharma Inc.*, numbered C.A. No. 21-1286 and C.A. No. 21-1455, pending in the United States District Court for the District of Delaware (together, the "*Azurity v. Bionpharma* Lawsuits"), Azurity is "seeking production of the deposition transcripts, hearing transcripts, and expert reports" from *Bionpharma Inc. v. CoreRx, Inc.*, Case No. 1:21-cv-10656-JGK-VF (S.D.N.Y.), which may contain confidential information from CoreRx.

As long as the deposition transcripts, hearing transcripts, and expert reports are produced in the *Azurity v. Bionpharma* Lawsuits under the protective orders in place in those cases and as long as the documents that may contain CoreRx's confidential information are produced with a designation at the same or a higher level of protection as the designation they have under the protective order in *Bionpharma v. CoreRx*, CoreRx does not object to Bionpharma's production of CoreRx's confidential information described above in the *Azurity v. Bionpharma* Lawsuits.

You are authorized to inform the Court during your June 5, 2023 conference in the *Azurity v. Bionpharma* Lawsuits of CoreRx's position.

Should you have any questions, please let me know.

Sincerely,

Mark Robertson

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

# EXHIBIT 2

| Query | Reports | Utilities | Help | Log Out |

Multi-Media Docs,PATENT

# U.S. District Court
## District of Delaware (Wilmington)
### CIVIL DOCKET FOR CASE #: 1:19-cv-02103-MN

| | |
|---|---|
| The United States of America v. Gilead Sciences, Inc. et al | Date Filed: 11/06/2019 |
| Assigned to: Judge Maryellen Noreika | Jury Demand: Plaintiff |
| Cause: 35:271 Patent Infringement | Nature of Suit: 830 Patent |
| | Jurisdiction: U.S. Government Plaintiff |

**Plaintiff**

**The United States of America**   represented by   **Lena A. Yueh**
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530
404-639-7122
Email: osh6@cdc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amanda Katherine Kelly**
DOJ-Civ
1100 L St. NW
Ste 8512
Washington DC, DC 20005
202-532-5026
Email: amanda.k.kelly@usdoj.gov
*TERMINATED: 10/05/2022*
*ATTORNEY TO BE NOTICED*

**Andy J. Miller**
Office of the General Counsel
U.S. Department of Health and Human Services
233 N. Michigan Avenue
Suite 700
Chicago, IL 60601
(312) 886-3603
Email: andy.miller@hhs.gov
*TERMINATED: 03/17/2022*
*PRO HAC VICE*

**Carrie Rosato**
DOJ-Civ
1100 L St. NW
Washington, DC 20005
202-307-0415

| | | |
|---|---|---|
| 12/13/2021 | 238 | NOTICE OF SERVICE of Final Invalidity Contentions filed by Gilead Sciences Ireland UC, Gilead Sciences, Inc..(Ewing, Alexandra) (Entered: 12/13/2021) |
| 12/16/2021 | 239 | NOTICE of Subpoena to FHI360 by Gilead Sciences Ireland UC, Gilead Sciences, Inc. (Attachments: # 1 Exhibit 1)(Ewing, Alexandra) (Entered: 12/16/2021) |
| 12/16/2021 | 240 | STIPULATION TO EXTEND TIME to submit a Redacted Public Version of the United States of America's Letter to the Honorable Christopher J. Burke re Discovery Dispute to December 23, 2021 - filed by Gilead Sciences Ireland UC, Gilead Sciences, Inc.. (Ewing, Alexandra) (Entered: 12/16/2021) |
| 12/16/2021 | | SO ORDERED D.I. 240 STIPULATION TO EXTEND TIME to submit a Redacted Public Version of the United States of America's Letter to the Honorable Christopher J. Burke re Discovery Dispute to December 23, 2021 filed by Gilead Sciences, Inc., Gilead Sciences Ireland UC. Ordered by Judge Christopher J. Burke on 12/16/2021. (mlc) (Entered: 12/16/2021) |
| 12/16/2021 | 241 | [SEALED] Letter to Honorable Christopher J. Burke from United States regarding Opposing Defendant's Request For a Protective Order to Quash the Deposition Notice of Mr. Daniel O'Day - re 232 Letter,. (Attachments: # 1 Exhibits A to K, # 2 Certificate of Service)(Anis, Shamoor) (Entered: 12/16/2021) |
| 12/16/2021 | 242 | [SEALED] Letter to The Honorable Christopher J. Burke from Frederick L. Cottrell regarding Opposition to Government's Motion to Compel - re 232 Letter,. (Attachments: # 1 Exhibits A-T)(Cottrell, Frederick) (Entered: 12/16/2021) |
| 12/17/2021 | 243 | NOTICE to Take Deposition of Jeremiah Mitzelfelt on January 7, 2022 filed by Gilead Sciences Ireland UC, Gilead Sciences, Inc..(Ewing, Alexandra) (Entered: 12/17/2021) |
| 12/17/2021 | 244 | NOTICE of Subpoena to Irell & Manella LLP by The United States of America (Attachments: # 1 Exhibit 1)(Holvey, Patrick) (Entered: 12/17/2021) |
| 12/20/2021 | | Minute Entry for proceedings held before Judge Christopher J. Burke - Discovery dispute teleconference held on 12/20/2021. The Court heard the parties' arguments regarding the parties' Joint Motion for Teleconference to Resolve Discovery Dispute. (D.I. 227) After hearing the parties regarding the dispute, the Court resolved two issues on the record and as to those issues, the transcript shall serve as the substance of the Court's Order. The Court took the remaining matters under advisement and will issue a forthcoming order. (Court Reporter Stacy Ingram (Hawkins). Clerk: E. Bryant-Alvarez) APPEARANCES: S. Anis, W. Brown, P. Holvey, and C. Rosato for Plaintiff; F. Cottrell, III, K. Farnan, R. Machen, D. Bassett, and J. Cox for Defendants. (mlc) (Entered: 12/20/2021) |
| 12/20/2021 | 245 | NOTICE of Appearance by Lucy Grace D. Noyola on behalf of The United States of America (Noyola, Lucy Grace) (Entered: 12/20/2021) |
| 12/21/2021 | 246 | NOTICE of Appearance by Matthew David Tanner on behalf of The United States of America (Tanner, Matthew) (Entered: 12/21/2021) |
| 12/21/2021 | 247 | ORAL ORDER: The Court, having reviewed the parties' discovery dispute motion and briefing, (D.I. 227; D.I. 232-33; D.I. 241-42), which involved one dispute raised by Defendants and four disputes raised by Plaintiff ("the Government"), having heard argument during a teleconference on December 20, 2021 in which the Court resolved Defendants' dispute (by GRANTING the requested protective order) and resolved one of the four disputes raised by the Government (by GRANTING its request for discovery relating to Defendant GSIUC), hereby ORDERS as follows with regard to the Government's three remaining disputes: (1) With regard to the request that Defendants produce documents responsive to RFP No. 222 (relating to manufacturing costs and other factors considered by Gilead in determining the initial price of Truvada in 2004), the |

request is DENIED. The Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") (the "Default Standard") sets a presumption that discovery from six years or more before the case's filing will not be permitted. Default Standard at Section 4(e) ("Absent a showing of good cause, follow-up discovery shall be limited to a term of 6 years before the filing of the complaint[.]"). Here, in the few sentences of argument on this point in its briefing, (D.I. 232 at 3), the Government does not provide enough information to establish the requisite good cause. During the teleconference, the Government suggested that good cause was established because it was only in 2004, and at no time thereafter, that Defendants had extensive discussions relating to the factors contributing to Truvada pricing decisions. However, that assertion is merely attorney argument, as there is no record evidence before the Court supporting such a conclusion.; (2) With regard to the Government's request that Defendants produce documents responsive to RFP No. 263 (relating to meetings of Gilead's Board of Directors ("Board") or Executive Committee ("EC") that discussed pricing of Truvada for PrEP or Descovy for PreEP or the patents-in-suit from 2007 to present), the request is GRANTED-IN-PART and DENIED-IN-PART. First, to the extent that the Request calls for documents from prior to six years before this suit's filing, for reasons set out above, the Government has not sufficiently demonstrated why it is entitled to such documents. Next, as to documents dating from six years prior to suit and thereafter, the Government provided various articulations as to why such documents might be relevant (i.e., that they are "crucial to understanding Gilead's decision making as it relates to the pricing and sales of the Accused Products for PrEP, Gilead's awareness of the Patents-in-Suit, Gileads decision to file IPR petitions on the Patents-in-Suit, and Gilead's decision to file suit in the Court of Federal Claims"). (D.I. 232 at 3) But as to all of those issues with the exception of pricing, Defendants proffered a declaration indicating that review of an exemplary set of such documents indicates that there are not likely to be any or many non-privileged responsive materials. (D.I. 242, ex. A at para. 10) That leaves the issue of Board/EC meeting documents that relate to pricing; on that front, the Court is not prepared for say (as Defendants would like it to) that such documents are necessarily irrelevant to damages-related issues, such as the calculation of a reasonable royalty. And Defendants do not represent that the Board/EC never received presentations on this topic (indeed, it seems reasonable to the Court that they would have). Therefore, as to this RFP, the Court ORDERS that Defendants should produce responsive documents regarding pricing within the six-year cut off set by the Default Standard, and should do so in a reasonable time period.; and (3) Lastly, with regard to the Government's request that Defendants perform targeted searches for documents from three additional ESI custodians (Daniel O'Day, Dr. Terrance Dahl, and Traci Carrithers), the request is GRANTED-IN-PART and DENIED-IN-PART. As an initial matter, the Court notes that the Default Standard provides that a party must search the ESI of up to 10 custodians, Default Standard at Section 3(a) & 5(b), and Defendants have already done so, (D.I. 242 at 2). So Plaintiff must show good cause as to why more should be required. As to Mr. O'Day, for the reasons the Court expressed on the teleconference, it is skeptical that this witness has a significant amount of non-privileged responsive material. Thus, an insufficient showing has been made to add him as a custodian at this time. With regard to Dr. Dahl, although the Government suggests that he should be added to the custodial list because Defendants rely "extensively" "in [their] invalidity contentions" on a piece of prior art as to which Dr. Dahl was the lead inventor, (D.I. 232 at 2), in reality, this reference is "not among the obvious combinations in Defendants final invalidity contentions[,]" (D.I. 242 at 3) and it is just one of many pieces of prior art referenced in those contentions. Thus, good cause has not been shown here either. As to Ms. Carrithers, it is undisputed that she is included on very relevant communications regarding, inter alia, certain material transfer agreements at issue in this case. (D.I. 232 at 2) Defendants argue that there is nevertheless no need to add Ms. Carrithers as a custodian because she was the assistant to one of their 10 custodians (Dr. Bischofberger), and because it is likely that most or all of the

| | | |
|---|---|---|
| | | responsive documents in her possession would be cumulative of others already produced. (D.I. 242 at 3) But Defendants bore the burden to demonstrate the likely accuracy of this assertion, and the Court simply does not have the record to conclude that a great deal of such relevant documents in Ms. Carrithers' custody would be cumulative. Therefore, it ORDERS that documents responsive to RFP No. 221 that are in her custody be produced in a reasonable time period.Ordered by Judge Christopher J. Burke on 12/21/2021. (mlc) (Entered: 12/21/2021) |
| 12/21/2021 | 248 | MOTION for Pro Hac Vice Appearance of Attorney Scott G. Greene - filed by Gilead Sciences Ireland UC, Gilead Sciences, Inc.. (Ewing, Alexandra) (Entered: 12/21/2021) |
| 12/22/2021 | | SO ORDERED re 248 MOTION for Pro Hac Vice Appearance of Attorney Scott G. Greene filed by Gilead Sciences, Inc., Gilead Sciences Ireland UC. ORDERED by Judge Maryellen Noreika on 12/22/2021. (dlw) (Entered: 12/22/2021) |
| 12/22/2021 | 249 | NOTICE OF SERVICE of (1) Defendants' Sixth Set of Interrogatories to the United States of America and (2) Defendants' Fourth Set of Requests for Admission to Plaintiff filed by Gilead Sciences Ireland UC, Gilead Sciences, Inc..(Ewing, Alexandra) (Entered: 12/22/2021) |
| 12/23/2021 | 250 | REDACTED VERSION of 232 Letter, by The United States of America. (Attachments: # 1 Exhibit Redacted)(Anis, Shamoor) (Entered: 12/23/2021) |
| 12/23/2021 | 251 | REDACTED VERSION of 241 Letter, by The United States of America. (Attachments: # 1 Exhibit Redacted)(Anis, Shamoor) (Entered: 12/23/2021) |
| 12/23/2021 | 252 | REDACTED VERSION of 242 Letter by Gilead Sciences Ireland UC, Gilead Sciences, Inc.. (Attachments: # 1 Exhibit A-T)(Cottrell, Frederick) (Entered: 12/23/2021) |
| 12/27/2021 | 253 | NOTICE of Subpoena to Michael Hitchcock, PhD by The United States of America (Attachments: # 1 Exhibit 1 & 2)(Holvey, Patrick) (Entered: 12/27/2021) |
| 12/27/2021 | | Pro Hac Vice Attorney Scott G. Greene for Gilead Sciences Ireland UC, and Gilead Sciences, Inc. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (apk) (Entered: 12/27/2021) |
| 12/30/2021 | 254 | NOTICE to Take Deposition of Sukeethi Seetharaman on January 12, 2022, filed by The United States of America.(Holvey, Patrick) (Entered: 12/30/2021) |
| 12/30/2021 | 255 | NOTICE to Take Deposition of Stefania Attard on January 11, 2022, filed by The United States of America.(Holvey, Patrick) (Entered: 12/30/2021) |
| 12/30/2021 | 256 | NOTICE to Take Deposition of Melissa Koomey on January 6, 2022, filed by The United States of America.(Holvey, Patrick) (Entered: 12/30/2021) |
| 12/30/2021 | 257 | NOTICE of Subpoena to Dana Pizzuti by The United States of America (Attachments: # 1 Exhibit 1)(Holvey, Patrick) (Entered: 12/30/2021) |
| 01/03/2022 | 258 | NOTICE of Appearance of Andy J. Miller by The United States of America (Holvey, Patrick) (Entered: 01/03/2022) |
| 01/10/2022 | 259 | ORAL ORDER - Consistent with the Scheduling Order, the parties contacted Chambers on 1/7/2022 to request a discovery dispute teleconference date, IT IS HEREBY ORDERED that the discovery disputes referenced in the parties' 1/7/2022 email to Chambers are referred to Magistrate Judge Burke. The parties are directed to file Magistrate Judge Burke's "Motion to Resolve Discovery Dispute" which can be found at https://www.ded.uscourts.gov/judge/magistrate-judge-christopher-j-burke, forms. ORDERED by Judge Maryellen Noreika on 1/10/2022. (dlw) (Entered: 01/10/2022) |

# EXHIBIT 3

Query    Reports    Utilities    Help    Log Out

DISCOVERY-CJB,PATENT

# U.S. District Court
## District of Delaware (Wilmington)
### CIVIL DOCKET FOR CASE #: 1:19-cv-00444-CFC-CJB

| | |
|---|---|
| BioDelivery Sciences International, Inc. et al v. Chemo Research, S.L. et al | Date Filed: 03/01/2019 |
| Assigned to: Judge Colm F. Connolly | Jury Demand: None |
| Referred to: Judge Christopher J. Burke | Nature of Suit: 835 Patent - Abbreviated New Drug Application(ANDA) |
| Related Cases: 1:16-cv-00175-GMS | Jurisdiction: Federal Question |
| 1:16-cv-01303-GMS | |
| 1:17-cv-00118-GMS | |
| 1:17-cv-00282-GMS | |
| 1:18-cv-01395-CFC-CJB | |
| 1:22-cv-01196-CFC | |
| Cause: 35:271 Patent Infringement | |

**Plaintiff**

**BioDelivery Sciences International, Inc.**          represented by    **Jack B. Blumenfeld**
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
Email: Jbbefiling@mnat.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bonnie Fletcher Price**
Email: bfletcherprice@cooley.com
*TERMINATED: 08/24/2022*
*PRO HAC VICE*

**Charles E. Lipsey**
Email: charles.lipsey@finnegan.com
*TERMINATED: 10/13/2021*
*PRO HAC VICE*

**Daniel G. Chung**
Email: daniel.chung@finnegan.com
*TERMINATED: 10/13/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniele San Roman**
Email: Daniele.SanRoman@finnegan.com
*TERMINATED: 09/29/2021*
*PRO HAC VICE*

| | | |
|---|---|---|
| 01/27/2020 | 144 | ORAL ORDER: The Court, having reviewed the Alvogen Defendants' January 24, 2020 letter, (D.I. 115 in Civil Action No. 18-1395-CFC-CJB), concerning the January 27, 2020 discovery dispute teleconference in Civil Action No. 19-444-CFC-CJB (the "Teleconference"), hereby GRANTS the Alvogen Defendants' request to participate in the Teleconference. The Alvogen Defendants shall coordinate with the parties to Civil Action No. 19-444-CFC-CJB regarding dial-in information and procedures to facilitate participation in the Teleconference. Ordered by Judge Christopher J. Burke on 1/27/2020. (dlb) (Entered: 01/27/2020) |
| 01/27/2020 | | Minute Entry for proceedings held before Judge Christopher J. Burke - Discovery dispute teleconference held on 1/27/2020. The Court heard arguments from both parties regarding their Motion for Teleconference to Resolve Discovery Disputes. (D.I. 124) The Court took the matters under advisement. (Court Reporter Valerie Gunning. Clerk: A. Schwerin) APPEARANCES: J. Tigan, H. Levine, J. Hasford for Plaintiffs; A. Gaza, S. Wilson for Defendants, A. LaRock, C. Wysocki for Defendants Chemo Research, S.L. and Insud Pharma S.L.U.; G. Godfrey for Defendants IntelGenx Corp. and IntelGenx Technologies Corp; D. Gattuso and S. Sklar for nonparties Alvogen Defendants. (mlc) (Entered: 01/30/2020) |
| 01/29/2020 | 145 | REDACTED VERSION of 133 Opening Brief in Support, by Arius Two, Inc., BioDelivery Sciences International, Inc.. (Tigan, Jeremy) (Entered: 01/29/2020) |
| 01/30/2020 | 146 | ORAL ORDER: The Court, having reviewed Defendants' discovery dispute motion, (D.I. 124 ), and the parties' letter briefs, (D.I. 127, 135), and having heard oral argument, HEREBY ORDERS as follows with regard to Defendants' assertion that Plaintiffs failed to comply with the Default Standard, (D.I. 127 at 1; D.I. 135 at 1-2): (1) The Court does not agree that Plaintiffs' failure to list the inventors in their Paragraph 3 Disclosures was a violation of the Default Standard, as the inventors do not appear to meet the definition of "Custodians" under Paragraph 3(a). (D.I. 135 at 1); (2) To the extent that Defendants complain that Plaintiffs listed only three custodians, the Court does not have a basis to find that this violates the Default Standard. This is because Paragraph 3(a) does not require a party to list 10 custodians if fewer than that number of persons associated with the party's case actually meet Paragraph 3(a)'s definition of "Custodian[]." Indeed, the Court understands that the respective Defendants here have designated far fewer than 10 custodians. And the Court has no basis to believe that Plaintiffs have failed to list persons who otherwise qualify under Paragraph 3(a)'s definition of a "Custodian[].";  (3) With regard to Defendants' complaint that they have not received e-mail from the three listed Paragraph 3 custodians, the Court understands that issue to be moot for now, as Plaintiffs have represented that they are searching for and producing such e-mail.; (4) And with regard to Defendants' request that Plaintiffs reveal their search terms and participate in the process described in Paragraph 5(b) of the Default Standard, the Court agrees with Plaintiffs that the parties seem to have previously understood and mutually agreed that they would not participate in the Paragraph 5(b) process in this case. After all, Defendants did not provide any of their search terms to Plaintiffs during the discovery period. (D.I. 135 at 1) At this time, after significant electronic document search efforts have already been completed, the Court will not order the parties to belatedly attempt the Paragraph 5(b) process. Moreover, Defendants have not yet made a sufficient case that Plaintiffs' actual production of documents is deficient (such that some late-in-the-game exchange of search terms or some additional searching is otherwise warranted).; (5) For these reasons, Defendants' motion in this regard is DENIED. Ordered by Judge Christopher J. Burke on 1/30/2020. (mlc) (Entered: 01/30/2020) |
| 01/30/2020 | 147 | ORAL ORDER: The Court, having reviewed Defendants' discovery dispute motion, (D.I. 124 ), and the parties' letter briefs, (D.I. 127, 135), and having heard oral argument, HEREBY ORDERS that with regard to the dispute about documents between Plaintiffs |